IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| COMMERCE BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06 CV 1103 |
| ) | |
| UNKNOWN OFFICERS ) | |
| ) | |
| Defendants. ) | |

### MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

NOW COMES plaintiff, COMMERCE BANK, N.A., administrator of the Estate of David Green, deceased, by its attorney, James P. Ginzkey, and respectfully moves this Court pursuant to Rule 15(a) for leave to file the attached Amended Complaint as a matter of course, and in support states:

1.  Plaintiff filed its Complaint at Law on April 19, 2006, naming as defendants "UNKNOWN OFFICERS, police officers of the Illinois State Police and the West Central Illinois Task Force, in their individual capacities."

2.  At the time of filing its complaint, plaintiff was unable to determine the identities of the officers involved in the occurrences described in plaintiff's complaint.

3.  Since that time, pursuant to a subpoena issued to the Office of the Fulton County States Attorney, plaintiff has obtained information which identifies the persons involved in the occurrence described in the complaint.

4.  Plaintiff's amended complaint seeks only to identity the party defendants by

name.

5. Rule 15(a) of the Rules of Civil Procedure allows a party to amend a pleading once as a matter of course, at any time before a responsive pleading is served.

6. Plaintiff's amended complaint is timely filed as a matter of course pursuant to Rule 15(a), as no responsive pleading has been filed and no defendant has yet entered his appearance.

WHEREFORE, plaintiff, COMMERCE BANK, N.A., administrator of the Estate of David Green, deceased, requests leave of this Court to file its Amended Complaint as a matter of course and for such additional relief as the Court finds equitable.

    Commerce Bank N.A., Plaintiff

    By: _____s/ James P. Ginzkey_____
        James P. Ginzkey
        Bar Number: 3124355
        Attorney for Plaintiff
        221 E. Washington St.
        Bloomington, Illinois  61701
        Telephone: (309)821-9707
        Fax: (309)821-9708
        E-mail: jim@jimginzkey.com

I:\CLIENTS\Green (Commerce Bank)\MotionLvFileAmendComp.wpd

E-FILED
Thursday, 01 June, 2006 02:45:20 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 CV 1103 |
| | ) | |
| MICHAEL WIDGER, BRIAN GRAY, | ) | TRIAL BY JURY DEMANDED |
| and CHRISTOPHER CARMICHAEL, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT**

Now comes plaintiff, COMMERCE BANK, N.A., administrator of the Estate of David Green, deceased, by its attorney, James P. Ginzkey, complaining of defendants, MICHAEL WIDGER, BRIAN GRAY, and CHRISTOPHER CARMICHAEL, in their individual capacities as follows:

**INTRODUCTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Illinois, against MICHAEL WIDGER, BRIAN GRAY, and CHRISTOPHER CARMICHAEL, police officers of the Illinois State Police, in their individual capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that defendants shot and killed David Green without legal cause or excuse

and made an unreasonable seizure of the person of David Green, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and assaulted and battered David Green.

## PARTIES

3. David Green was at all relevant times a resident of Fulton County in the Central District of Illinois.

4. Plaintiff, COMMERCE BANK, N.A., is the duly appointed administrator of the Estate of David Green, who died intestate with his only heirs being his minor daughters, Shelby Green and Chelsey Green.

5. On information and belief, defendants, MICHAEL WIDGER, BRIAN GRAY and CHRISTOPHER CARMICHAEL, were at all times relevant to this complaint duly appointed and acting officers of the Illinois State Police, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois.

## FACTS

6. In the early morning hours of June 23, 2005, David Green was alone in his residence which was then owned by one, Daniel Matheny, at 27368 E. Bird's Corner Rd. in Fulton County, Illinois.

7. At that time and place, defendants and other law enforcement officers attempted to serve a search warrant for marijuana plants.

8. At that time and place, defendants and other law enforcement officers battered open the front door to the residence that David Green was in, used a flash/bang device, and stormed the residence with assault rifles.

9. David Green was disoriented and cornered in an upstairs room of the residence where he was shot approximately 10 times and killed by MICHAEL WIDGER, BRIAN GRAY and CHRISTOPHER CARMICHAEL.

10. The defendants had no warrant for the arrest of David Green and no legal cause or excuse to fatally shoot David Green.

11. As a direct and proximate result of said acts of the defendant officers, David Green suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable seizure of his person;

   b. Loss of his life;

   c. Physical pain and suffering and emotional trauma and suffering;

12. Shelby Green and Chelsey Green suffered the untimely end of their relationship with their father, with the corresponding loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice.

13. The actions of the defendants violated the following clearly established and well settled federal constitutional rights of David Green:

    a.    Freedom from the unreasonable seizure of his person;

    b.    Freedom from the use of excessive, unreasonable and unjustified force against his person;

    c.    Freedom from unreasonable entry.

## COUNT I
(42 U.S.C. § 1983 - Wrongful Death)

14. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

15. Plaintiff claims damages for the wrongful death of David Green and for his daughters' loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and for funeral and burial expenses under 42 U.S.C. § 1983 and the Illinois Wrongful Death Act (740 ILCS 180/1).

## COUNT II
(42 U.S.C. § 1983 - Survival Action)

16. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

17. David Green was forced to endure great conscious pain and suffering before his death.

18. David Green filed no action during his lifetime, but under the laws of the State of Illinois this action survives and may be asserted by his Estate, pursuant to 755 ILCS 5/27-6.

19. Plaintiff claims damages for the conscious pain and suffering and necessary medical expenses incurred by David Green Under 42 U.S.C. § 1983.

## COUNT III
(42 U.S.C. § 1983 - Unreasonable Entry)

20. Paragraphs 1 through 13 are incorporated herein by reference as though full set forth.

21. Prior to battering open the front door to the residence and using the flash/bang device, defendants did not reasonably and adequately announce their presence, in violation of the Fourth Amendment to the United States Constitution.

## COUNT IV
(Assault and Battery - Wrongful Death)

22. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

23. Defendants assaulted and battered David Green.

24. Plaintiff claims damages for the wrongful death of David Green and for his daughters' loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and for funeral and burial expenses under the common law of Illinois and the Illinois Wrongful Death Act (740 ILCS 180/1).

## COUNT V
(Assault and Battery - Survival Action)

25. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

26. Defendants assaulted and battered David Green.

27. David Green was forced to endure great conscious pain and suffering before his

death.

28. David Green filed no action during his lifetime, but under the laws of the State of Illinois this action survives and may be asserted by his Estate, pursuant to 755 ILCS 5/27-6.

29. Plaintiff claims damages for the conscious pain and suffering under Illinois law.

WHEREFORE, the plaintiff prays this court:

a. award compensatory and punitive damages to the plaintiff and against the defendants;

b. award costs of this action to the plaintiff.

c. award reasonable attorney's fees and costs to the plaintiff on Counts I and II of the complaint;

d. award such other and further relief as this court may deem appropriate.

The Plaintiff hereby demands trial by Jury.

Commerce Bank N.A., Plaintiff

By: s/ James P. Ginzkey
James P. Ginzkey
Bar Number: 3124355
Attorney for Plaintiff
221 E. Washington St.
Bloomington, Illinois 61701
Telephone: (309)821-9707
Fax: (309)821-9708
E-mail: jim@jimginzkey.com

I:\CLIENTS\Green (Commerce Bank)\AmendedComplaint.wpd