IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMERCE BANK, N.A., | ) |
| Plaintiff, | ) |
| -vs- | ) No. 06-1103 |
| UNKNOWN OFFICERS, | ) |
| Defendants. | ) |

### MEMORANDUM OF LAW IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION FOR RULE TO SHOW CAUSE

COMES NOW the respondent, Charles E. Brueggemann, by and through his counsel, LISA MADIGAN, Attorney General of the State of Illinois, and hereby submits this memorandum of law in response to the rule to show cause filed by the plaintiff. In support thereof, the following statements are made.

### FACTS

The complaint in the case at bar was filed on April 19, 2006. *See* Docket #1. The following day, on April 20, 2006, counsel for the plaintiff issued to and caused to have served a subpoena for documents upon Charles E. Brueggemann. *See* Document #6, Exhibit #2.

The complaint at bar seeks damages, costs, and attorney's fees against the defendants. *See* Docket #1. Counts I, II, and III of the complaint purport to be filed pursuant to 42 U.S.C. §1983 for alleged violations of the fourth and fourteenth amendments rights of David Green, a nonparty to this action. *See* Docket #1. Counts IV and V purport to be pendant state-law claims for damages. *See* Docket #1.

At the time of the issuance and service of the subpoena, plaintiff had not requested leave of court to serve the subpoena, nor had this Court authorized the issuance or service of the subpoena. *See* PACER Report/Docket Sheet. Similarly, at the time of

the issuance and service of the subpoena, no parties had been served with a summons and copy of the complaint, nor had any parties been served with a request for waiver of summons. See PACER Report/Docket Sheet. Similarly, Colonel Brueggemann did not agree to be served with the subpoena. See PACER Report/Docket Sheet.

## ISSUES AND ARGUMENTS

I.   THE SUBPOENA WAS NOT AUTHORIZED TO BE SERVED PRIOR TO THE DISCOVERY CONFERENCE

Rule 26(d) of the Federal Rules of Civil Procedure states that "[e]xcept in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Rule 26(f) of the Federal Rules of Civil Procedure sets forth the timing sequence for the conference to develop a discovery plan.

The case at bar is one for damages. As such, it does not fit within any of the exemptions for the requirement of initial disclosures as set forth in Rule 26(a)(1)(E)(I) through 26(a)(1)(E)(viii) of the Federal Rules of Civil Procedures. Further, the timing of the issuance and service of the subpoena was not otherwise authorized by the Federal Rules of Civil Procedure. The plaintiff did not seek, and this Court did not authorize, the issuance of a subpoena for the documents prior to the meeting of the parties pursuant to Rule 26(f) of the Rules of Civil Procedure. See PACER Report/Docket Sheet. In addition, plaintiff has failed to serve or attempt waiver of service on any of the defendants that it now has named in its proposed amended complaint. See Docket #5. PACER Report/Docket Sheet. There is no evidence that the defendants or Colonel Brueggemann consented to

the issuance and service of the subpoena. Where discovery was sought prior to the discovery conference, it was appropriate to strike the use of the discovery. *Ortiz-Rivera v. Municipal Government of Toa Alta*, 214 F.R.D. 51, 57 (D. Puerto Rico 2003)(while the case ultimately was dismissed with prejudice for a number of discovery violations, the court noted that, "at the very least, the Court should strike [the discovery obtained before the discovery conference]").

Plaintiff failed to follow the Federal Rules of Civil Procedure in issuing and serving the subpoena to Colonel Brueggemann. Rule 26(d) of the Federal Rules of Civil Procedure prohibits from seeking discovery, unless there is an exemption, a court order allowing discovery out of sequence, or agreement of the parties. Instead of complying with the rules, plaintiff has attempted to conduct *ex parte* discovery, in violation of the rules. For these reasons, the motion for a rule to show cause should be denied.

## II.    THE RULE TO SHOW CAUSE SHOULD NOT ISSUE

"The question of how a court determines whether to classify the relief imposed in a given proceeding as civil or criminal in nature, for the purposes of applying the Due Process Clause and other provisions of the Constitutions, is one of long standing, and its principles have been settled at least in their broad outlines for many decades." *Hicks v. Feiock*, 485 U.S. 624, 631 (1988). In determining whether the contempt is civil or criminal, the court should determine whether the redress is remedial and for the benefit of the complainant or whether it is punitive and to vindicate the authority of the court. *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911).

> If the relief provided is a sentence of imprisonment, it is remedial if "the defendant stands committed unless and until he performs the affirmative act required by the court's order," and is punitive if "the sentence is limited to imprisonment for a definite period." [Citation omitted.] If the relief provided

3

> is a fine, it is remedial when it is paid to the complainant, and punitive when it is paid to the court, though a fine that would be payable to the court is also remedial when the defendant can avoid paying the fine simply by performing the affirmative act required by the court's order. These distinctions lead up to the fundamental proposition that criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings, including the requirement that the offense be proved beyond a reasonable doubt.

*Hicks*, 485 U.S. at 632. If the alleged contemnor can purge himself of the contempt by complying with the terms of the original order, the contempt proceeding is one that is civil in nature. *Shillitani v. United States*, 384 U.S. 364, 369 (1966). Thus, a conditional penalty, designed to compel the doing of some act for which the alleged contemnor has the power to avoid any penalty, is a remedy for civil contempt, whereas an unconditional penalty, such as a fine, is criminal in nature, because it is solely and exclusively punitive in nature. *Hicks*, 485 U.S. 624, 633.

In the case at bar, plaintiff seeks as relied that "an Order be entered against Charles Brueggemann and Illinois State Police to show cause why they should not be held in contempt of Court. It is unclear whether plaintiff seeks criminal contempt (a fine, incarceration, or something else). However, to require Colonel Brueggemann to show cause when the proposed penalty is criminal in nature would violate the fifth amendment to the Constitution of the United States. *See United States v. Dixon*, 113 S.Ct. 2849, 2856 (1993) privilege against self incrimination applicable to criminal contempt cases. Until such time as the plaintiff specifies whether the remedy it seeks is criminal or civil in nature, Colonel Brueggemann should not be required to show cause. As such, plaintiff's motion for rule to show cause should be denied.

**CONCLUSION**

Plaintiff has failed to comply with the Federal Rules of Civil Procedure for the timing of when to commence discovery. As such, the motion for rule to show cause should be denied.

In addition, plaintiff has failed to delineate whether the motion for rule to show cause is criminal or civil in nature. Thus, the motion for rule to show cause should be denied, since to require Colonel Bruggemann to show cause for a criminal matter violates his fifth amendment rights.

WHEREFORE for the above and foregoing reasons, respondent, Charles E. Brueggemann, respectfully requests this honorable Court to deny the plaintiff's motion for rule to show cause.

Respectfully submitted,

CHARLES E. BRUEGGEMANN,

Respondent,

LISA MADIGAN, Attorney General,
State of Illinois,

By:   /s/Karen L. McNaught
      Karen L. McNaught
      Assistant Attorney General
      Attorney for Defendant
      500 South Second Street
      Springfield, IL  62706
      Telephone:  (217) 782-1841
      Facsimile:  (217) 524-5091
      kmcnaught@atg.state.il.us
      #6200462

5

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMERCE BANK, N.A., | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. 06-1103 |
| UNKNOWN OFFICERS, | ) ) ) |
| Defendants. | ) ) |

### Certificate of Service

I hereby certify that on June 5, 2006, I electronically filed a Memorandum of Law in Support of Response to Motion for Rule to Show Cause with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James P. Ginzkey
Jim@jimginzkey.com

and I hereby certify that on June 5, 2006, I mailed by United States Postal Service, the document to the following nonregistered participant:

None

Respectfully submitted,

/s/Karen L. McNaught
Karen L. McNaught
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Facsimile:  (217) 524-5091
kmcnaught@atg.state.il.us
#6200462