**E-FILED**
Friday, 16 June, 2006  09:39:47 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 -1103 |
| | ) | |
| MICHAEL WIDGER, BRIAN GRAY, | ) | |
| and CHRISTOPHER CARMICHAEL, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S REPLY TO BRUEGGEMANN RESPONSE

Plaintiff, by its undersigned attorney and in reply to the response of Charles E. Brueggemann (hereinafter, Brueggemann"), states as follows:

1.      Plaintiff is somewhat perplexed by the response of Brueggemann in that the response is based on Rule 26 of the Federal Rules of Civil Procedure.  Rule 26 discusses initial disclosures that a party must, without awaiting a discovery request, provide to other parties.  That is to say, the very purpose of Rule 26 is to facilitate discovery, not frustrate discovery.

2.      In paragraph 7 of his response, Brueggemann states that, "no parties had been served with a summons and a copy of the complaint, nor had any parties been served with a request for waiver of summons."  Yet a request for waiver of service was issued to Brueggemann on April 20, 2006 (see Docket #4) and the subpoena of which Brueggemann complains was not received by the Illinois State Police until April 24, 2006 (see attached Exhibit A).

3.    Furthermore, Brueggemann ignored both the request for waiver of service and the subpoena at issue, just as he had earlier ignored multiple requests under the Freedom of Information Act.

4.    Attached hereto as Exhibits B through H are multiple Freedom of Information Act requests, all of which were ignored.   Those exhibits establish the following chronology:

    a.    On 9/19/05 plaintiff[1] requested "any and all files, reports, information by the Illinois State Police in regards (sic) to this case." (See attached Exhibit B);

    b.    On 10/27/05 plaintiff's request was denied, with Brueggemann being one of the three individuals that determined the request should be denied.  (See attached Exhibit C);

    c.    Plaintiff appealed the denial of the Freedom of Information Act request, arguing in part that:

        i.    the exemptions contained in the Illinois Freedom Act (5 ILCS 140/7) constitute affirmative defenses which the State has the burden of pleading and proving.  *Harwood v. McDonough*, 344 Ill.App.3d 242, 799 N.E.2d 859 (1st Dist., 2003); and

        ii.    as stated in the case of *In re Marriage of Daniels*, 240 Ill.App.3d 314, 607 N.E.2d 1255 (1st Dist., 1992), the party seeking to invoke a

---

[1]Linda Mordue was plaintiff's predecessor in interest as Administrator of the Estate of David Green, deceased.

privilege from disclosure bears the burden of justifying its application. The government must specify "which documents or class of documents are privileged and for what reasons." (See attached Exhibit D).

d.    Part of the reason that the Illinois State Police denied plaintiff's Freedom of Information Act request was on the basis that the file contained information concerning a co-defendant, Daniel Matheny. But Matheny pled guilty and was sentenced in November of 2005 and on December 7, 2005 plaintiff sent documentation to that effect to the Illinois State Police and renewed plaintiff's request for information. (See attached Exhibit E)

e.    But on 1/5/06 Larry Trent, the Director of the Illinois State Police, affirmed the denial of plaintiff's request under the Illinois Freedom of Information Act. (See attached Exhibit F)[2]

5.    After having refused to respond to multiple Freedom of Information Act requests, after having refused to waive service of summons, and after having refused to respond to a subpoena, Brueggemann now moves this court for leave to file objections to the subpoena, arguing that, "the defendants in the case should be served with a copy of the complaint and have the opportunity to object to any discovery requested by the plaintiff..."

6.    Plaintiff would point out that it is somewhat difficult to serve a waiver of summons

---

[2]On October 17, 2005, plaintiff made a Freedom of Information Act request to the Illinois State Police, Division of Internal Investigation. (See attached Exhibit G) On January 10, 2006, Brueggemann was one of two people that determined that this request should also be denied. (See attached Exhibit H)

on unknown officers when the State Police have made every conceivable effort to thwart plaintiff's attempts to learn the identities of those officers.

7.    Plaintiff would also point out that plaintiff's motion for leave to amend the complaint so as to name officers Brian Gray, Michael Widger and Christopher Carmichael was granted on June 7, 2006 and on June 13, 2006, plaintiff served requests for waiver of service on those officers.

8.    Nonetheless, plaintiff would agree to withdraw the Motion for Rule to Show Cause if the Illinois State Police would make the entirety of its investigative file available for plaintiff's inspection by July 15, 2006, most particularly the following items:

a.    The recordings (both audio and video), diagrams, field notes, measurements, drawings and photographs of the crime scene technicians;

b.    All of the weapons used to shoot David Green, along with all shell casings;

c.    The cut-out of the flooring in the room where David Green was killed;

d.    Recordings and transcripts of all telecommunications regarding this incident between the Illinois State Police, the Fulton County Sheriff's Department, the Fulton County Animal Control Department, the Fulton County Coroner's Office, the West Central Illinois Task Force, the Illinois Air National Guard, the North and Central Tactical Response Team and Med-Com.

Commerce Bank N.A., Plaintiff

By:   s/ James P. Ginzkey
James P. Ginzkey
Bar Number: 3124355
Attorney for Plaintiff
221 E. Washington St.
Bloomington, Illinois 61701
Telephone: (309)821-9707
Fax: (309)821-9708
E-mail: jim@jimginzkey.com

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL                    DISTRICT OF                    ILLINOIS

COMMERCE BANK, N.A.,

V.

UNKNOWN OFFICERS

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  06 cv 1103

TO:  Charles E. Brueggmann
Illinois State Police
125 E. Monroe, Room 201
Springfield, IL 62794

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

PLEASE SEE ATTACHED

| PLACE    221 E. Washington St.  Bloomington, IL  61701 | DATE AND TIME  5/8/2006  9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

SPRINGFIELD, IL  62794

| | |
|---|---|
| Postage | $ 0.39 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.64 |

UNIT ID: 0°

Postmark Here

Clerk: KPRN

04/20/06

Sent To  Charles Brueggmann  ISP
Street, Apt. No.; or PO Box No.  125 E. Monroe, Rm. 20
City, State, ZIP+4  Springfield, IL  62

PS Form 3800, June 2002                    See Reverse for

7002 3150 0002 1270 9830

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Charles E. Rrueggmann
Illinois State Police
125 E. Monroe, Rm. 201
Springfield, IL  62794

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Illinois State Police
   125 E. MONROE, P.O. BOX 19461
   SPRINGFIELD, IL  62794  ☐ Agent

B. Received by (Printed Name) | C. Date of Delivery
APR 21 2006

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail
☐ Registered
☐ Insured Mail

4. Restricted Delivery?

2. Article Number
(Transfer from service label)    7002 3150 0002 1270 9830

PS Form 3811, February 2004    Domestic Return Receipt  D/ Green    102595-02

**EXHIBIT**

**A**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 4/20/2006 | Illinois State Police<br>125 E. Monroe, Room 201, Springfield, IL 62794 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Charles E. Brueggmann | Certified U.S. Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| James P. Ginzkey | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    4/20/2006

DATE

James P. Ginzkey    <span style="font-size:6pt">Digitally signed by James P. Ginzkey<br>DN: CN = James P. Ginzkey, C = US, O = Trial Attorney<br>Date: 2006.04.20 13:44:22 -05'00'</span>

SIGNATURE OF SERVER

221 E. Washington St.

ADDRESS OF SERVER

Bloomington, IL 61701

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

**Subpoena for Deposition of Records Attachment**

Any/all evidence, including but not limited to the field report, documents, photographs, videos, statements, diagrams, drawings, bullets, firearms, tissue samples and laboratory tests related to:

- the investigation and events leading up, at the time of, and following the issuance and execution of a search warrant on the property at 27368 East Birds Corner Road, Glasford, Fulton County, Illinois, on June 23, 2005; and

- any subsequent investigation into the shooting incident which resulted in the death of David L. Green.

| **SENDER:** *COMPLETE THIS SECTION* | **COMPLETE THIS SECTION ON DELIVERY** |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  Illinois State Police  ☐ Agent<br>125 E. MONROE, P.O. BOX 19461  ☐ Addressee<br>B. Received by (Printed Name)  SPRINGFIELD, IL 62794-9461  C. Date of Delivery<br>APR 24 2006 |
| 1. Article Addressed to:<br><br>Charles E. Rrueggmann<br>Illinois State Police<br>125 E. Monroe, Rm. 201<br>Springfield, IL 62794 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>*Mike Lauterbach* |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. |
| 2. Article Number<br>*(Transfer from service label)*   7002 3150 0002 1270 9830 | 4. Restricted Delivery? *(Extra Fee)*   ☐ Yes |

PS Form 3811, February 2004          Domestic Return Receipt D/ Green          102595-02-M-1540

**EXHIBIT**

B



Friday, 16 June, 2006 09:42:23 AM
**E-FILED**
Clerk, U.S. District Court, ILCD

## FREEDOM OF INFORMATION REQUEST

STATE OF ILLINOIS **(1)**

5620

| | |
|---|---|
| Name of Agency | City |
| **Illinois State Police** | **Springfield** |
| Address **Freedom of Information Office** **500 Iles Park Place, Suite 300** | **IL 62703** |

**INSTRUCTIONS:**
Requestor should fill out the REQUEST portion (the top half) and sign the Requestor's Signature Block. Send copies 1 and 2 to the Agency. Keep the 3rd copy for reference. Send no money at this time. Unless notified otherwise the Agency's response for APPROVED, DENIED or DEFERRED will be sent back within 7 working days after receipt of the form.

| | | |
|---|---|---|
| Requestor's Name (Or business name if applicable) **Linda Mordue** | Date of Request **09/23/2005** | Phone Number **309/672-9551** |
| Street Address **2018 West Rohmann Avenue** | CERTIFICATION REQUESTED [ ] YES [ X ] NO | |
| City **West Peoria** State **Illinois** Zip **61604** | Requestor's Signature **(NOT REQUIRED)** | |

DESCRIPTION OF RECORDS REQUESTED:

**Any and all files, reports and information by the Illinois State Police in regards to the death of David L. Green.**

[ X ] REQUESTING COPIES    [ ] TO INSPECT RECORDS

AGENCY RESPONSE (REQUESTOR DOES NOT FILL IN BELOW THIS LINE)

**APPROVED**

[ ] The documents requested are enclosed.

[ ] The documents will be made available upon payment of copying costs ............................... $ _____

[ ] You may inspect the records at _____

on the date of _____ .

**DENIED**

[ ] The request creates an undue burden on the public body in accordance with Section 3(f) of the Freedom of Information Act, and we are unable to negotiate a more reasonable request.

[ X ] The materials requested are exempt under Section 7 ___see below___ of the Freedom of Information Act for the following reasons:

**1)b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information.**
**1)b)v) Information revealing the identity of persons who file complaints with or provide information to administrative, investigative, law enforcement or penal agencies.**
**1)c)ll) Interfere with pending or actually and reasonably contemplated law enforcement proceedings conducted by any law enforcement or correctional agency.**
**1)c)lll) deprive a person of a fair trial or an impartial hearing.**
**1)c)vl) constitute an invasion of personal privacy under subsection (b) of this Section.**

| INDIVIDUAL(S) THAT DETERMINED REQUEST TO BE DENIED | RIGHT TO APPEAL |
|---|---|
| **Deputy Director Harold E. Nelson, II - DII** | If desired, submit the attached APPEAL form (No. 2) along with copies of this original REQUEST and DENIAL and reasons for |
| **Deputy Director Ken Bouche - ITC** | appeal to: **Director Larry G. Trent** **125 E. Monroe, PO Box 19461** |
| **Deputy Director Charles Brueggemann - DOO** | **Springfield IL 62794-9461** |

**DEFERRED**

[ ] Request delayed, for the following reasons (in accordance with 3(d) of the FOIA):

You will be notified by the date of _____ as to action taken on your request.

The information required by this form is MANDATORY in order to comply with P.A. 83-1013. Failure to so provide may result in this form not being processed. This form is approved by the Forms Management Center.

IL 001-0005 (6/84)

FOIA Officer
*Bridget DeRiest* (signature)
Bridget DeRiest

Date of Reply
**10/27/2005**

EXHIBIT
C
tabbies®



# FREEDOM OF INFORMATION APPEAL
## STATE OF ILLINOIS **(2)**

5620

| Date Appeal Received in State Agency |
|---|
| |

**INSTRUCTIONS:**

Requestor should fill out sections — DESCRIPTION OF RECORDS, and REASONS FOR APPEALING. Send copies 1 and 2 to the Director of the Agency which original request was sent to. Unless notified otherwise the Agency's response will be within 7 working days after receipt of appeal.

| Requestor's Name (Or business name if applicable) | | | Send Appeal To: (Director and Agency) | | |
|---|---|---|---|---|---|
| Linda Mordue c/o James P. Ginzkey | | | Director Larry G. Trent | | |
| Street Address | | | Street Address | | |
| 221 E. Washington St. | | | 125 E. Monroe | | |
| City | State | Zip | City | State | Zip |
| Bloomington | IL | 61701 | Springfield | IL | 62794-9461 |

**DESCRIPTION OF RECORDS THAT APPEAL IS BEING MADE FOR:**

Any and all files, reports and information of the Illinois State Police in regards to the death of David L. Green.

**REASONS FOR APPEALING**

Please see attached.

**DIRECTOR'S RESPONSE TO APPEAL**

Noted below is the action I have taken on your appeal from the denial of your request for the above captioned records

[  ] I hereby approve your appeal to the following extent and for the following reasons:



**EXHIBIT**

**D**

[  ] I affirm the denial of your request made by the Freedom of Information Officer.

Note: You are entitled to judicial review of any denial pursuant to Section II of the Freedom of Information Act.

| The information required by this form is MANDATORY in order to comply with P.A. 83-1013. Failure to so provide may result in this form not being processed. This form is approved by the Forms Management Center. | Director's Signature | Date of Reply |
|---|---|---|
| | | |

IL 001-0006 (6/84)

**FOI APPEAL**
**Case # 5620**

1.  The reasons for the denial are both factually and legally invalid.

2.  Exemptions contained in 5 ILCS 140/7 constitute affirmative defenses which the State has the burden of pleading and proving. *Harwood v. McDonough*, 344 Ill. App. 3d 242, 799 N.E.2d 859 (1st Dist. 2003), appeal denied, Ill.2d. 282, 806 N.E.2d 1066 (2003). A governmental agency may not clothe its records with an exemption from disclosure by bare assertions that the material is exempt. *Osran v. Bus*, 226 Ill. App. 3d 704, 589 N.E.2d 1027 (2nd Dist., 1992).

3.  As stated in the case of *In re Marriage of Daniels*, 240 Ill. App. 3d 314, 607 N.E.2d 1255 (1st Dist., 1992), the party seeking to invoke the privilege from disclosure bears the burden of justifying its application. The government must specify 'which documents or class of documents are privileged and for what reasons.' This threshold showing must explain the reasons for nondisclosure with particularity, so that a court can make an intelligent and informed choice as to each requested piece of information. 'Unless the government, through competent declarations, shows the court what interests of law enforcement or privacy would be harmed, how disclosure under a protective order would cause the harm, and how much harm there would be, the court cannot conduct a meaningful balancing analysis.' If the police make no such showing, the court has 'no choice but to order disclosure.'" (*King v. Conde* (E.D.N.Y. 1988), 121 F.R.D. 180, 189 (citations omitted; emphasis in original).)

4.  Requester does not seek any documents which would compromise the integrity of law enforcement techniques or confidential sources; requester would consent to such information be redacted from the documents requested.

I:\CLIENTS\Green (Mordue)\FOIAppeal 11 7 05.wpd

**E-FILED**
Friday, 16 June, 2006  09:43:36 AM
Clerk, U.S. District Court, ILCD



## JAMES P. GINZKEY

Trial Attorney
221 E. Washington Street
Bloomington, Illinois  61701
Telephone: (309)821-9707
Fax: (309)821-9708

December 7, 2005

**VIA FACSIMILE and U.S. MAIL**
**217/524-5743**

Lisa Freitag    (217) 782-2716
Illinois State Police Legal Department
124 E. Adams
P.O. Box 19461
Springfield, IL 62794-9461

> RE:    Request of Linda Mordue
>        FOI No. 5620

Dear Ms. Freitag:

As you may know, the on-going prosecution of Daniel Matheny was the basis of the Illinois State Police's denial of Linda Mordue's Freedom of Information Act request concerning the death of David L. Green.

Enclosed please find photocopies of Mr. Matheny's guilty plea and sentencing order. As the Matheny prosecution has now been concluded, there is no legitimate reason for the Illinois State Police to continue to deny the request of my client, Linda Mordue.

Upon receipt of this letter and these enclosures, please call me.

Cordially,

James P. Ginzkey
jim@jimginzkey.com

JPG/smt

enc.

I:\CLIENTS\Green (Mordue)\FOI ISP Freitag 12 7 05.wpd



STATE OF ILLINOIS

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT

COUNTY OF FULTON

THE PEOPLE OF THE STATE OF ILLINOIS,     )
                )
           VS.         )    CASE NO. _05-CF-132_
                )
_Daniel C. Matheny_,       )
         Defendant.    )

**FILED**

NOV ? ? 2005

Mary C. Rompto

CLERK OF THE CIRCUIT COURT, 9th JUDICIAL CIRCUIT
FULTON COUNTY ILLINOIS

FELONY PLEA OF GUILTY PRO SE
and
JURY WAIVER

     The above named defendant respectfully represents to the Court as
follows:

     1.   My full true name is _Daniel Chad Matheny_.

     2.   My age is _33_; I was born on _September 10_ 19_72_.

     3.   I have completed _12_ years of school.

     4.   I have received a copy of the charges herein (Indictment,
Information or Complaint) and the Court has read the same to me in
open Court, and I fully understand every charge made against me in
this case.

     5.   I understand that I am charged with the crime of _Unlawful
Production of Cannabis, 720 ILCS 550/8(b) 0_.

     6.   The Court has advised me as to the minimum and maximum punishment
which the law provides upon conviction for the offense of which I am
charged:

     a)   A minimum of _1_ years imprisonment in the penitentiary;

     b)   A maximum of _3_ years imprisonment in the penitentiary;

     c)   A fine of $ _25,000_ , or both

     d)   A mandatory parole term of _1_ years.

     7.   I understand that if I am charged with more than one offense,
the Court may order the sentences to run either concurrently or
consecutively.

     8.   I understand that I could be sentenced to an extended term of
up to double the ordinary maximum term if the Court finds that the
felony was accompanied by exceptionally brutal or heinous behaviour
indicative of wanton cruelty; or where I was previously convicted in

[*]

felony was accompanied by exceptionally brutal or heinous behaviour indicative of wanton cruelty; or where I was previously convicted in Illinois of the same or greater class felony.

[2]

9.  I understand that I may, if I so choose, plead NOT GUILTY to any offense charged, and that if I should choose to plead NOT GUILTY, the Constitution and law guarantee me:

   a)  the right to a speedy and public trial by jury

   b)  the right to see, hear and cross examine all witnesses called to testify against me

   c)  the right to offer evidence in my own defense and to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses in my favor

   d)  the right to have the assistance of counsel for my defense at all stages of the proceedings

   e)  the right to have an attorney appointed to represent me free of charge if I cannot afford an attorney

   f)  the right to remain silent

   g)  the right to be presumed innocent

   h)  the right to be proved guilty beyond a reasonable doubt, and

   i)  the right to presentence report.

10.  I further state to the Court that I know and understand the nature of the offense with which I am charged and the consequences of entering a plea of guilty, and that by so doing I am giving up my constitutional and legal rights.

11.  I know that the Court will not permit anyone to plead GUILTY who claims to be innocent, and with that in mind, and because I am GUILTY and make no claim of innocence, I wish to plead GUILTY and respectfully request the Court to accept my plea of GUILTY.

12.  I hereby declare that I offer my plea of GUILTY freely, voluntarily and of my own accord, and with full understanding of all the matters set forth in the charges and in this petition.

13.  I hereby expressly waive my right to a trial by jury and my right to be tried by the Court.

Signed by me in open Court on _November 28 2005_, 19__.

_Daniel C. Matheny_
Defendant

In the Circuit Court of the 9th Judicial Circuit
Fulton County, Illinois

**People of the State of Illinois,**

**FILED**

Plaintiff,                                  Case No. ___05-CF-132___

v.                                          NOV 2 8 2005

Daniel C. Matheny,                                          **Sentencing Order**

Defendant. *Mary C. Hampton*

CLERK OF THE CIRCUIT COURT, 9th JUDICIAL CIRCUIT

The above-named defendant, having been found guilty of the offense designated below, be and is hereby placed on supervision without the entry of a judgement of conviction or, if indicated below, convicted of the designated offense and sentenced under the terms and conditions stated; provided, that any violation of said conditions may result in the modivication or revocation of this sentence:

**OFFENSE:** Unlawful Production of Cannabis Sativa Plant   in violation of  720  ILCS 550/8(b)

☒ Class __4__  (felony/misdemeanor)   ☒ Open/Negotiated Plea   ☐ Revocation Proceeding   Present: P. Money & A. Kle

☐ Cases dismissed _____

**TYPE OF SENTENCE:**   Term expires: __11/2/__ ,200 _7_   Term length: __24__  (mo./yr.)

☐ Continuance under court supervision without judgment 730 ILCS 5/5-6-1(c), 730 ILCS 5/5-6-3, 1

☐ Judgment of conviction and sentence/probation 730 ILCS 5/5-6-2, 730 ILCS 5/5-6-3

☐ Judgment of conviction and sentence of conditional discharge 730 ILCS 5/5-6-2, 730 ILCS 5/5-6-3

☒ Drug probation without judgment of conviction 720 ILCS 550/10, 720 ILCS 570/410

**SENTENCE AND CONDITIONS** (If checked):

☒ (1) PAY THE FOLLOWING:
- Fine.....................$ 300.00
- Assessment (D/B/V)....$ 500.00
- Street Value Fine*.....$
- Costs...................$ 279.00
- Crime Lab..............$
- Restitution.............$
  - Recipient _____
- STD......................$
- Appointed Attorney Fee..$
- Trauma Fee.............$ 100.00
- Law Enforcement Fee ..$
- DNA....................$ 200.00
- Sheriff Fee.............$
- spinal cord fee.......$ 5.00
- TOTAL DUE ............$ 1384.00

☒ Periodic Payments Required:
$ 100.00 every 30 days starting 12/28/05 and the same amount every 30 days thereafter. 10 a.m.

Due Date  05/08/06

If not paid in full by due date, appear in Court on the due date to explain why you should not be found in contempt of Court. If you do not pay or appear, a warrant for your arrest will issue.

(2) Pay a monthly probation fee of $ _____. This amount is in addition to total amount in paragraph 1 above.

**ACKNOWLEDGED:**

I received a copy of this Order, will read it and I understand that if I do not pay by the due date or come to Court I can be arrested. I also understand that phone calls will not be accepted to excuse my appearance. I will notify the clerk of any change of address.

DEF. *Daniel C. Matheny*

☒ (3) Serve _30 days*_ in the Fulton County jail; execution stayed to _December 30_ 200_ at _6_ .m.; You shall be on time and free of alcohol or illegal substances. Periodic imprisonment in _____ days from _____ after _____ .m. until _____ at _____ .m., weekly.

You shall pay $20.00 per day periodic imprisonment fee prior to serving any periodic imprisonment term.

☒ (4) Perform _30_ hours community service work by _05/08/06 @ 10:00_ administered by the probation office;

☐ (5) Sentence may be remitted for compliance. Remittal hearing _____

☒ (6) Not violate any criminal statute of any jurisdiction;

☒ (7) Report to and personally appear before the probation officers of this court and cooperate fully as directed by the Probation Dept. of this court;

☒ (8) Not possess any firearms, ammunition or dangerous weapons;

☒ (9) Pay any Sheriff's fees incurred herein on or before said due date;

☒ (10) Undergo _3_ urinalysis at own expense;

☐ (11) Avoid all contact with the victim, their property and residence.

☐ (12) Attend _____ MADD victim impact panel; schedule within 10 days; and attend scheduled appointment.

☒ (13) Permit home visits and other probation officer inquiries to discharge duties and answer all questions of the Probation Officer truthfully; notify the probation office of any change of address within 24 hours of such change; sign a release for medical, psychological or substance abuse information.

☒ (14) Not leave this State without consent of the court;

☐ (15) Secure an appointment for drug/alcohol assessment within 10 days of this order and complete a remedial program, recommended after care or prescribed course of treatment; Cooperate fully in recommended psychiatric, psychological or substance abuse treatment. Provide written proof to Fulton County State's Attorney of your compliance within 6 months.

☐ (16) Upon the defendent's request to have this case transferred to another state subject to the Interstate Compact for Adult Offender Supervision, the defendent shall pay a non refundable fee in the amount of $125.00 to the Clerk of the Court pursuant to 730 ILCS 5/5-9-1.12.

☒ (17) Shall provide DNA Standard.

☒ (18) Appeal Rights Advised.

☒ (19) Credit for _any_ days served.

**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN A WARRANT BEING ISSUED AND YOU WILL BE ARRESTED.**

ENTERED: _____   11/28/05

JUDGE                    DATE

**SEND PAYMENTS BY CHECK/MONEY ORDER TO CIRCUIT CLERK, P.O. BOX 152, LEWISTOWN, IL 61542. PUT CASE NUMBER ON CHECK.**

**FREEDOM OF INFORMATION REQUEST**

STATE OF ILLINOIS    **(1)**

5620

| | |
|---|---|
| Name of Agency **Illinois State Police** | City **Springfield** |
| Address **Freedom of Information Office** **500 Iles Park Place, Suite 300** | **IL 62703** |

**INSTRUCTIONS:**
Requestor should fill out the REQUEST portion (the top half) and sign the Requestor's Signature Block. Send copies 1 and 2 to the Agency. Keep the 3rd copy for reference. Send no money at this time. Unless notified otherwise the Agency's response for APPROVED, DENIED or DEFERRED will be sent back within 7 working days after receipt of the form.

| | |
|---|---|
| Requestor's Name (Or business name if applicable) **Linda Mordue** | Date of Request **09/23/2005**    Phone Number **309/672-9551** |
| Street Address **2018 West Rohmann Avenue** | CERTIFICATION REQUESTED [ ] YES [ X ] NO |
| City **West Peoria**    State **Illinois**    Zip **61604** | Requestor's Signature **(NOT REQUIRED)** |

DESCRIPTION OF RECORDS REQUESTED:

**Any and all files, reports and information by the Illinois State Police in regards to the death of David L. Green.**

[ X ] REQUESTING COPIES    [ ] TO INSPECT RECORDS

AGENCY RESPONSE (REQUESTOR DOES NOT FILL IN BELOW THIS LINE)

**APPROVED**

[ ] The documents requested are enclosed.

[ ] The documents will be made available upon payment of copying costs .............................. $ _____

[ ] You may inspect the records at _____

on the date of _____ .

**DENIED**

[ ] The request creates an undue burden on the public body in accordance with Section 3(f) of the Freedom of Information Act, and we are unable to negotiate a more reasonable request.

[ X ] The materials requested are exempt under Section 7 _____ see below _____ of the Freedom of Information Act for the following reasons:

1)b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information.
1)b)v) Information revealing the identity of persons who file complaints with or provide information to administrative, investigative, law enforcement or penal agencies.
1)c)i) Interfere with pending or actually and reasonably contemplated law enforcement proceedings conducted by any law enforcement or correctional agency,
1)c)iii) deprive a person of a fair trial or an impartial hearing.
1)c)vi) constitute an invasion of personal privacy under subsection (b) of this Section.

| INDIVIDUAL(S) THAT DETERMINED REQUEST TO BE DENIED | RIGHT TO APPEAL |
|---|---|
| **Deputy Director Harold E. Nelson, II - DII** **Deputy Director Ken Bouche - ITC** **Deputy Director Charles Brueggemann - DOO** | If desired, submit the attached APPEAL form (No. 2) along with copies of this original REQUEST and DENIAL and reasons for appeal to: **Director Larry G. Trent** **125 E. Monroe, PO Box 19461** **Springfield IL 62794-9461** |

**DEFERRED**

[ ] Request delayed, for the following reasons (in accordance with 3(d) of the FOIA):

You will be notified by the date of _____ as to action taken on your request.

The information required by this form is MANDATORY in order to comply with P.A. 83-1013. Failure to so provide may result in this form not being processed. This form is approved by the Forms Management Center.

IL 001-0005 (6/84)

FOIA Officer *Bridget DeRgiest*

Date of Reply **10/27/2005**

E-FILED
Friday, 16 June 2006 10:56:17 AM
Clerk, U.S. District Court, ILCD

I, Linda Mordue, the ex-wife of David L. Green and the mother of our two minor children would like to request any and all files, reports, information by the Illinois State Police in regards to this case. I am requesting this under the Freedom of Information Act and as his head of estate administrator. If you need any other information from me I can be contacted at

home phone (309) 672-9551
cell phone (309) 690-8326

address:  Linda Mordue
          2018 W. Rohmann Ave.
          W. Peoria, IL  61604

I have enclosed a copy of the death certificate and the judge's order granting me head of estate and administrator.

Thank You,

Linda Mordue
Linda Mordue

9/19/05

# MEDICAL EXAMINER'S – CORONER'S CERTIFICATE OF DEATH

DISTRICT NO. 27.0
REGISTERED NUMBER 201

| DECEASED–NAME | FIRST | MIDDLE | LAST | | SEX | DATE OF DEATH (MONTH, DAY, YEAR) |
|---|---|---|---|---|---|---|
| 1. | David | L. | Green | | 2. Male | 3. June 23, 2005 |

| 4. COUNTY OF DEATH | AGE–LAST BIRTHDAY (YRS) 5a. | UNDER 1 YEAR MOS 5b. DAYS | UNDER 1 DAY HOURS MIN 5c. | DATE OF BIRTH (MONTH, DAY, YEAR) |
|---|---|---|---|---|
| Fulton | 47 | | | 5d. July 4, 1957 |

| 6a. CITY, TOWN, TWP, OR ROAD DISTRICT NUMBER | 6b. HOSPITAL OR OTHER INSTITUTION–NAME (IF NOT IN EITHER, GIVE STREET AND NUMBER) | 6c. IF HOSP. OR INST. INDICATE D.O.A. OR EMER, RM, INPATIENT (SPECIFY) |
|---|---|---|
| Orion Twp. | 27368 E. Birds Corner Rd | |

| 7. BIRTHPLACE (CITY AND STATE OR FOREIGN COUNTRY) | 8a. MARRIED, NEVER MARRIED, WIDOWED, DIVORCED (SPECIFY) | 8b. NAME OF SURVIVING SPOUSE (MAIDEN NAME, IF WIFE) | 9. WAS DECEASED EVER IN U.S. ARMED FORCES? (YES NO) |
|---|---|---|---|
| Peoria, IL | Divorced | | No |

| 10. SOCIAL SECURITY NUMBER | 11a. USUAL OCCUPATION | 11b. KIND OF BUSINESS OR INDUSTRY | 12. EDUCATION (SPECIFY ONLY HIGHEST GRADE COMPLETED) Elementary/Secondary (0-12)  College (1-4 or 5+) |
|---|---|---|---|
| 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 | Self-Employed | Carpenter | |

| 13a. RESIDENCE (STREET AND NUMBER) | 13b. CITY, TOWN, TWP, OR ROAD DISTRICT NO. | 13c. INSIDE CITY (YES NO) | 13d. COUNTY |
|---|---|---|---|
| 27368 E. Birds Corner Rd | Orion Twp. | No | Fulton |

| 13e. STATE | 13f. ZIP CODE | 14a. RACE (WHITE, BLACK, AMERICAN INDIAN, etc.) (SPECIFY) | 14b. OF HISPANIC ORIGIN? (SPECIFY NO OR YES–IF YES, SPECIFY CUBAN, MEXICAN, (PUERTO RICAN, etc.) |
|---|---|---|---|
| Illinois | 61533 | White | NO ☐ YES SPECIFY: |

| 15. FATHER–NAME FIRST MIDDLE LAST | 16. MOTHER–NAME FIRST MIDDLE (MAIDEN) LAST |
|---|---|
| Marvin K. Green | Charlotte Morris |

| 17a. INFORMANT'S NAME (TYPE OR PRINT) | 17b. RELATIONSHIP | 17c. MAILING ADDRESS (STREET AND NO. OR R.F.D., CITY OR TOWN, STATE, ZIP) |
|---|---|---|
| Charlotte Green | Mother | 2101 S. Yellowood, Unit 56 Mesa, AZ 85212 |

**18. PART I.** Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. List only one cause on each line.

APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH

| Immediate Cause (Final disease or condition resulting in death) | (a) Multiple Gun Shot Wounds |
|---|---|
| CONDITIONS, IF ANY WHICH GIVE RISE TO IMMEDIATE CAUSE (a) STATING THE UNDERLYING CAUSE LAST. | DUE TO, OR AS A CONSEQUENCE OF (b) |
| | DUE TO, OR AS A CONSEQUENCE OF (c) |

**PART II.** Other significant conditions contributing to death but not resulting in the underlying cause given in PART I.

| 19a. AUTOPSY (YES NO) | 19b. WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH? (YES NO) |
|---|---|
| Yes | Yes |

| 20a. NATURAL, ACCIDENT, HOMICIDE, SUICIDE, UNDETERMINED, (SPECIFY) | 20b. DATE OF INJURY (MONTH, DAY, YEAR) | 20c. HOUR 6:00 a. M. | 20d. HOW INJURY OCCURRED (ENTER NATURE OF INJURY MENTIONED IN PART I OR PART II, ITEM 18) |
|---|---|---|---|
| Undetermined | June 23, 2005 | | Gun Shots |

| 20e. INJURY AT WORK (YES NO) | 20f. PLACE OF INJURY (AT HOME, FARM, STREET, FACTORY, OFFICE BUILDING, ETC.) (SPECIFY) | 20g. LOCATION (CITY, VIL. OR TOWN) (OR TWP.) (CARD. DIST. NO. COUNTY, STATE) | 20h. IF FEMALE, WAS THERE A PREGNANCY IN PAST THREE MONTHS? YES ☐ NO ☐ |
|---|---|---|---|
| NO | Home | Orion Twp, IL Fulton County | |

| 21a. I CERTIFY THAT IN MY OPINION BASED UPON MY INVESTIGATION AND/OR THE INQUISITION, THIS DEATH OCCURRED ON THE DATE, AT THE PLACE AND DUE TO THE CAUSE(S) STATED, AND THAT . . . | 21b. THE DECEDENT WAS PRONOUNCED DEAD ON (DATE) MONTH DAY YEAR June 23, 2005 | 21c. AT 9:08 A.M. |
|---|---|---|

| 22a. CORONER'S – MEDICAL EXAMINER'S SIGNATURE Fulton County Coroner | 22b. DATE SIGNED (MONTH, DAY, YEAR) August 26, 2005 |
|---|---|
| 23a. CORONER'S PHYSICIAN'S NAME (Type or Print) | 23b. DATE SIGNED (MONTH, DAY, YEAR) |

| 24a. BURIAL, CREMATION, REMOVAL (SPECIFY) | 24b. CEMETERY OR CREMATORY–NAME | 24c. LOCATION CITY OR TOWN STATE | 24d. DATE (MONTH, DAY, YEAR) |
|---|---|---|---|
| Cremation | Central Illinois Mortuary Services | Peoria Illinois | June 28, 2005 |

| 25a. FUNERAL HOME NAME STREET AND NUMBER OR R.F.D. | CITY OR TOWN | STATE | ZIP |
|---|---|---|---|
| Cumerford-Endsley-Diggle Funeral Home 428 W. McClure Ave. | Peoria, | Illinois | 61604 |

| 25b. FUNERAL DIRECTOR'S SIGNATURE Jason A. Eberle | 25c. FUNERAL DIRECTOR'S ILLINOIS LICENSE NUMBER 34-015581 |
|---|---|

| 26a. LOCAL REGISTRAR'S SIGNATURE | 26b. DATE FILED BY LOCAL REGISTRAR (MONTH, DAY, YEAR) August 26, 2005 |
|---|---|

VR202 (Rev. 5-89)    Illinois Department of Public Health–Division of Vital Records    (BASED ON 1989 U.S. STANDARD CERTIFICATE)

I HEREBY CERTIFY THAT the foregoing is a true and correct copy of the death record for the decedent named at item 1, and that this record was permanently filed and filed in my office in accordance with the provision of the Illinois Vital Records Act.

DATE AUG 2 6 2005

SIGNED

CANTON, Illinois

The original record of this death is permanently filed with the ILLINOIS DEPARTMENT OF PUBLIC HEALTH at Springfield. County Clerks and local registrars are authorized to make certifications from copies of the original record. The Illinois statutes provide that the certification of a death record by the Department of Public Health, local registrar or county clerk shall be prima facie evidence of the facts therein stated.

OFFICIAL TITLE    REGISTRAR

OFFICE OF VITAL RECORDS – ILLINOIS DEPARTMENT OF PUBLIC HEALTH – SPRINGFIELD VR 20181 (1980)

FILED

JUL 1 2 2005

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
FULTON COUNTY, ILLINOIS

CLERK OF THE CIRCUIT COURT, 9th JUDICIAL CIRCUIT
FULTON COUNTY ILLINOIS

IN RE THE ESTATE OF:          )
                              )
DAVID L. GREEN,               )          Case No. 05 P 64
                              )
       Deceased.              )

| ORDER APPOINTING ADMINISTRATOR |
| --- |

ON THIS DAY COMES LINDA K. MORDUE and presents a verified Petition for Letters of Administration, and the Court finds:

1.     DAVID L. GREEN, a resident of the City of Glasford, County of Fulton, and State of Illinois, died on June 23, 2005, at 27368 E. Birds Corner Road, in Glasford, Illinois, leaving no will.

2.     The approximate value of the Estate in this State is:

       Personal:                    unknown
       Real:                        unknown

3.     The following are the names and post office addresses of the Decedent's heirs (indicating all persons entitled to nominate an administrator in preference to or equally with Petitioner) are:

| NAME | RELATIONSHIP | RIGHT TO NOMINATE | MINOR (M) DISABLE D (D) | ADDRESS (if unknown, so state) |
| --- | --- | --- | --- | --- |
| Shelby L. Green c/o Linda K. Mordue | Daughter | | M | 2018 W. Rohmann Avenue West Peoria, IL 61604 |
| Chelsey E. Green c/o Linda K. Mordue | Daughter | | M | 2018 W. Rohmann Avenue West Peoria, IL 61604 |

4.     Supervised administration has been requested.

IT IS ORDERED THAT:

a.     Bond in the amount of $50,000.00, with sureties, is approved

b.     Letters of office issue to Linda K. Mordue  as administrator.

c.  The administrator give the notice required by 755 ILCS 5/9-5 and 755 ILCS 5/28-2.

d.  Supervised administration is granted.

Entered _____ 7 — 12 — 05

_____
JUDGE, TENTH JUDICIAL CIRCUIT COURT

Prepared by:
JOHN P. EDMONDS LTD.
Attorney at Law
110 SW Jefferson, Suite 410
Peoria, IL 61602
(309) 674-3900 • Fax (309) 674-2644

**FILED**

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
FULTON COUNTY, ILLINOIS

JUL 1 2 2005

*Mary C. Hampton*

CLERK OF THE CIRCUIT COURT, 9th JUDICIAL CIRCUIT
FULTON COUNTY ILLINOIS

IN RE THE ESTATE OF: )
)
DAVID L. GREEN, ) Case No. 05 P 6 7
)
Deceased. )

---

### LETTERS OF OFFICE-DECEDENT'S ESTATE

LINDA K. MORDUE, has been appointed Representative of the Estate of DAVID L. GREEN, Deceased who died June 23, 2005, and is authorized to take possession of and collect the estate of the decedent, and to do all acts required of a representative by law.

Witness _____ July 12 _____ 2005

*Mary C. Hampton*

_____
Clerk of the Circuit Court

I hereby certify this to be a
true and correct copy.
Dated _July 12, 19 2005_
MARY C. HAMPTON
CLERK OF THE CIRCUIT COURT
FULTON COUNTY, ILLINOIS
BY _____ DEPUTY
(Seal)

TOTAL P.08

P.08

FILED.

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
FULTON COUNTY, ILLINOIS

*Mary C. Hampton*

JUL 1 2 2005

CLERK OF THE CIRCUIT COURT, 9th JUDICIAL CIRCUIT
FULTON COUNTY ILLINOIS

IN RE THE ESTATE OF: )
)
DAVID L. GREEN, ) Case No. 05 P 67
)
Deceased. )

## LETTERS OF OFFICE-DECEDENT'S ESTATE

LINDA K. MORDUE, has been appointed Representative of the Estate of DAVID
L. GREEN, Deceased who died June 23, 2005, and is authorized to take possession of and
collect the estate of the decedent, and to do all acts required of a representative by law.

Witness _____ July 12 _____ 2005

*Mary C. Hampton*

Clerk of the Circuit Court

I hereby certify this to be a
true and correct copy.
Dated _July 18, 2005_
MARY C. HAMPTON
CLERK OF THE CIRCUIT COURT
FULTON COUNTY, ILLINOIS
BY _____ DEPUTY
(Seal)

TOTAL P.08