E-FILED
Friday, 11 August, 2006  04:44:47 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMERCE BANK, N.A., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 06-CV-1103 |
| MICHAEL WIDGER, BRIAN GRAY, and CHRISTOPHER CARMICHAEL, | ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO STRIKE

### I.  FACTS

Plaintiff has brought this action as administrator of the estate of David Green who was shot and killed during the execution of a search warrant at his residence. Plaintiff's amended complaint contains five counts, each of which is against all three defendants.

Counts I and II are brought pursuant to 42 U.S.C. §1983 and seek recovery for the alleged unlawful seizure of David Green. Count I is labeled "42 U.S.C. §1983 - Wrongful Death" and seeks damages "under 42 U.S.C. §1983 and the Illinois Wrongful Death Act (740 ILCS 180/I)." Count II is entitled "42 U.S.C. §1983 - Survival Act)" and seeks damages under §27-6 of the Probate Act (755 ILCS 5/27-6)(also known as the Survival Act). Counts IV and V are state law causes of action for assault and battery under the Wrongful Death Act and §27-6 of the Probate Act.

Plaintiff's complaint contains only a single prayer for relief applicable to all five counts. In this prayer for relief plaintiff seeks both compensatory and punitive damages.

## II.  ARGUMENT

A.   COUNT I SHOULD BE STRICKEN AS REDUNDANT

Pursuant to 42 U.S.C. §1988(a) federal courts are authorized to "borrow" provisions of state law to supplement causes of action under 42 U.S.C. §1983 in certain cases. *Robertson v. Wegmann*, 436 U.S. 584 (1978).  One of the issues that is controlled by the law of the state in which the court sits is whether the cause of action abates on the death of the plaintiff or survives.  *Id.*  *Hutchison v. Baker*, 126 F.3d 895, 898 (7th Cir. 1997). In considering the scope of the "borrowing" provision of 42 U.S.C. §1988, the Supreme Court has stated, "[W]e are unable to conclude that Congress intended [§1988], standing alone, to authorize the federal courts to borrow entire causes of action from state law." *Moor v. County of Alameda*, 411 U.S. 693, 702 (1973).

Thus, the Seventh Circuit has stated, "The proper approach at this point is not to transform the section 1983 action on behalf of [the decedent] into a wrongful death action on behalf of those who survived him, but to determine whether state law is inconsistent with the compensatory and deterrent policies of §1983." *Bass v. Wallenstein*, 769 F.2d 1173, 1189-90 (1985).

The complaint reflects two separate causes of action under §1983, one relying on the Probate Act and one relying on the Wrongful Death Act.  There is, in fact, only one cause of action, a claim under 42 U.S.C. §1983 which includes whatever applicable state rules the court "borrows" to supplement federal law.

Defendants dispute whether plaintiff can recover damages for the injuries suffered by the children of David Green.  *See Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005).  That

2

issue requires further factual development regarding the intent of the defendants and is not before the Court at this time. That question only goes to what damages plaintiff may ultimately receive on a cause of action under 42 U.S.C. §1983.

Rule 12(f) of the Federal Rules of Civil Procedure authorizes the court to strike any redundant matter from a complaint. Since both Count I and Count II purport to state causes of action for unlawful seizure, Count I should be stricken as redundant.[*]

**B.    THE PUNITIVE DAMAGES REQUEST SHOULD BE STRICKEN AS TO THE STATE LAW COUNTS**

Counts IV and V of plaintiff's complaint are pendent claims under Illinois law. Both seek to recover damages for common law assault and battery. Count IV is premised on the Wrongful Death Act and Count V on the Survival Act. Since plaintiff's complaint has a single prayer for relief for all counts, a claim is made for recovery of punitive damages on these counts. Punitive damages are not available under either Act. *Froud v. Celotex, Corporation*, 98 Ill.2d 324 (1983); *Mattyasouszky v. West Iowa Bus Co.*, 61 Ill.2d 31 (1975); *Gardner v. Geraghty*, 98 Ill.App.3d 10 (1981); *Bass v. Wallenstein*, 769 F.2d 1173, 1190 n.16 (1985).

Since, as a matter of law, punitive damages are not recoverable in the pendent claims, the request for such damages should be stricken as applied to Counts IV and V.

---

[*]While it may ultimately be immaterial which count is stricken, defendants are asking that Count I be stricken because the Seventh Circuit stated in *Bass* that there was no federal cause of action under the Wrongful Death Act and because the damages recoverable under the count are in question. Defendants are not, however, asking the Court at this time to rule on what damages may be recovered.

### III.  CONCLUSION

Counts I and II are based on the same cause of action and are duplicative.  Count I should be stricken as redundant.  Insofar as plaintiff seeks punitive damages under Counts IV and V these claims should be stricken as not allowed by law.

WHEREFORE for the above and foregoing reasons, defendants, Michael Widger, Brian Gray, and Christopher Carmichael, respectfully request this honorable Court to strike Count I of the amended complaint and the claims for punitive damages made under Counts IV and V of plaintiff's complaint.

Respectfully submitted,

MICHAEL WIDGER, BRIAN GRAY, AND CHRISTOPHER CARMICHAEL,

Defendants,

LISA MADIGAN, Attorney General
State of Illinois,

Attorney for Defendants.

By: s/Terence J. Corrigan
TERENCE J. CORRIGAN, #6191237
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone: 217/782-5819
Facsimile: 217/524-5091
E-Mail: tcorrigan@atg.state.il.us

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2006, I electronically filed Defendants' Memorandum of Law in Support of Motion to Strike with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>James P. Ginzkey
>221 E. Washington Street
>Bloomington, Illinois 61701
>Jim@jimginzkey.com

>Respectfully submitted,
>s/Terence J. Corrigan
>Assistant Attorney General
>500 South Second Street
>Springfield, IL  62706
>(217)782-5819
>(217) 524-5091 (facsimile)
>tcorrigan@atg.state.il.us
>#6191237