# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 -1103 |
| | ) | |
| MICHAEL WIDGER, BRIAN GRAY, | ) | |
| and CHRISTOPHER CARMICHAEL, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO MOTION TO STRIKE

Plaintiff, by its undersigned attorney, responds to defendants' motion to strike as follows:

**A.     ILLINOIS WRONGFUL DEATH ACT v. ILLINOIS SURVIVAL ACT**

Based upon *Bass v. Wallenstein*, 769 F.2d 1173 (7th Cir., 1985), defendants appear to be arguing that plaintiff can maintain a Survival Act count pursuant to §1983, but not a Wrongful Death Act count. But *Bass* provides no support for this argument. The defendants in *Bass*, as the defendants in the case at bar, argued that plaintiff could not maintain both a Survival Act count and Wrongful Death count, and that the *Bass* defendants were therefore entitled to judgment N.O.V. on one or the other. But the Seventh Circuit disagreed and upheld the verdict against defendants, although the case was remanded for a new trial on damages. With reference to the *Bass* defendants' argument that plaintiff could not recover under the Illinois Wrongful Death Act, the Seventh Circuit stated that "where the constitutional deprivation sought to be remedied has caused death, state law that precludes recovery on behalf

of the victim's estate for loss of life is inconsistent with the deterrent policy of section 1983," and that, "(s)uch restrictive state laws must give way to federal common law rules that permit recovery." *Bass* at 1189.[1]

The argument that the defendants make here is the mirror image of an argument made by the defendants in *Spence v. Staras*, 507 F.2d 554 (7th Cir., 1974). In *Spence*, plaintiff's son was beaten to death at the Peoria State Hospital. As opposed to the argument being asserted here, in *Spence* the defendants argued that plaintiff could maintain a Wrongful Death count pursuant to §1983, but not a Survival Act count. Judge Robert Morgan granted the defense motion, but the Seventh Circuit reversed. There, the Seventh Circuit held that, in a federal civil rights action where the person who has been deprived of his rights has died, the action survives for the benefit of the estate if applicable state law creates a survival action . The Seventh Circuit found that Illinois law did specifically provide for the survival of an action to recover damages for injury to the decedent while he was alive. The court also found that Illinois law provides for the survival of an action to recover pecuniary losses incurred by the decedent's next of kin due to the death. The *Spence* defendants' argument was rejected based upon the Seventh Circuit's finding that the Illinois Supreme Court had specifically recognized that where the injury caused by defendants results in death, a plaintiff may bring both an action under the Illinois Wrongful Death

---

[1] The *Bass* court also held that punitive damages were recoverable under the Illinois Survival Act and the Illinois Wrongful Death Act in a case where there was showing of reckless and callons indifference. *Id.*

Act and an action under the Illinois Survival Act, citing *Murphy v. Martin Oil Co.*, 56 Ill.2d 423, 308 N.E.2d 583 (1973). The Seventh Circuit reversed the ruling of Judge Morgan.[2]

**B.    PUNITIVE DAMAGES UNDER PENDENT STATE LAW CLAIMS**

The prevailing rule in Illinois is that wilful and wanton conduct, without any deliberate intention to harm, will support an award of punitive damages. *Barton v. Chicago & N.W. Transportation Co.*, 325 Ill.App.3d 1005, 757 N.E.2d 533 (1st Dist., 2002). In Illinois, a claim for punitive damages survives when either: (1) there exists a statutory basis for such claims or (2) strong equitable considerations advocate survival. *Raisl v. Elwood Industries, Inc.*, 137 Ill.App.3d 170, 479 N.E.2d 1106 (1st Dist., 1985). For example, punitive damages survive when the death was the result of a violation of the Public Utilities Act (see, *Froud v. Celotex Corp.*, 98 Ill.2d 324, 456 N.E.2d 131 (1983)), or when the death results from a violation of the Nursing Home Reform Act (see, *Wills v. DeKalb Area Retirement Center*, 175 Ill.App.3d 833, 530 N.E.2d 1066 (2nd Dist., 1998)).

Similarly, punitive damages do not abate when there are strong equitable considerations advocating survival. In *Penberthy v. Price*, 281 Ill.App.3d 16, 666 N.E.2d 352 (5th Dist., 1996) the plaintiffs alleged wilful and wanton misconduct based upon the tortfeasor operating his motor vehicle when he was so intoxicated he was

---

[2]Interestingly, the Seventh Circuit also allowed punitive damages stating that, "(p)rovided certain aggravating circumstances are shown, punitive damages are recoverable under federal law in a §1983 action."

unable to control the vehicle. Finding that one of the purposes of punitive damages is to deter defendants and others from engaging in similar conduct, and finding that there were strong equitable considerations involved, the court held that a claim for punitive damages survived despite the fact that there was no independent statutory basis for punitive damages.

Here the Illinois Survival Act specifically states that, "(i)n addition to the actions which survive by the common law, the following also survive...actions against officers for misfeasance, malfeasance, and nonfeasance of themselves or their deputies..." Had David Green survived this shooting but have been blinded and/or maimed, and were there a determination that the shooting was not justified, there would be no doubt that David Green would be entitled to punitive damages. Nothing in the Illinois Survival Act suggests that a claim for punitive damages under such circumstances should abate. Whether or not punitive damages are justified depends entirely upon the degree of misconduct of the defendants, not upon whether the injuries inflicted are fatal.

Wherefore, defendants' motion to strike is without merit and should be denied in its entirety.

Commerce Bank N.A., Plaintiff

By:       s/ James P. Ginzkey
James P. Ginzkey
Bar Number: 3124355
Attorney for Plaintiff
221 E. Washington St.
Bloomington, Illinois  61701
Telephone: (309)821-9707
Fax: (309)821-9708
E-mail: jim@jimginzkey.com

I:\CLIENTS\Green (Commerce Bank)\RespMotStrike 8 25 06.wpd