IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Commerce Bank, N.A, as Administrator of the Estate of David Green, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>Michael Widger, Brian Gray, and Christopher Carmichael,<br><br>Defendants. | )<br>)<br>)<br>)<br>) No. 06-1103<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Defendants' Motion to Strike Count I of Plaintiff's Amended Complaint (d/e 18) as redundant, and to strike the punitive damages sought in Counts IV and V. For the reasons below, the Court recommends the motion be granted in part and denied in part.

### Standard

Under Fed. R. Civ. P. 12(f), "the court may order stricken from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts often recite the general rule that "motions to strike are disfavored because they are seen as tools to delay litigation."

Hardin v. American Electric Power, 188 F.R.D. 509, 511 (S.D. Ind. 1999), *citing* Heller Fin., Inc. V. Medwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989); Black v. Long Term Disability Ins., 373 F.Supp.2d 897, 904 (E.D. Wis. 2004)(citations omitted).  However, motions to strike can be useful tools to advance a case by "remov[ing] unnecessary clutter" or clarifying lengthy and convoluted pleadings.  Heller, 883 F.R.D. at 1294; Hardin, 188 F.R.D. at 511.

## Background

Plaintiff, as Administrator of the Estate of David Green, deceased, alleges that Defendants wrongfully shot and killed Mr. Green while executing a search warrant on June 23, 2005.  (Amended Complaint, d/e 11, ¶ 2).  The Amended Complaint sets forth the following claims:

- Count I: 42 U.S.C. § 1983-Wrongful Death (citing the Illinois Wrongful Death Act, 740 ILCS 180/1)
- Count II: 42 U.S.C. § 1983-Survival Action (citing 755 ILCS 5/27-6)
- Count III: 42 U.S.C. § 1983–Unreasonable Entry
- CountIV: Assault and Battery-Wrongful Death (citing Illinois Wrongful Death Act, 740 ILCS 180/1 and Illinois common law)
- Count V: Assault and Battery-Survival Action (citing 755 ILCS 5/27-6)

## Analysis

**I.  Count I**

Defendants argue that Count I (the § 1983 "wrongful death" action) should be stricken because it is redundant of Count II (the § 1983 "survival action").  Plaintiff responds essentially that the counts are not redundant because separate and distinct causes of action do exist under § 1983 for wrongful death and for survival.

The Court agrees with Defendants that state law does fill in gaps for actions under § 1983, to the extent an action under § 1983 exists and to the extent consistent with federal law.  42 U.S.C. § 1988; Hardin v. Straub, 490 U.S. 536, 538 (1989).  For example, state law may be instructive on who has standing to pursue a § 1983 action on behalf of a decedent. Spence v. Staras, 507 F.2d 554, 557 (7th Cir. 1974)(Illinois law applied to give personal representative standing to bring § 1983 action on behalf of decedent).[1]  It is not clear, but Plaintiff may be asserting that the damages

---

[1] Spence did not address whether a decedent's next of kin could recover damages under 42 U.S.C. Section 1983 for their own loss of society and companionship.  Similarly, the plaintiff in Bass v. Wallenstein, 769 F.2d 1173, 1187 (7th Cir. 1985)(the case cited by Defendants) asserted only a cause of action for the deprivation of the *decedent's* constitutional rights, not a cause of action on behalf of the survivors.  Id. at 1188.  Neither Bass nor Spence are instructive on whether Counts I and II are redundant.

available for constitutional violations resulting in death is a "gap" that is filled in with the damages available in wrongful death and survival actions under Illinois law.

However, neither the damages question nor the interplay of state and federal law is before the Court. As framed by Defendants in their motion to strike, the only issue is whether Count I is redundant of Count II.

The Court does not believe Counts I and II are redundant. It is true that Counts I and II are based on the same alleged misconduct of Defendants and both invoke § 1983. However, the counts are arguably based on different constitutional violations, though not explicitly stated. Count I focuses on the injuries and suffering of Mr. Green's surviving minor children: the loss of their father's "income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, . . ." Count I therefore necessarily implies a protected constitutional interest held by Mr. Green's minor children in their financial and emotional relationship with their father.[2] Count II, in contrast, focuses solely on Mr.

---

[2] As discussed earlier, Plaintiff may instead be asserting that the companionship damages arise not from the violation of the children's constitutional interests, but flow instead from the violation of Mr. Green's constitutional interest, because such damages are allowed under Illinois law. Either way, it is clear that Counts I and II involve distinct legal issues.

Green's protected constitutional interests, seeking recompense for the pain, suffering and medical expenses Mr. Green endured before his death.

Counts I and II therefore are not redundant because they differ not only in the damages they seek, but also arguably in the constitutional deprivations on which they are based.

Further, even if the Counts are based on violations of the same constitutional rights, striking Count I would require striking the damages sought in Count I, an indirect ruling that those damages are not viable under § 1983. Defendants insist, however, that this question is not before the Court. (d/e 19, pp. 2-3).[3] The Court hypothesizes Count I could be stricken and Plaintiff could be given leave to file another amended complaint, this time combining the damages sought in Count I and II. In the Court's view, though, this approach would unnecessarily complicate

---

[3] Defendants do dispute whether Mr. Green's children can recover under Section 1983, citing Russ v. Watts, 414 F.3d 783, 790 (7th Cir. 2005), but they assert that issue requires further factual development. Russ held that parents of an adult son had no constitutional right to recover for loss of society and companionship where their relationship with their adult son was terminated as "incidental" to state action. *See also* Thompson v. City of Chicago, — F.3d — n. 25, 2006 WL 3720250 (7th Cir. 2006)(reiterating its conclusion in Russ that "'finding a constitutional violation based on official actions that were not directed at the parent-child relationship would stretch the concept of due process far beyond the guiding principles set forth by the Supreme Court.'")(dicta, decedent was adult). However, the Court in Russ also stated, "we agree with our sister circuits that minor children's need for the guidance and support of their parents warrants 'sharply different constitutional treatment.'"

and delay the case, as well as obfuscate the important differences between the counts that are discussed above. The present Amended Complaint already gives clear and succinct notice of Plaintiff's intention to seek damages under § 1983 for injuries suffered by both Mr. Green and his minor children.

## II.  Punitive Damages in Counts IV and V

The Court agrees with Defendants that punitive damages are not recoverable under the Illinois Wrongful Death Act or the Illinois Survival Act.  See In re Air Crash Disaster, 644 F.2d 594, 605 (7th Cir. 1981)("The Illinois Supreme Court has clearly held that Illinois does not permit the recovery of punitive damages in a wrongful death action."), *citing* Mattyasovszky v. West Town Bus Co., 61 Ill. 2d 31 (1975); Froud v. Celotex Corp., 98 Ill.2d 324 (1983)(common law punitive damages claim against asbestos manufacturers did not survive death of asbestos victims). In Illinois, punitive damages based on common law actions generally do not survive the victim's death, unless specifically authorized by statute or regulatory scheme.  Froud, 98 Ill.2d at 334-35; Nat'l Bank of Bloomington v. Norfolk & Western Railway, 73 Ill.2d 160 (1978)(punitive damages survive death where action under Public Utilities Act, which specifically allowed

punitive damages); *see also* Raisl v. Elwood Industries, Inc., 137 Ill.App.3d 170 (1st Dist. 1985)(punitive damages claim survived death in retaliatory discharge because of statutory scheme in Worker's Compensation Act). "Strong equitable considerations" might justify an exception to this general rule, such as when a plaintiff is left with *no* remedy.  Mattyasovky, 61 Ill.3d at 512 (noting no equitable exception needed because plaintiff already had statutory remedies for compensatory damages); Froud, 98 Ill.2d at 330 (Mattyasovky "concluded that, no matter how outrageous the defendant's conduct was, such an action was recognized only where "strong equitable considerations" existed such as the unavailability of any other remedy."); *see also* Burgess v. Clairol, 776 F.Supp. 1278 (N.D. Ill. 1991)("*Mattyasovksky* and *Froud* made it clear that equitable considerations focus on the plaintiff and whether any other remedy is available.").

Plaintiff does not assert any express statutory basis for punitive damages.  Plaintiff instead attempts to fit into the "strong equitable considerations" exception.  Plaintiff argues that Mr. Green could have pursued punitive damages if he had survived.  Therefore, Plaintiff presses that the claim for punitive damages survives Mr. Green's death because

those damages "depend entirely upon the degree of misconduct of the defendants, not upon whether the injuries inflicted are fatal." (d/e 20, p. 4).

However persuasive the Court may find this argument, the Illinois Supreme Court has rejected it, not on its merits but because the argument belongs in the Illinois legislature, not the courts:

> . . . plaintiffs ask that we consider the often repeated adage that it is cheaper to kill your victim than to leave him maimed, and the possibility that defendants faced with punitive damage claims may attempt to delay the proceedings until the plaintiffs who advance them die. Persuasive as these arguments sound, we believe they are better addressed to the General Assembly than to this court in view of the legislature's earlier expression of its views on the matter in the Survival Act and this court's interpretation of that act . . .

Froud, 98 Ill.2d at 335; Ballweg v. City of Springfield, 114 Ill.2d 107, 117 (1986)(punitive damages not recoverable under Survival Act--courts are wrong forum for equitable argument).

Plaintiff also cites Penberthy v. Price, 281 Ill.App.3d 16 (5th Dist. 1996), a case that allowed survivors injured by an intoxicated driver to seek punitive damages against the driver's estate. Recognizing that the punitive damages were not authorized by any statute or regulatory scheme, the Penberthy Court reasoned that strong equitable considerations–the policy against drunk driving, the deterrent effect on other drivers, and the

criminality of the tortfeasor's conduct– warranted allowing the punitive damages claim against the driver's estate. 281 Ill.App.3d at 356.

Penberthy might be distinguished from this case on that grounds that the victims in Penberthy survived and were pursuing their punitive damages claim against the tortfeasor's estate. Here, the victim did not survive–the punitive damages claim is being made by his Estate. *See* Readel v. Vital Signs, Inc., 2002 WL 1359417 *6 (N.D. Ill. 2002)(not reported in F.Supp.2d).[4]

Ultimately, though, Penberthy is an Illinois Appellate Court case. Regardless of the force of Penberthy's logic, the Illinois Supreme Court cases discussed above are controlling. Like this case, the Illinois Supreme Court cases all involved deceased victims of alleged willful and wanton conduct. Ballweg v. City of Springfield, 114 Ill.2d 107, 117 (1986)(electrocuted boaters); Mattyasovszky v. West Town Bus Co., 61 Ill. 2d 31 (1975)(12-year-old boy killed by bus driver); Froud v. Celotex Corp., 98 Ill.2d 324 (1983)(prolonged exposure to asbestos in insulation); *see also* In re Air Crash Disaster, 644 F.2d 594, 605 (7th Cir. 1981)(plane lost engine killing all 271 persons aboard). Plaintiff does not explain how the equitable

---

[4] Report and Recommendation, adopted in by District Court, 2002 WL 31177529 (N.D. Ill. 2002).

considerations in this case are distinguishable from this controlling precedent. Nor does the Court see a way of distinguishing these cases without disturbing their holdings. As in <u>Mattyasovsky</u>, Plaintiff is not without remedy here–Plaintiff can still seek compensatory damages in his Illinois wrongful death and survival actions. Additionally, the Court notes that this Recommendation does not affect Plaintiff's ability to seek punitive damages under the § 1983 claims.

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Strike be granted in part and denied in part (d/e 18). The Court recommends the motion be DENIED as to Count I and GRANTED as to the punitive damages sought in Counts IV and V.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. <u>See</u> 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:        January 8, 2007

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE