**E-FILED**
Wednesday, 28 February, 2007  10:00:10 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06-CV-1103 |
| | ) | |
| MICHAEL WIDGER, BRIAN GRAY, | ) | |
| and CHRISTOPHER CARMICHAEL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO COMPEL

COME NOW the defendants, Michael Widger, Brian Gray, and Christopher Carmichael,  by and through their counsel, LISA MADIGAN, Attorney General of the State of Illinois, and pursuant to Rule 37 of the Federal Rules of Civil Procedure hereby submit this memorandum of law in support of the motion to compel.  In support of this motion, defendants make the following statements.

## FACTS

Discovery requests of interrogatories and requests to produce were served on plaintiff on November 29, 2006.  *See* Exhibit ##1, 2, 3, 4.  Responses were due on December 29, 2006.

After plaintiff failed to timely respond to the discovery requests, the undersigned contacted the office of plaintiff's counsel and was advised that the responses would be sent.  Responses were sent, but they were incomplete.  *See* Exhibit ##5, 6, 7, 8.

The undersigned personally consulted with plaintiff's counsel on February 16, 2007.  Counsel for the plaintiff requested that the contents of the conversation be placed in writing, so Exhibit #9 was sent.  To-date, no further responses by the plaintiff have been given to the discovery served by the defendants.

In order to properly determine what depositions need to be taken, as well as prepare for any dispositive motion and/or trial, it is imperative that the defendants receive the written discovery from the plaintiff.  As such, defendants respectfully request that plaintiff be compelled to respond to the discovery, without objection.

## ISSUE AND ARGUMENT

**PLAINTIFF SHOULD BE REQUIRED TO SERVE DISCOVERY RESPONSES**

A party upon whom interrogatories and a request to produce are served must either answer or object within 30 days of service.  *See* FRCP 33(b)(3); 34(b).  The failure to timely object to an interrogatory constitutes a waiver.  *See* FRCP 33(b)(4).  If an objection is made that the discovery requested is privileged, the objection is waived if it has not been made within the proper time limits.  *United States v. 58.16 Acres of Land,* 66 F.R.D. 570, 572 (E.D. Ill. 1975).  Similarly, an objection to a request for the production of documents must be specific and timely or the objection is waived.  *Dunlap v. Midcoast-Little Rock, Inc.*, 166 F.R.D. 29, 30 (E.D. Ark. 1995).

In the case at bar, plaintiff failed to timely respond to the interrogatories and requests to produce.  Defendants have made an attempt to obtain this discovery from the plaintiff through personal consultation, as well as following with written communication, to no avail.

The written discovery is necessary so that defendants can determine what other discovery is necessary.  If the written discovery is not required, defendants will be prejudiced.

2

Because plaintiff has failed to engage in the exchange of discovery, it is necessary for the Court to intervene and compel the plaintiff.  If plaintiff then continues to refuse to give discovery, they should be barred from using evidence to support its claims.

WHEREFORE, defendants, Michael Widger, Brian Gray, and Christopher Carmichael, respectfully request that this honorable Court enter an order requiring plaintiff to provide responses to the discovery requests served on November 29, 2006.

Respectfully submitted,

MICHAEL WIDGER, BRIAN GRAY, AND CHRISTOPHER CARMICHAEL,

Defendants,

LISA MADIGAN, Attorney General
State of Illinois,

Attorney for Defendants.

By:___s/Karen L. McNaught_____
KAREN L. McNAUGHT, #6200462
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone: 217/782-1841
Facsimile: 217/524-5091
E-Mail: kmcnaught@atg.state.il.us

3

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

COMMERCE BANK, N.A.,                    )
                                        )
            Plaintiff,                  )
                                        )
      vs.                               )        No. 06-CV-1103
                                        )
MICHAEL WIDGER, BRIAN GRAY,             )
and CHRISTOPHER CARMICHAEL,             )
                                        )
            Defendants.                 )

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2007, I electronically filed Memorandum of

Law in Support of defendants' Motion to Compel with the Clerk of Court using the CM/ECF

system which will send notification of such filing to the following:

James P. Ginzkey
jim@jimginzkey.com

Respectfully submitted,

s/Karen L. McNaught
Karen L. McNaught #6200462
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
(217)782-1841
(217) 524-5091 (facsimile)
kmcnaught@atg.state.il.us

**E-FILED**
Wednesday, 28 February, 2007  10:00:35 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06-CV-1103 |
| | ) | |
| MICHAEL WIDGER, BRIAN GRAY, | ) | |
| and CHRISTOPHER CARMICHAEL, | ) | |
| | ) | |

## <u>INTERROGATORIES OF MICHAEL WIDGER TO PLAINTIFF</u>

The plaintiff, Commerce Bank, is hereby notified to answer the following interrogatories separately and fully in writing, under oath and within thirty (30) days after service of these interrogatories, all in accordance with Federal Rule of Civil Procedure 33. These interrogatories may be answered in the space provided.

1.     State the full name (including any aliases and dates of those aliases), addresses, the dates of birth, and driver's license numbers of all persons who assisted in drafting responses and/or responding to the interrogatories.

**<u>RESPONSE:</u>**

2.     State in detail what is known by each of the persons that you listed in ¶A of plaintiff's Initial Disclosures.

**<u>RESPONSE:</u>**

**EXHIBIT**

tabbies

1

3.    List all of the witnesses that plaintiff expects to testify at trial, stating with particularity what each is expected to testify.  In responding to this interrogatory, give the address and telephone number where this person can be located.

**RESPONSE:**

4.    List all other lawsuits, legal actions, or administrative actions in which David L. Green, the estate of David L. Green, Linda Kay Green Mordue, Shleby Green and/or Chelsey Green have been involved.  For each entry, state the name of the case, the forum or court, the docket number, and the function or capacity in which the person was involved, and the disposition of the case.

**RESPONSE:**

5.    In paragraph 2 of the amended complaint, plaintiff claims that "defendants shot and killed David Green without legal cause or excuse and made an unreasonable seizure of the person David Green, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and assaulted and battered David Green." State all of the facts that support these claims and the person or persons who will testify

-2-

to each of these facts.

**RESPONSE:**


6.    In paragraph 9 of the amended complaint, plaintiff has alleged that David Green was disoriented.  State all of the facts that support this claim and the names of the person or persons who will testify to each of these facts.

**RESPONSE:**



7.    In paragraph 10 of the amended complaint, plaintiff has alleged that the defendants had "no legal cause or excuse to fatally shoot David Green."  State all of the facts that support this claim and the names of the person or persons who will testify to each of these facts.

**RESPONSE:**



8.    List all of the witnesses and give their respective addresses and telephone

-3-

numbers who were present at the scene when David Green was shot who can testify that

he did not threaten to shoot the defendants.

**RESPONSE:**

9.     List all of the witnesses and give their respective addresses and telephone

numbers who were present at the scene when David Green was shot who can testify that

David Green was not in the possession of a loaded weapon (9mm caliber Ruger).

**RESPONSE:**

10.     List all of the witnesses and give their respective addresses and telephone

numbers who were present at the scene when David Green was shot who can testify that

David Green was not ready to fire that weapon at the defendants.

**RESPONSE:**

11.     In Count I of the amended complaint, plaintiff has brought a wrongful death

claim pursuant to 42 U.S.C. §1983.  State all of the facts that support this claim and the

-4-

names of the person or persons who will testify to each of these facts.

**RESPONSE:**

12.    In Count II of the amended complaint, plaintiff has alleged that David Green was forced to endure great conscious pain and suffering before his death and that he incurred medical expenses. State all of the facts that support these claim and the names of the person or persons who will testify to each of these facts.

**RESPONSE:**

13.    In Count III of the amended complaint, plaintiff has alleged that "defendants did not reasonably and adequately announce their presence in violation of the Fourth Amendment to the United States Constitution." State all of the facts that support this claim and the names of the person or persons who will testify to each of these facts.

**RESPONSE:**

14.    In Count V of the amended complaint, plaintiff has alleged that defendants

assaulted and battered David Green. State all of the facts that support this claim and the names of the person or persons who will testify to each of these facts.

**RESPONSE:**

15. List all other facts that are not in the complaint that plaintiff will rely upon in support of its claims.

**RESPONSE:**

16. List all of the physicians, mental health personnel, medical personnel, or other health care professionals that have seen or treated Shelby Green and/or Chelsey Green as a result of the incidents alleged in the complaint in the case at bar. For each such entry, give the name, last known address, telephone number, type of service rendered, dates of service, payments made, and diagnosis.

**RESPONSE:**

14. List all of the damages claimed in the complaint, specifying the amount of

-6-

damages claimed for each entry.

**RESPONSE:**

15.    State the fee arrangement between plaintiff and each of its attorneys.  In responding to this interrogatory, be specific in the terms of the fee agreement and contractual provisions and to which attorney each refers.   If this is a contingency agreement, state the hourly rate that your attorney will charge the defendant, should you prevail and be awarded attorney's fees pursuant to 42 U.S.C. §1988.  If this fee is more than the hourly rate the attorney customarily charges his clients, state the bases upon which the attorney will rely for this adjustment.

**RESPONSE:**

16.    State the contractual hourly fee does each attorney representing plaintiff regularly and customarily charge his clients.  For each such response, state to which attorney you are referring and the type of law for which this payment was made.

**RESPONSE:**

-7-

17.    List each of the State agencies or other governmental units with which plaintiff's attorneys have had an oral or written contractual arrangement or have been paid attorneys fees for any reason.  For each attorney, state the agency or governmental unit; whether the agreement is oral, written or the result of a court-ordered award; the length of the arrangement, if applicable; the terms of the arrangement, if applicable; and the compensation to be paid or that has been paid; whether this is paid on an hourly, lump sum, or other type of basis, giving the type of basis; and the date of the agreement or payment.

**RESPONSE:**

Respectfully submitted,

MICHAEL WIDGER,

Defendant,

LISA MADIGAN, Attorney General
State of Illinois,

Karen L. McNaught #06200462                    Attorney for Defendant.
Assistant Attorney General
500 South Second Street                        s/Karen L. McNaught
Springfield, IL  62706
Telephone:  (217) 782-1841          By:_____
Fax: (217) 524-5091                      KAREN L. McNAUGHT
E-mail: kmcnaught@atg.state.il.us         Assistant Attorney General

-8-

## CERTIFICATE OF SERVICE

Karen McNaught, Assistant Attorney General, hereby certifies that she has served

a copy of the foregoing Interrogatories of Michael Widger to Plaintiff upon:

> James P. Ginzkey
> 221 East Washington Street
> Bloomington, IL 61701

by depositing a copy of same in a correctly addressed, prepaid envelope and depositing

same in the United States Mail in Springfield, Illinois, on November 29, 2006.

s/Karen L. McNaught

Karen McNaught
Assistant Attorney General

Karen McNaught
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217)782-1841

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

COMMERCE BANK, N.A.,           )
                               )
            Plaintiff,         )
                               )
    vs.                        )      No. 06-CV-1103
                               )
MICHAEL WIDGER, BRIAN GRAY,    )
and CHRISTOPHER CARMICHAEL,    )
                               )

### INTERROGATORIES OF BRIAN GRAY TO PLAINTIFF

The plaintiff, Commerce Bank, is hereby notified to answer the following interrogatories separately and fully in writing, under oath and within thirty (30) days after service of these interrogatories, all in accordance with Federal Rule of Civil Procedure 33. These interrogatories may be answered in the space provided.

1.    State the full name (including any aliases and dates of those aliases), addresses, the dates of birth, and driver's license numbers of all persons who assisted in drafting responses and/or responding to the interrogatories.

**RESPONSE:**

2.    List all of the damages claimed in the complaint, specifying the amount of damages claimed for each entry.

**RESPONSE:**

EXHIBIT
2

3.      List all of the sporting events, special church events (such as baptism, reconciliation, first communion, confirmation, etc.), celebrations, parent-teacher conferences, or other extracurricular activities in which David Green attended to be with Shelby and Chelsey Green since June 16, 1998.  For each such event, state the date of the event; the place of the event;, the type of event; the place of the event; and the names, addresses, and telephone numbers of other persons present at the event; and the child for whom this event David Green attended.

**RESPONSE:**

4.      List all of the gifts that David Green purchased for Shelby and Chelsey Green since June 16, 1998.  For each such gift, give the date the gift was given, the reason the gift was given (birthday, Christmas, other holiday or special occasion), to whom the gift was given (Shelby or Chelsey), and the approximate value of the gift.

**RESPONSE:**

5.      List all of the child support payments made by David Green.  For each such entry, give the amount of the payment, the date of the payment, to whom the payment was made, and the method of payment (cash, check, cashier's check, etc.).  If the method of payment was by check, give the account number on which the check was drawn and state whether the check cleared the bank.

-2-

**RESPONSE:**

6.    State the fee arrangement between plaintiff and each of its attorneys.  In responding to this interrogatory, be specific in the terms of the fee agreement and contractual provisions and to which attorney each refers.   If this is a contingency agreement, state the hourly rate that your attorney will charge the defendant, should you prevail and be awarded attorney's fees pursuant to 42 U.S.C. §1988.  If this fee is more than the hourly rate the attorney customarily charges his clients, state the bases upon which the attorney will rely for this adjustment.

**RESPONSE:**

7.    State the contractual hourly fee does each attorney representing plaintiff regularly and customarily charge his clients.  For each such response, state to which attorney you are referring and the type of law for which this payment was made.

**RESPONSE:**

-3-

8.    List each of the State agencies or other governmental units with which plaintiff's attorneys have had an oral or written contractual arrangement or have been paid attorneys fees for any reason.  For each attorney, state the agency or governmental unit; whether the agreement is oral, written or the result of a court-ordered award; the length of the arrangement, if applicable; the terms of the arrangement, if applicable; and the compensation to be paid or that has been paid; whether this is paid on an hourly, lump sum, or other type of basis, giving the type of basis; and the date of the agreement or payment.

**RESPONSE:**

Respectfully submitted,

BRIAN GRAY,

Defendant,

LISA MADIGAN, Attorney General
State of Illinois,

Attorney for Defendant.

Karen L. McNaught #06200462
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Fax: (217) 524-5091
E-mail: kmcnaught@atg.state.il.us

s/Karen L. McNaught

By:_

KAREN L. McNAUGHT
Assistant Attorney General

-4-

## **CERTIFICATE OF SERVICE**

Karen McNaught, Assistant Attorney General, hereby certifies that she has served

a copy of the foregoing Interrogatories of Brian Gray to Plaintiff upon:

James P. Ginzkey
221 East Washington Street
Bloomington, IL 61701

by depositing a copy of same in a correctly addressed, prepaid envelope and depositing

same in the United States Mail in Springfield, Illinois, on November 29, 2006.

s/Karen L. McNaught

Karen McNaught
Assistant Attorney General

Karen McNaught
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217)782-1841

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

COMMERCE BANK, N.A.,                    )
                                        )
            Plaintiff,                  )
                                        )
    vs.                                 )    No. 06-CV-1103
                                        )
MICHAEL WIDGER, BRIAN GRAY,             )
and CHRISTOPHER CARMICHAEL,             )
                                        )

### INTERROGATORIES OF CHRISTOPHER CARMICHAEL TO PLAINTIFF

The plaintiff, Commerce Bank, is hereby notified to answer the following interrogatories separately and fully in writing, under oath and within thirty (30) days after service of these interrogatories, all in accordance with Federal Rule of Civil Procedure 33. These interrogatories may be answered in the space provided.

1.      State the full name (including any aliases and dates of those aliases), addresses, the dates of birth, and driver's license numbers of all persons who assisted in drafting responses and/or responding to the interrogatories.

**RESPONSE:**

2.      In Count I of the amended complaint, plaintiff has brought a wrongful death claim pursuant to 42 U.S.C. §1983. State all of the facts that support this claim and the names of the person or persons who will testify to each of these facts.

**EXHIBIT**

3

**RESPONSE:**

3.    In Count II of the amended complaint, plaintiff has alleged that David Green was forced to endure great conscious pain and suffering before his death and that he incurred medical expenses. State all of the facts that support these claim and the names of the person or persons who will testify to each of these facts.

**RESPONSE:**

4.    In Count III of the amended complaint, plaintiff has alleged that "defendants did not reasonably and adequately announce their presence in violation of the Fourth Amendment to the United States Constitution." State all of the facts that support this claim and the names of the person or persons who will testify to each of these facts.

**RESPONSE:**

5.    In Count V of the amended complaint, plaintiff has alleged that defendants assaulted and battered David Green. State all of the facts that support this claim and the names of the person or persons who will testify to each of these facts.

**RESPONSE:**

-2-

6.    At the time of the shooting of David Green by the defendants, state the exact location and positioning of David Green and the positions of each of the defendants and any other witnesses to the incident.  For each such entry, the names, addresses, and telephone numbers of the person or persons who will testify to this information.

**RESPONSE:**

7.    List all other facts that are not in the complaint that plaintiff will rely upon in support of its claims.

**RESPONSE:**

8.    List all of the physicians, mental health personnel, medical personnel, or

other health care professionals that have seen or treated Shelby Green and/or Chelsey Green as a result of the incidents alleged in the complaint in the case at bar. For each such entry, give the name, last known address, telephone number, type of service rendered, dates of service, payments made, and diagnosis.

**RESPONSE:**

Respectfully submitted,

CHRISTOPHER CARMICHAEL,

Defendant,

LISA MADIGAN, Attorney General
State of Illinois,

Karen L. McNaught #06200462          Attorney for Defendant.
Assistant Attorney General
500 South Second Street
Springfield, IL  62706                   s/Karen L. McNaught
Telephone:  (217) 782-1841       B
Fax: (217) 524-5091
E-mail: kmcnaught@atg.state.il.us        KAREN L. McNAUGHT
                                         Assistant Attorney General

-4-

## **CERTIFICATE OF SERVICE**

Karen McNaught, Assistant Attorney General, hereby certifies that she has served

a copy of the foregoing Interrogatories of Christopher Carmichael to Plaintiff upon:

James P. Ginzkey
221 East Washington Street
Bloomington, IL 61701

by depositing a copy of same in a correctly addressed, prepaid envelope and depositing

same in the United States Mail in Springfield, Illinois, on November 29, 2006.

s/Karen L. McNaught

Karen McNaught
Assistant Attorney General

Karen McNaught
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217)782-1841

**E-FILED**
Wednesday, 28 February, 2007  10:01:12 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

COMMERCE BANK, N.A.,                    )
                                        )
            Plaintiff,                  )
                                        )
    vs.                                 )        No. 06-CV-1103
                                        )
MICHAEL WIDGER, BRIAN GRAY,             )
and CHRISTOPHER CARMICHAEL,             )
                                        )
            Defendants.                 )

## DEFENDANTS' FIRST REQUEST TO PRODUCE

COME NOW the defendants, Michael Widger, Brian Gray, and Christopher

Carmichael, by and through their counsel, LISA MADIGAN, Attorney General of the State

of Illinois, and pursuant to Federal Rule of Civil Procedure 34, directs the plaintiff,

Commerce Bank, and its attorney to produce for inspection, copying, reproduction and

photographing at the Office of the Illinois Attorney General, 500 South Second Street,

Springfield, Illinois, 62706, thirty days after receipt of this request, the following documents,

objects or tangible things:

1.      All statements (whether signed or unsigned, written or recorded) of persons

having knowledge of the occurrence alleged in the complaint, the damages claimed, or any

other matters alleged in the complaint, with the exception of any statements made by

plaintiff's attorney to which he claims work product or other privilege.

**RESPONSE:**

2.      All other documents containing facts or opinions of persons having



knowledge of the occurrence alleged in the complaint, the damages claimed, or any other matters alleged in the complaint, including, but not limited to, notes or memoranda of conversations, untranscribed tapes, court reporter notes, and correspondence with such persons, with the exception of any documents made by plaintiff's attorney to which he claims work product or other privilege.

**RESPONSE:**

3.     Any books, reports, documents, articles or other information relied upon by persons having knowledge of the occurrence alleged in the complaint, the damages claimed, or any other matters alleged in the complaint.

**RESPONSE:**

4.     All reports, bills, records, or other documents, medical, mental health, or otherwise, which indicate the nature and extent of the injuries and damages claimed, with the exception of any reports, bills, records, or other documents made by plaintiff's attorney to which he claims work product or other privilege.

**RESPONSE:**

5.     All reports, bills, records, or other documents, medical or otherwise, which

relate to the medical, physical, or mental health condition of Shelby Green and/or Chelsey Green, with the exception of any reports, bills, records, or other documents made by plaintiff's attorney to which he claims work product or other privilege.

**RESPONSE:**

6.    All income tax records of David L. Green and/or the estate of David L. Green, including W-2 forms, for the seven (7) years preceding the date of June 23, 2005.

**RESPONSE:**

7.    All objects, photographs, videotapes, slides, motion pictures, diagrams, models, samples, drawings, or other things of a tangible nature relating to the matters alleged in the complaint.

**RESPONSE:**

8.    All documents relating to any investigation, testing, inspection, or examination of the David L. Green, the estate of David L. Green, Shelby Green, and/or Chelsey Green or objects related to the occurrences alleged in the complaint.

**RESPONSE:**

-3-

9.    All documents relating to any claim made at any time concerning the physical and mental condition of David L. Green, Shelby Green, and/or Chelsey Green, including, but not limited to, workers' compensation, social security, insurance, disability, or lawsuit claims.

**RESPONSE:**

10.    All unprivileged reports and notes of experts, correspondence to or from experts, test reports, authorities, books, articles, or other documents relied upon by experts relating to the matters alleged in the complaint.

**RESPONSE:**

11.    All notes, diaries, or other documents prepared by anyone other than plaintiff's attorneys pertaining to the incident complained of or the damages claimed.

**RESPONSE:**

12.    All reports, investigation summaries, memoranda, letters, notes, books, articles, tests, texts, written communications, or other authorities relating to matters alleged in the complaint, with the exception of any such documents to which plaintiff's attorney claims work product or other privilege.

-4-

**RESPONSE:**

13.    All documents referred to in ¶B of plaintiff's Initial Disclosures.  For each document, and if it is not apparent from the face of the document, indicate what the document is and the date such report was made and documented.

**RESPONSE:**

14.    Documents in your possession or control of all criminal or civil matters (but not traffic or misdemeanor cases) in which David L. Green, the estate of David L. Green, Linda Kay Green Mordue, Shelby Green, and/or Chelsey Green have been involved as a party or witness.  For each such matter, identify the case caption and docket number, date of proceedings, presiding judge, and name of court reporter who transcribed said proceedings, if it is not apparent from the face of the document.

**RESPONSE:**

15.    Any documents that plaintiff may be introducing at trial or using in any depositions in the case at bar.

**RESPONSE:**

-5-

16.    True and accurate copies of all notes, diaries, written correspondence, or other documentation of the events alleged in plaintiff's complaint.

**RESPONSE:**

17.    True and accurate copies of all documents that plaintiff, David L. Green, the estate of David L. Green, Linda Kay Green Mordue, Shelby Green, and/or Chelsey Green made as they relate to claims and allegations in the complaint, with the exception of any documents to which plaintiff's attorney claims a privilege or work product.

**RESPONSE:**

18.    All electronic mail, documents, and correspondence that Commerce Bank, Linda Kay Mordue, Shelby Green, and/or Chelsey Green have had with any person relating to the claims and allegations in the complaint.

**RESPONSE:**

19.    All documents that plaintiff, the estate of David L. Green, Linda Kay Green Mordue, Shelby Green, and/or Chelsey Green obtained from any personnel of the Illinois State Police, which include, but are not limited to, electronic mail. For each such document,

-6-

if it is not apparent from the face, identify to whom the document was directed, from whom the document was directed, and the date the document was received.

**RESPONSE:**

20.    All documents provided to any Illinois State Police division or employee to which plaintiff or its attorney made a complaint or inquiry that could be relevant to the allegations in the complaint filed at bar.

**RESPONSE:**

21.    All documents provided to any person or entity that relate to the allegations in the complaint, with the exception of those to which plaintiff's attorney claims a privilege or work product. For each such document, if it is not apparent from the face, identify to whom the document was directed, from whom the document was directed, and the date the document was sent.

-7-

**RESPONSE:**

22.    All pleadings, subpoenas, discovery requests, correspondence, or other written communications that plaintiff or its counsel has not previously served upon any defense counsel who has entered an appearance in this case. Such documents include, but are not limited to, subpoenas issued for witnesses or documents.

**RESPONSE:**

23.    The responses and documents obtained as a result of plaintiff or its counsel sending the subpoenas, discovery requests, correspondence, or other written communications as requested in paragraph 22 hereinabove. In responding to this request to produce, plaintiff need not produce the documents that Assistant Attorneys General have sent or will send to plaintiff's counsel.

**RESPONSE:**

-8-

24.  All accountings of child support payments David Green made for Shelby and/or Chelsey Green.

**RESPONSE:**

25.    Pictures, photographs, videotapes, or movies that depict David Green with Chelsey and/or Shelby Green.

**RESPONSE:**

26.    All accountings of the time plaintiff's attorney claims is attributable to this litigation.  In responding, plaintiff need not identify the subject matter of the hours claimed.

**RESPONSE:**

27.    True and accurate copies of all costs and expenses incurred by the plaintiff or any law firm that has represented it as a result of prosecuting the case at bar.

**RESPONSE:**

28.    True and accurate copies of all contracts that plaintiff, the estate of David L. Green, Linda Kay Green Mordue, Shelby Green, and/or Chelsey Green have had with any

attorney representing it in the case at bar.

**RESPONSE:**


29.    True and accurate copies of all written contracts that any of the attorneys

representing plaintiff, the estate of David L. Green, Linda Kay Green Mordue, Shelby Green,

and/or Chelsey Green in the case at bar has or has had with any governmental unit or

agency.

**RESPONSE:**


Respectfully submitted,

MICHAEL WIDGER, BRIAN GRAY, AND
CHRISTOPHER CARMICHAEL,

Defendants,

LISA MADIGAN, Attorney General
State of Illinois,

Karen L. McNaught #06200462                    Attorney for Defendants.
Assistant Attorney General
500 South Second Street
Springfield, IL 62706                                   s/Karen L. McNaught
Telephone: (217) 782-1841              By:_____
Fax: (217) 524-5091                              KAREN L. McNAUGHT
E-mail: kmcnaught@atg.state.il.us        Assistant Attorney General

-10-

## **CERTIFICATE OF SERVICE**

Karen McNaught, Assistant Attorney General, hereby certifies that she has served

a copy of the foregoing Defendants' First Request to Produce upon:

James P. Ginzkey
221 East Washington Street
Bloomington, IL 61701

by depositing a copy of same in a correctly addressed, prepaid envelope and depositing

same in the United States Mail in Springfield, Illinois, on November 29, 2006.

s/Karen L. McNaught

Karen McNaught
Assistant Attorney General

Karen McNaught
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217)782-1841

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 -1103 |
| | ) | |
| MICHAEL WIDGER, BRIAN GRAY, | ) | |
| and CHRISTOPHER CARMICHAEL, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S ANSWERS TO WIDGER INTERROGATORIES

NOW COMES plaintiff, COMMERCE BANK, N.A., by its attorney, James P. Ginzkey,

answering interrogatories propounded by defendant MICHAEL WIDGER, as follows:

1.    State the full 'name (including any aliases and dates of those aliases),addresses, the

dates of birth, and driver's license numbers of all persons who assisted in drafting responses and/or

responding to the interrogatories.

RESPONSE:  **Linda Kay Mordue, 2018 W. Rohmann Avenue, W. Peoria, IL 61604**
**DOB: 5/25/57**
**DLN: M630-5315-7749**

**James P. Ginzkey**

2.    State in detail what is known by each of the persons that you listed in ¶A of plaintiff's

Initial Disclosures.

RESPONSE:  **Objection. This request seeks information which should properly be obtained**
**through deposition. Without waiving this objection, see plaintiff's Initial**
**Disclosures and the Illinois State Police Division of Internal Investigation**
**report(s) (hereafter DII report(s)).**

**EXHIBIT**

tabbies

5

3.     List all of the witnesses that plaintiff expects to testify at trial, stating with particularity what each is expected to testify. In responding to this interrogatory, give the address and telephone number where this person can be located.

RESPONSE:  See plaintiff's Rule 26 Initial Disclosures. Plaintiff reserves the right to identify additional witnesses and subject matter of testimony at a future date. Investigation continues. Additionally, at the conclusion of discovery, plaintiff will prepare and serve Rule 26(a)(2) disclosures.

4.     List all other lawsuits, legal actions, or administrative actions in which David L. Green, the estate of David L. Green, Linda Kay Green Mordue, Shelby Green and/orChelsey Green have been involved. For each entry, state the name of the case, the forum or court, the docket number, and the function or capacity in which the person was involved, and the disposition of the case.

RESPONSE:  **David L. Green:**

- People v. David Green (defendant), burglary-conviction, 79 CF 1180;
- People v. David Green (defendant), Poss. firearm in bar/unlawful use of weapons-not guilty, Peoria Co 80 CF 6185 (see DII report(s) for additional information re criminal charges)
- Linda K. Green v. David L. Green (defendant), dissolution of marriage, Peoria Co. no. 98 D 435;
- David L. Green (plaintiff) v. Tonya Green, dissolution of marriage, Peoria case no. 03 D 543;and
- David and Linda Green, bankruptcy, U.S. District Court, Peoria division, case no 97-8-0052;
- David Green (plaintiff) v. (unknown defendant), personal injury action stemming from an automobile accident in 1996, Peoria Co. no. unknown. Case settled.

**Linda Kay (Green) Mordue:**

- Linda Snyder (n/k/a Mordue) (plaintiff) v. John R. Snyder; dissolution of marriage, Peoria County, approximately 1978, case number unknown;
- Linda Kumpf (n/k/a Mordue)(plaintiff) v. Robert Kumpf, dissolution of marriage, Peoria Co. no. 81 D 2912;
- Linda K. Green (plaintiff) v. David L. Green, see above;
- Daniel Kelts v. Linda Kelts (defendant), dissolution of marriage, Peoria Co. no. 04 D 682; and
- David and Linda Green, bankruptcy (see above)

**Estate of David Green, Linda Mordue, Administrator, Fulton Co. no. 05 P 64**

**Shelby and Chelsey Green (as victims) were the subject of an investigation into sexual abuse by another minor by the Department of Children and Family Services in 2001. (See DII for additional information).**

5.    In paragraph 2 of the amended complaint, plaintiff claims that "defendants shot and killed David Green without legal cause or excuse and made an unreasonable seizure of the person David Green, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and assaulted and battered David Green."State all of the facts that support these claims and the person or persons who will testify to each of these facts.

RESPONSE:  **See plaintiff's Amended Complaint, Rule 26 Initial Disclosures, and DII report(s) .**

6.    In paragraph 9 of the amended complaint, plaintiff has alleged that David Green was disoriented. State all of the facts that support this claim and the names of the person or persons who will testify to each of these facts.

RESPONSE:  **The DII report(s) indicate that at least one "flash bang" device was detonated in the Green residence upon entry and that another "flash bang" device was detonated into the hole in which David Green was allegedly hiding. All persons present at the time of these events are expected to testify to these facts.**

7.    In paragraph 10 of the amended complaint, plaintiff has alleged that the defendants had "no legal cause or excuse to fatally shoot David Green." State all of the facts that support this claim and the names of the person or persons who will testify teach of these facts.

RESPONSE:  **See answer to 5 above.**

8.    List all of the witnesses and give their respective addresses and telephone numbers who were present at the scene when David Green was shot who can testify that he did not threaten to shoot the defendants.

RESPONSE:  **See answer to 5 above.**

9.      List all of the witnesses and give their respective addresses and telephone numbers who were present at the scene when David Green was shot who can testify that David Green was not in the possession of a loaded weapon (9mm caliber Ruger).

RESPONSE:  **See answer to 5 above.**

10.      List all of the witnes.ses and give their respective addresses and telephone numbers who were present at the scene when David Green was shot who can testify that David Green was not ready to fire that weapon at the defendants.

RESPONSE:  **See answer to 5 above.**

11.      In Count I of the amended complaint, plaintiff has brought a wrongful death claim pursuant to 42 U.S.C. §1983. State all of the facts that support this claim and the names of the person or persons who will testify to each of these facts.

RESPONSE:  **See answer to 5 above.**

12.      In Count II of the amended complaint, plaintiff has alleged that David Green was forced to endure great conscious pain and suffering before his death and that he incurred medical expenses. State all of the facts that support these claim and the names of the person or persons who will testify to each of these facts.

RESPONSE:  **See autopsy report conducted 6/24/05, already in defendant's possession, which reflects multiple gunshot wounds to be non-fatal in nature.  Plaintiff expects that all persons present at the time of the shooting, all medical personnel who attended to David Green following the shooting, and all persons present at the autopsy may be called to testify related to these facts.  See also DII report(s).**

**Plaintiff is unaware of the amount charged by Lifeflight and OSF St. Francis for the Lifeflight helicopter and nurses dispatched to the scene.  Funeral expenses in the amount of $3,863.98 were also incurred.**

13.      In Count III of the amended complaint, plaintiff has alleged that "defendants did not

reasonably and adequately announce their presence in violation of the Fourth Amendment to the

United States Constitution." State all of the facts that support this claim and the names of the person

or persons who will testify to each of these facts.

RESPONSE:  **See answer to 5 above.**

14.    In Count V of the amended complaint, plaintiff has alleged that defendants assaulted

and battered David Green. State all of the facts that support this claim and the names of the person

or persons who will testify to each of these facts.

RESPONSE:  **David Green suffered  multiple gunshot wounds to the upper torso and
extremities at the hands of defendants. All persons present at the time of the
shooting, and all persons identified in the DII report(s) as having witnessed
David Green's body following the shooting may be called to testify to these facts.
See also answer to 5 above.**

15.    List all other facts that are not in the complaint that plaintiff will rely upon in support

of its claims.

RESPONSE:  **Objection. This request is premature. Investigation continues. Without waiving
this objection see answer to 5 above.**

16.    List all of the physicians, mental health personnel, medical personnel, or other health

care professionals that have seen or treated Shelby Green and/or Chelsey Green as a result of the

incidents alleged in the complaint in the case at bar. For each such entry,. give the name, last known

address, telephone number, type of service rendered, dates of service, payments made, and diagnosis.

RESPONSE:  **Neither Shelby or Chelsey Green has consulted a physician or mental health
professional as a result of the incidents alleged in the complaint, but have relied
on their family and faith for support.**

14.[*sic*]    List all of the damages claimed in the complaint, specifying the amount of

damages claimed for each entry.

RESPONSE:  **Plaintiff claims all compensable damages under the Illinois Wrongful
Death Act including David Green's  daughters' loss of his income,**

services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and for funeral and burial expenses under the common law of Illinois and the Illinois Wrongful Death Act. Plaintiff further claims all compensable damages under the Illinois Survival Act for his conscience pain and suffering, including compensatory and punitive damages, costs of this action and attorneys fees related to Counts I and II.

The specific amounts of damages are unknown at the present time, and continue to accrue.

15.[*sic*]    State the fee arrangement between plaintiff and each of its attorneys. In responding to this interrogatory, be specific in the terms of the fee agreement and contractual provisions and to which attorney each refers. If this is a contingency agreement, state the hourly rate that your attorney will charge the defendant, should you prevail and be awarded attorney's fees pursuant to 42 U.S.C. §1988. If this fee is more than the hourly rate the attorney customarily charges his clients, state the bases upon which the attorney will rely for this adjustment.

RESPONSE: **Objection. This request violates attorney-client privilege.**

16.[*sic*]    State the contractual hourly fee does [*sic*] each attorney representing plaintiff regularly and customarily charge his clients. For each such response, state to which attorney you are referring and the type of law for which this payment was made.

RESPONSE: **Complex civil matters are billed at $200 per hour for attorney services and $100.00 per hour for paralegal services.**

17.    List each of the State agencies or other governmental units with which plaintiff's attorneys have had an oral or written contractual arrangement or have been paid attorneys fees for any reason. For each attorney, state the agency or governmental unit; whether the agreement is oral, written or the result of a court-ordered award; the length of the arrangement, if applicable; the terms of the arrangement, if applicable; and the compensation to be paid or that has been paid; whether

this is paid on an hourly, lump sum, or other type of basis, giving the type of basis; and the date of

the agreement or payment.

RESPONSE: **Objection. This request is not relevant or calculated to lead to relevant information.**

Commerce Bank N.A., Plaintiff

s/James P. Ginzkey

By:

James P. Ginzkey
Bar Number: 3124355
Attorney for Plaintiff
221 E. Washington St.
Bloomington, Illinois 61701
Telephone: (309)821-9707
Fax: (309)821-9708
E-mail: jim@jimginzkey.com

I:\CLIENTS\Green, D (Commerce Bank)\AnswersWidgerInterrog.wpd

STATE OF ILLINOIS          )
                           ) ss
COUNTY OF McLEAN           )

### PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served on:

Karen L. McNaught
Illinois Attorney General
500 S. Second Street
Springfield, IL 62706

attorney(s) of record, by enclosing the same in an envelope addressed to such persons, with postage fully prepaid; and by depositing said envelope in the United States Post Office at Bloomington, Illinois, at or about the hour of 5:00 o'clock P.M. on the _____ 5th day of February, 2007                    s/signature

Subscribed and sworn to before me
this _Sth_ day of February, 2007

s/Susan Rasor

"OFFICIAL SEAL"
Susan Rasor
Notary Public, State Of Illinois
My Commission Expires 03/05/08

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

COMMERCE BANK, N.A., )
)
               Plaintiff, )
)
      v. )           No. 06 -1103
)
MICHAEL WIDGER, BRIAN GRAY, )
and CHRISTOPHER CARMICHAEL, )
)
             Defendants. )

### PLAINTIFF'S ANSWERS TO GRAY INTERROGATORIES

NOW COMES plaintiff, COMMERCE BANK, N.A., by its attorney, James P. Ginzkey,

answering interrogatories propounded by defendant BRIAN GRAY, as follows:

1.     State the full name (including any aliases and dates of those aliases), addresses, the

dates of birth, and driver's license numbers of all persons who assisted in drafting responses and/or

responding to the interrogatories.

RESPONSE:  **Linda Kay Mordue, 2018 W. Rohmann Avenue, W. Peoria, IL 61604**
                **DOB: 5/25/57**
                **DLN: M630-5315-7749**

                **James P. Ginzkey**

2.     List all of the damages claimed in the complaint, specifying the amount of damages

claimed for each entry.

RESPONSE:  **Plaintiff claims all compensable damages under the Illinois Wrongful
                Death Act including David Green's daughters' loss of his income,
                services, protection, care, assistance, society, companionship, comfort,
                guidance, counsel and advice, and for funeral and burial expenses under
                the common law of Illinois and the Illinois Wrongful Death Act. Plaintiff
                further claims all compensable damages under the Illinois Survival Act**

EXHIBIT

tabbies

6

for his conscience pain and suffering, including compensatory and punitive damages, costs of this action and attorneys fees related to Counts I and II.

The specific amounts of damages are unknown at the present time, and continue to accrue.

3.    List all of the sporting events, special church events (such as baptism, reconciliation, first communion, confirmation, etc.), celebrations, parent-teacher conferences, or other extracurricular activities in which David Green attended to be with Shelby and Chelsey Green since June 16,1998. For each such event, state the date of the event; the place of the event; the type of event; the place of the event; and the names, addresses, and telephone numbers of other persons present at the event; and the child for whom this event David Green attended.

RESPONSE:    David Green attended his daughters baptisms,  pre-school and church programs.  He also attended numerous school events ( such as band programs, school plays, parent-teacher conferences, and graduations) and karate lessons. Plaintiff does not have exact dates, times or names of other persons present for each event. Additionally, David Green spent holidays, such as Father's Day and Christmas with his daughters.

4.    List all of the gifts that David Green purchased for Shelby and Chelsey Green since June 16, 1998. For each such gift, give the date the gift was given, the reason the gift was given (birthday, Christmas, other holiday or special occasion), to whom the gift was given (Shelby or Chelsey), and the approximate value of the gift.

RESPONSE:    David Green presented gifts or flowers to his daughters for Valentine's Day, Easter, Christmas, birthdays and graduations. The following is a representative list of the gifts given by David Green to his daughters at various times and for various holidays and occasions (values are estimated): numerous music CDs - $15 each; Nintendo game unit - $200; Nintendo games - $50 each; Gameboy unit - $100; Gameboy games - $30 - $40 each; Game Cube unit - $150; Game Cube games - $50 each; bicycles - $100 each; karate equipment - cost unknown; weight bag - $100; punching bag - $50; headgear and gloves - $50; electric guitars - $2,500; guitar amplifier - $250; movie numerous movid DVDs - $20 each; swimming pool (May, 2005) - $175; clothes, toys, stuffed animals - quantity and cost unknown. Additionally, in the years preceding his death, for

**each of his daughters' birthdays, David Green shared the cost of a hotel room
with the children's mother, for the family to stay in.**

**David Green also gave monetary gifts to his daughters as a reward for good
grades on their report cards.**

5.      List all of the child support payments made by David Green. For each such entry, give
the amount of the payment, the date of the payment, to whom the payment was made, and the method
of payment (cash, check, cashier's check, etc.). If the method of payment was by check, give the
account number on which the check was drawn and state whether the check cleared the bank.

RESPONSE:   **See accounting of child support payments attached to Plaintiff's Response to
Request to Produce.**

6.      State the fee arrangement between plaintiff and each of its attorneys. In responding
to this interrogatory, be specific in the terms of the fee agreement and contractual provisions and to
which attorney each refers. If this is a contingency agreement, state the hourly rate that your attorney
will charge the defendant, should you prevail and be awarded attorney's fees pursuant to 42 U.S.C.
§1988. If this fee is more than the hourly rate the attorney customarily charges his clients, state the
bases upon which the attorney will rely for this adjustment.

RESPONSE:   **Objection. This request violates attorney-client privilege.**

7.      State the contractual hourly fee does each attorney representing plaintiff regularly and
customarily charge his clients. For each such response, state to which attorney you are referring and
the type of law for which this payment was made.

RESPONSE:   **Complex civil matters are billed at $200.00 per hour for attorney services and
$100.00 per hour for paralegal services.**

8.      List each of the State agencies or other governmental units with which plaintiff's
attorneys have had an oral or written contractual arrangement or have been paid attorneys fees for any
reason. For each attorney, state the agency or governmental unit; whether the agreement is oral,

written or the result of a court-ordered award; the length of the arrangement, if applicable; the terms

of the arrangement, if applicable; and the compensation to be paid or that has been paid; whether this

is paid on an hourly, lumpsum, or other type of basis, giving the type of basis; and the date of the

agreement or payment.

RESPONSE:  **Objection.  This request is not relevant or calculated to lead to relevant
             information.**

Commerce Bank N.A., Plaintiff

By
s/James P. Gizkey

James P. Ginzkey
Bar Number: 3124358
Attorney for Plaintiff
221 E. Washington St.
Bloomington, Illinois 61701
Telephone: (309)821-9707
Fax: (309)821-9708
E-mail: jim@jimginzkey.com

I:\CLIENTS\Green, D (Commerce Bank)\AnswersGrayInterrog.wpd

STATE OF ILLINOIS                )
                                 ) ss
COUNTY OF McLEAN                 )

### PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served on:

Karen L. McNaught
Illinois Attorney General
500 S. Second Street
Springfield, IL 62706

attorney(s) of record, by enclosing the same in an envelope addressed to such persons, with postage fully prepaid; and by depositing said envelope in the United States Post Office at Bloomington, Illinois, at or about the hour of 5:00 o'clock P.M. on the _____5th_____ day of February, 2007

s/signature

Subscribed and sworn to before me

s/Susan Rasor

OFFICIAL SEAL
Susan Rasor
Notary Public, State Of Illinois
My Commission Expires 03/05/09

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

COMMERCE BANK, N.A.,                    )
                                        )
               Plaintiff,       )
                                        )
     v.                               )      No. 06 -1103
                                        )
MICHAEL WIDGER, BRIAN GRAY,             )
and CHRISTOPHER CARMICHAEL,             )
                                        )
              Defendants.       )

### PLAINTIFF'S ANSWERS TO CARMICHAEL INTERROGATORIES

NOW COMES plaintiff, COMMERCE BANK, N.A., by its attorney, James P. Ginzkey,

answering interrogatories propounded by defendant, CHRISTOPHER CARMICHAEL, as follows:

1.     State the full name (including any aliases and dates of those aliases),addresses, the

dates of birth, and driver's license numbers of all persons who assisted in drafting responses and/or

responding to the interrogatories.

RESPONSE:  **Linda Kay Mordue, 2018 W. Rohmann Avenue, W. Peoria, IL 61604**
               **DOB: 5/25/57**
               **DLN: M630-5315-7749**

               **James P. Ginzkey**

2.     In Count I of the amended complaint, plaintiff has brought a wrongful death claim

pursuant to 42 U.S.C. §1983. State all of the facts that support this claim and the names of the person

or persons who will testify to each of these facts.

RESPONSE:  **See plaintiff's Amended Complaint, Rule 26 Initial Disclosures, and Illinois**
               **State Police Division of Internal Investigation report(s) (hereafter DII report(s)).**
               **See also plaintiff's response to defendant's Motion to Strike.**

3.     In Count II of the amended complaint, plaintiff has alleged that David Green was



**EXHIBIT**

7

forced to endure great conscious pain and suffering before his death and that he incurred medical

expenses. State all of the facts that support these claim and the names of the person or persons who

will testify to each of these facts.

RESPONSE:   **See autopsy report conducted 6/24/05, already in defendant's possession, which reflects multiple gunshot wounds to be non-fatal in nature. Plaintiff expects that all persons present at the time of the shooting, all medical personnel who attended to David Green following the shooting, and all persons present at the autopsy may be called to testify related to these facts. See also DII report(s).**

4.     In Count III of the amended complaint, plaintiff has alleged that "defendants did not

reasonably and adequately announce their presence in violation of the Fourth Amendment to the

United States Constitution." State all of the facts that support this claim and the names of the person

or persons who will testify to each of these facts.

RESPONSE:   **See plaintiff's Amended Complaint, Rule 26 Initial Disclosures, and DII report(s).**

5.     In Count V of the amended complaint, plaintiff has alleged that defendants assaulted

and battered David Green. State all of the facts that support this claim and the names of the person

or persons who will testify to each of these facts.

RESPONSE:   **David Green suffered multiple gunshot wounds to the upper torso and extremities at the hands of defendants. All persons present at the time of the shooting, and all persons identified in the DII report(s) as having witnessed David Green's body following the shooting may be called to testify to these facts.**

6.     At the time of the shooting of David Green by the defendants, state the exact location

and positioning of David Green and the positions of each of the defendants and any other witnesses

to the incident. For each such entry, the names, addresses, and telephone numbers of the person or

persons who will testify to this information.

RESPONSE:   **To date, plaintiff has no information responsive to this request other than as**

contained in the DII report(s).  **Investigation continues.**

7.  List all other facts that are not in the complaint that plaintiff will rely upon in support of its claims.

RESPONSE:  **Objection. This request is premature. Investigation continues.  Without waiving this objection see answer to 4 above.**

8.  List all of the physicians, mental health personnel, medical personnel, or other health care professionals that have seen or treated Shelby Green and/or Chelsey Green as a result of the incidents alleged in the complaint in the case at bar. For each such entry, give the name, last known address, telephone number, type of service rendered, dates of service, payments made, and diagnosis.

RESPONSE:  **Neither Shelby or Chelsey Green has consulted a physician or mental health professional as a result of the incidents alleged in the complaint, but have relied on their family and  faith for support.**

                            Commerce Bank N.A., Plaintiff

                            s/James P. Ginzkey

                            James P. Ginzkey
                            Bar Number: 3124355
                            Attorney for Plaintiff
                            221 E. Washington St.
                            Bloomington, Illinois  61701
                            Telephone: (309)821-9707
                            Fax: (309)821-9708
                            E-mail: jim@jimginzkey.com

I:\CLIENTS\Green, D (Commerce Bank)\AnswersCarmichaelInterrog.wpd

STATE OF ILLINOIS          )
                           ) ss
COUNTY OF McLEAN           )

### PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served on:

Karen L. McNaught
Illinois Attorney General
500 S. Second Street
Springfield, IL 62706

attorney(s) of record, by enclosing the same in an envelope addressed to such persons, with postage fully prepaid; and by depositing said envelope in the United States Post Office at Bloomington, Illinois, at or about the hour of 5:00 o'clock P.M. on the _____ 5th _____ day of February, 2007

s/signature

Subscribed and sworn to before me
this ____ day of February, 2007

s/Susan Rasor

{ My Commission Expires 03/05/09 }

E-FILED
Wednesday, 28 February, 2007  10:02:29 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

COMMERCE BANK, N.A.,                )
                                    )
            Plaintiff,              )
                                    )
    v.                              )        No. 06 -1103
                                    )
MICHAEL WIDGER, BRIAN GRAY,         )
and CHRISTOPHER CARMICHAEL,         )
                                    )
            Defendants.             )

### PLAINTIFF'S RESPONSE TO DEFENDANTS'
### FIRST REQUEST TO PRODUCE

NOW COMES plaintiff, COMMERCE BANK, N.A., by its attorney, James P. Ginzkey,

responding to the request to Produce propounded by defendants, MICHAEL WIDGER,

CHRISTOPHER CARMICHAEL, and BRIAN GRAY, as follows:

1.      All statements (whether signed or unsigned, written or recorded) of persons having

knowledge of the occurrence alleged in the complaint, the damages claimed, or any other matters

alleged in the complaint, with the exception of any statements made by plaintiff's attorney to which

he claims work product or other privilege.

RESPONSE:  **None other than those contained in the Illinois State Police Division of Internal
Investigation Report(s) (hereafter "DII report(s)") already in defendants' or
their attorney's possession and not reproduced here.**

2.      All other documents containing facts or opinions of persons having knowledge of the

occurrence alleged in the complaint, the damages claimed, or any other matters alleged in the,

complaint, including, but not limited to, notes or memoranda of conversations, untranscribed tapes,

court reporter notes, and correspondence with such persons, with the exception of any documents

made by plaintiff's attorney to which he claims work product or other privilege.

**EXHIBIT**

**8**

RESPONSE:   **None other than those attached or referred to elsewhere in this response or protected by work product or attorney-client privilege.**

3.      Any books, reports, documents, articles or other information relied upon by persons having knowledge of the occurrence alleged in the complaint, the damages claimed, or any other matters alleged in the complaint.

RESPONSE:   **See DII Report(s).**

4.      All reports, bills, records, or other documents, medical, mental health, or otherwise, which indicate the nature and extent of the injuries and damages claimed, with the exception of any reports, bills, records, or other documents made by plaintiff's attorney to which he claims work product or other privilege.

RESPONSE:   **See autopsy report and photographs already in the possession of defendants or their attorneys and not reproduced here. See also attached funeral bill.**

5.      All reports, bills, records, or other documents, medical or otherwise, which relate to the medical, physical, or mental health condition of Shelby Green and/or Chelsey Green, with the exception of any reports, bills, records, or other documents made by plaintiff's attorney to which he claims work product or other privilege.

RESPONSE:   **None other than the attached bills for dental, orthodontia, and vision care incurred on behalf of the children since David Green's death, for which he would otherwise have been responsible for payment.**

6.      All income tax records of David L. Green and/or the estate of David L. Green, including W-2 forms, for the seven (7) years preceding the date of June 23, 2005.

RESPONSE:   **Attached are Schedules A & C and Form 8829 for 2001 and the joint federal and state tax returns for 2002 of David and Tonya Green. Plaintiff has no other documents responsive to this request.**

7.      All objects, photographs, videotapes, slides, motion pictures, diagrams, models, samples, drawings, or other things of a tangible nature relating to the matters alleged in the complaint.

RESPONSE:  **Photographs and a video taken of the premises following the events described in plaintiff's complaint are available for review upon reasonable notice at the office of plaintiff's attorney.**

8.    All documents relating to any investigation, testing, inspection, or examination of David L. Green, the estate of David L. Green, Shelby Green, and/or Chelsey Green or objects related to the occurrences alleged in the complaint.

RESPONSE:  **See DII report(s).  See also attached Blood Stain Detection and Genetic Identification report.**

9.    All documents relating to any claim made at any time concerning the physical and mental condition of David L. Green, Shelby Green, and/or Chelsey Green, including, but not limited to, workers' compensation, social security, insurance, disability, or lawsuit claims.

RESPONSE:  **Objection.  This request is overly broad and not reasonably limited in time or nature of condition.  Without waiving this objection, plaintiff states that it is in the process of gathering medical records for David Green related to automobile accidents in 1996 and 2002.  Investigation continues.**

10.    All unprivileged reports and notes of experts, correspondence to or from experts, test reports, authorities, books, articles, or other documents relied upon by experts relating to the matters alleged in the complaint.

RESPONSE:  **Objection. Plaintiff will prepare and serve Rule 26(a)(2) Disclosures at the close of discovery.**

11.    All notes, diaries, or other documents prepared by anyone other than plaintiff's attorneys pertaining to the incident complained of or the damages claimed.

RESPONSE:  **None other than attached or referred to elsewhere in this response.**

12.    All reports, investigation summaries, memoranda, letters, notes, books, articles, tests, texts, written communications, or other authorities relating to matters alleged in the complaint, with the exception of any such documents to which plaintiff's attorney claims work product or other privilege.

RESPONSE:  **See documents attached or referred to elsewhere in this response. Additionally, plaintiff will prepare and serve Rule 26(a)(2) Disclosures at the close of discovery.**

    13.    All documents referred to in ¶B of plaintiff's Initial Disclosures. For each document, and if it is not apparent from the face of the document, indicate what the document is and the date such report was made and documented.

RESPONSE:  **See Blood Stain Detection and Genetic Identification report attached to 8 above.**

    **David Green's medical records as identified in ¶B.4. have been requested and will be sent under separate cover.**

    **All other documents referred to in ¶B of plaintiff's Initial Disclosures are already in the possession of defendants or attached or referred to elsewhere in this response.**

14.    Documents in your possession or control of all criminal or civil matters (but not traffic or misdemeanor cases) in which David L. Green, the estate of David L. Green, Linda Kay Green Mordue, Shelby Green, and/or Chelsey Green have been involved as a party or witness. For each such matter, identify the case caption and docket number, date of proceedings, presiding judge, and name of court reporter who. transcribed said proceedings, if it is not apparent from the face of the document.

RESPONSE:  **Objection.  This request is overly broad and ambiguous and not reasonably limited in time or nature of matter.  Without waiving this objection see attached:**

    **Linda K. and David L. Green, Peoria County no. 98 D 438:**

-     **Stipulation to Modify Judgment of Dissolution**
-     **Order Modifying Judgment of Dissolution**
-     **Joint Parenting Agreement**
-     **Agreed Order**

    **David L. and Tonya R. Green, Peoria County no. 03 D 543:**

-     **Petition for Dissolution of Marriage**
-     **Entry of Appearance and Waiver**
-     **Judgment for Dissolution of Marriage**

- **Marital Settlement Agreement**

**Documents filed in the Estate of David Green, Fulton County no. 05 P 64**

**See DII report(s) for additional records related to any criminal charges filed against David Green.**

15.    Any documents that plaintiff may be introducing at trial or using in any depositions in the case at bar.

RESPONSE:  **Objection.  This request is premature.  Investigation continues.**

16.    True and accurate copies of all notes, diaries, written correspondence, or other documentation of the events alleged in plaintiff's complaint.

RESPONSE:  **None other than attached or referred to elsewhere in this response or protected by attorney-client or work product privilege.**

17.    True and accurate copies of all documents that plaintiff, David L. Green, the estate of David L. Green, Linda Kay Green Mordue, Shelby Green, and/or Chelsey Green made as they relate to claims and allegations in the complaint, with the exception of any documents to which plaintiff's attorney claims a privilege or work product.

RESPONSE:  **See response to 16 above.**

18.    All electronic mail, documents, and correspondence that Commerce Bank, Linda Kay Mordue, Shelby Green, and/or Chelsey Green have had with any person relating to the claims and allegations in the complaint.

RESPONSE:  **See request for information made by Linda Mordue to the Illinois State Police attached to 19 below.**

19.    All documents that plaintiff, the estate of David L. Green, Linda Kay Green Mordue, Shelby Green, and/or Chelsey Green obtained from any personnel of the Illinois State Police, which include, but are not limited to, electronic mail. For each such document, if it is not apparent from the face, identify to whom the document was directed, from whom the document was directed, and the

date the document was received.

RESPONSE: **See attached fax from Bridget DePriest, FOI Officer, Illinois State Police consisting of:**

- **Cover sheet to James Ginzkey;**
- **Illinois State Police response to Freedom of Information Request; and**
- **Request for information from Linda Mordue, with supporting documents.**

20. All documents provided to any Illinois State Police division or employee to which plaintiff or its attorney made a complaint or inquiry that could be relevant to the allegations in the complaint filed at bar.

RESPONSE: **See response to 18 and 19 above.**

21. All documents provided to any person or entity that relate to the allegations in the complaint, with the exception of those to which plaintiff's attorney claims a privilege or work product. For each such document, if it is not apparent from the face, identify to whom the document was directed, from whom the document was directed, and the date the document was sent.

RESPONSE: **None other than attached or referred to elsewhere in this response.**

22. All pleadings, subpoenas, discovery requests, correspondence, or other written communications that plaintiff or its counsel has not previously served upon any defense counsel who has entered an appearance in this case. Such documents include, but are not limited to, subpoenas issued for witnesses or documents.

RESPONSE: **See attached:**

- **Subpoenas to:**

    - **William Arndt, c/o Fulton County Sheriff's Department;**
    - **John R. Clark, Fulton County State's Attorney; and**
    - **Charles E. Brueggmann, Illinois State Police.**

STATE OF ILLINOIS          )
                           ) ss
COUNTY OF McLEAN           )

### PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served on:

Karen L. McNaught
Illinois Attorney General
500 S. Second Street
Springfield, IL 62706

attorney(s) of record, by enclosing the same in an envelope addressed to such persons, with postage fully prepaid; and by depositing said envelope in the United States Post Office at Bloomington, Illinois, at or about the hour of 5:00 o'clock P.M. on the 5th day of February, 2007

s/signature

Subscribed and sworn to before me
this 5th day of February, 2007

s/Susan Rasor



# OFFICE OF THE ATTORNEY GENERAL
### STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

February 22, 2007

**BY ELECTRONIC AND U.S. MAIL**

James P. Ginzkey
221 East Washington Street
Bloomington, IL 61701

Re:  *Commerce Bank, NA v. Widger, et al.*
     No. 06-1103

Dear Mr. Ginzkey:

Pursuant to our conversation on February 16, 2007, I request that you give more complete responses to the discovery requests tendered to your client. At the conclusion of our conversation, you requested that I commit my comments to writing.

During our conversation, you told me that you would "think about" my concerns regarding your discovery responses. You gave me no date by which you would supplement any responses. As you know, the standing order requires that I file a motion to compel, if any, within 60 days after your responses are due. I ask that you send me the items requested herein by February 26, 2007.

**Request to Produce**

Item #2:      You claim there are documents protected by a privilege. Although these documents need not necessarily be produced, you are obligated to make a privilege log and produce it to me.

Item #7:      Your response indicates that I can come to your office to view the documents. The request to produce indicated you were to send the documents to my office within 30 days of the request. You did not object timely, nor did you produce the documents at my office. Please send me copies that I can keep or produce the originals in my office.

**EXHIBIT**

**9**

James P. Ginzkey
Page 2

Item #9:     You waived your objection by not responding timely.  I believe the mental
             conditions of David Green, Shelby Green, and Chelsey Green are in issue
             in this case.  However, if you agree that you will not seek damages for
             emotional distress other related claims as to the children, please advise.  I
             still believe the mental condition of David Green is in issue and should be
             produced.

Item #10:    Giving discovery at the close of discovery is too late for me to evaluate
             whether to take depositions.  I requested information in your possession at
             this time.  Your objection was not timely served.

Item #12:    Giving discovery at the close of discovery is too late for me to evaluate
             whether to take depositions.  I requested information in our possession at
             this time.

Item #14:    You objected and produced documents.  Your objection was not timely
             made.  Thus, if you have other documents, please produce them.

Item #15:    Your objection was not timely made.  If you have any such documents that
             comply with this request, please produce them.

Item #16:    You claim there are documents protected by a privilege.  Although these
             documents need not necessarily be produced, you are obligated to make a
             privilege log and produce it to me.

Item #17:    You claim there are documents protected by a privilege.  Although these
             documents need not necessarily be produced, you are obligated to make a
             privilege log and produce it to me.

Item #23:    I do not know what the Fulton County State's Attorney produced to you.
             During this case, you have alleged that I have something different than you
             do.  I ask that you send me all of the documents that comply with this
             request.

Item #25:    Your response indicates that I can come to your office to view the
             documents.  The request to produce indicated you were to send the
             documents to my office within 30 days of the request.  You did not object
             timely, nor did you produce the documents at my office.  Please send me
             copies that I can keep or produce the originals in my office.

Item #26:    You did not send me anything under separate cover.  In addition, please
             remember that you have a continuing obligation to supplement.

James P. Ginzkey
Page 3

Item #27:    You did not send me anything under separate cover. In addition, please remember that you have a continuing obligation to supplement.

Item #28:    I do not believe there is authority that the contract for services are protected by attorney-client privilege. This request is proper, since you have requested attorney's fees. If you do not send me the information requested or immediately send me citations to the authority upon which you are relying, I will ask the court to strike any request for attorneys' fees and costs.

Item #29:    Your objection was not timely made and has been waived. In addition, if you do not send me the information requested, I will ask the court to strike any request for attorneys' fees and costs.

**Interrogatories from Christopher Carmichael**

Item #2:    Your response contains no factual information. Please respond with specific facts. If you are relying upon specific information in the DII report, please specify exactly where this information is contained so that I know to what you are specifically referring.

Item #4:    Your response contains no factual information. Please respond with specific facts. If you are relying upon specific information in the DII report, please specify exactly where this information is contained so that I know to what you are specifically referring.

Item #5:    Please give the names of the persons to whom you are referring.

Item #7:    Your response contains no factual information. Please respond with specific facts. If you are relying upon specific information in the DII report, please specify exactly where this information is contained so that I know to what you are specifically referring.

**Interrogatories from Brian Gray**

Item #6:    I do not believe there is authority that the contract for services are protected by attorney-client privilege. This request is proper, since you have requested attorney's fees. If you do not send me the information requested or immediately send me citations to the authority upon which you are relying, I will ask the court to strike any request for attorneys' fees and costs.

Item #8:    Your objection was not timely made and is therefore waived. In addition, because you have requested attorney's fees, I believe that this information

James P. Ginzkey
Page 4

Is relevant. If you continue to object to giving me this information and cannot otherwise cite to authority to support your position, I will ask that all requests for attorneys' fees and costs be stricken.

## Interrogatories from Michael Widger

Item #2:    Your objection was not timely made and therefore is waived. I asked for details. You did not refer to anything specific in the Initial Disclosures or the Illinois State Police DII Report. I ask that you tell me to what and where specifically in the DII report you are referring. In addition, if there is nothing else that you intend to elicit from your witnesses other than what is in your Initial Disclosures, please advise; otherwise I ask that you respond to this interrogatory. Since the number of depositions are limited, I will be using your answers to make choices on who to depose.

Item #3:    Producing information at the close of discovery is too late for me to depose witnesses. As such, to the extent you have such information at this time, I ask that you send it to me.

Item #5:    This response contains no factual information. Please respond with specific facts. If you are relying upon specific information in the DII report, please specify exactly where this information is contained so that I know to what you are specifically referring.

Item #6:    To what persons are you referring and are you relying on any other facts?

Item #7:    This response contains no factual information. Please respond with specific facts. If you are relying upon specific information in the DII report, please specify exactly where this information is contained so that I know to what you are specifically referring.

Item #8:    This response contains no factual information. Please respond with specific facts. If you are relying upon specific information in the DII report, please specify exactly where this information is contained so that I know to what you are specifically referring.

Item #9:    This response contains no factual information. Please respond with specific facts. If you are relying upon specific information in the DII report, please specify exactly where this information is contained so that I know to what you are specifically referring.

James P. Ginzkey
Page 5


Item #10:    This response contains no factual information. Please respond with specific facts. If you are relying upon specific information in the DII report, please specify exactly where this information is contained so that I know to what you are specifically referring.

Item #11:    This response contains no factual information. Please respond with specific facts. If you are relying upon specific information in the DII report, please specify exactly where this information is contained so that I know to what you are specifically referring.

Item #13:    This response contains no factual information. Please respond with specific facts. If you are relying upon specific information in the DII report, please specify exactly where this information is contained so that I know to what you are specifically referring.

Item #15 (first):    This response contains no factual information. Please respond with specific facts. If you are relying upon specific information in the DII report, please specify exactly where this information is contained so that I know to what you are specifically referring.

Item #15 (second):  I do not believe there is authority that the contract for services are protected by attorney-client privilege. This request is proper, since you have requested attorney's fees. If you do not send me the information requested or immediately send me citations to the authority upon which you are relying, I will ask the court to strike any request for attorneys' fees and costs.

Item #17:    Your objection was not timely made and is therefore waived. In addition, because you have requested attorney's fee, I believe that this information is relevant to assess what is a proper billing rate. If you continue to object to giving me this information and cannot otherwise cite to authority to support your position, I will ask that any request for attorneys' fees and costs be stricken.

I respectfully ask that you respond to this discovery as addressed herein. If there is no response, I will seek court intervention, but would rather attempt to work this out among ourselves. Please advise.

Sincerely yours,

s/Karen L. McNaught

Karen L. McNaught
Assistant Attorney General

KLM/llb