IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| COMMERCE BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 -1103 |
| ) | |
| MICHAEL WIDGER, BRIAN GRAY, ) | |
| and CHRISTOPHER CARMICHAEL, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL**

NOW COMES, plaintiff, COMMERCE BANK, N.A., by its attorney, James P. Ginzkey, responding to defendants, MICHAEL WIDGER, BRIAN GRAY and CHRISTOPHER CARMICHAEL's, Motion to Compel as follows:

1.  On October 4, 2006, plaintiff, through its counsel, and pursuant to Federal Rules of Civil Procedure Rule 34, served a request for information on defendants. (See attached Exhibit A.)

2.  On November 3, 2006, via e-mail, plaintiff's counsel inquired of defendants' counsel as to the status of his October 4th request. (See attached Exhibit B.)

3.  Defendants' counsel responded via return e-mail, identifying a portion of the information requested as being contained in a report in plaintiff's possession and that attempts were being made to locate additional information requested. (See attached Exhibit C.)

4. On November 29, 2006, defendants served discovery requests on plaintiff. (See Exhibits 1 - 4 attached to defendants' Motion to Compel.)

5. As of that date, plaintiff had not received the documents and other information requested pursuant to Rule 34.

6. On December 6, 2006, defendants' counsel produced two discs containing certain photographs as requested on October 4, 2006, but the remainder of the requested information was not forthcoming. (See attached Exhibit D.)

7. Due to defendants' failure to provide all requested information in a timely manner, plaintiff was hampered from responding to defendants' discovery requests.

8. On December 13, 2006, plaintiff's counsel re-iterated his request for information pursuant to Rule 34 and his letter request of October 4, 2006, and specifically requested a copy of the Illinois State Police Department of Internal Investigation report, noting that the information referred to in defense counsel's e-mail of November 3 did not appear as indicated in the report. (See attached Exhibit E.)

9. By letter dated December 27, 2006, defendants' counsel refused to produce the requested report. (See attached Exhibit F.)

10. On or about December 29, 2006, defendants' counsel did provide a copy of the 645 page report, which was received by plaintiff's counsel in early January, 2007.

11. Upon receipt of the report, Plaintiff attempted to complete the discovery responses previously served by defendants.

12. Plaintiff thereafter served its discovery responses on defendants on February 5, 2007. (See document #26)

13. By letter dated February 22, 2007 and received by plaintiff's counsel, February 26, 2007, defendants stated their position as to the incomplete nature of plaintiff's responses and the untimeliness of plaintiff's objections, and requesting plaintiff to respond by February 26, 2007 ( the date the letter was received).

14. Defendants filed their motion to compel on February 28, 2007.

15. Plaintiff asserts that the untimeliness of its discovery responses are due in part to defendants' own failure to timely provide information pursuant to Rule 34.

16. Plaintiff further asserts that many of defendants' requests seek to: a) obtain information not yet known to plaintiff, 2) require plaintiff to identify with specificity information contained in the Illinois State Police Department of Internal Investigation report, and available to defendants' upon their own review, 3) require plaintiff to provide information regarding experts prior to the required disclosure date of August 1, 2007, as set forth in the Court's scheduling order, and 4) violate attorney-client and/or work product privilege.

17. Defendants' complain in their motion that "[i]t will be difficult to determine which witnesses, if any, need to be deposed."

18. Defendants, however, are in possession of all investigative materials related to the allegations made in plaintiff's complaint and have not been prejudiced by plaintiff's

delayed responses or by responses which defendant's claim as "incomplete".

19. It is plaintiff who has been prejudiced by defendants' delay in producing requested discovery documents.

20. In the spirit of cooperation, plaintiff will supplement its discovery responses to defendants within 14 days of the filing of this response.

WHEREFORE, plaintiff, COMMERCE BANK, N.A., respectfully requests this Court to deny defendant's Motion to Compel.

                                          Commerce Bank N.A., Plaintiff

                                          By:       s/ James P. Ginzkey
                                                  James P. Ginzkey
                                                  Bar Number: 3124355
                                                  Attorney for Plaintiff
                                                  221 E. Washington St.
                                                  Bloomington, Illinois  61701
                                                  Telephone: (309)821-9707
                                                  Fax: (309)821-9708
                                                  E-mail: jim@jimginzkey.com

## PROOF OF SERVICE

I, James P. Ginzkey, hereby certify that on **March 13, 2007,** I served a copy of the following:

- **Plaintiff's Response to Defendants' Motion to Compel**

This document was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Karen L. McNaught
>Illinois Attorney General
>500 S. Second St.
>Springfield, IL 62706

>Commerce Bank N.A., Plaintiff

>By:      s/ James P. Ginzkey
>James P. Ginzkey
>Bar Number: 3124355
>Attorney for Plaintiff
>221 E. Washington St.
>Bloomington, Illinois  61701
>Telephone: (309)821-9707
>Fax: (309)821-9708
>E-mail: jim@jimginzkey.com

JAMES P. GINZKEY
Trial Attorney
221 E. Washington Street
Bloomington, Illinois 61701
Telephone: (309)821-9707
Fax: (309)821-9708

October 4, 2006

Karen L. McNaught
Illinois Attorney General
500 S. Second St.
Springfield, IL 62706

RE:   Commerce Bank v. Widger, Gray and Carmichael

Dear Ms. McNaught:

Pursuant to our telephone conversation of October 3, enclosed please find a proposed Scheduling Order. Please review this and contact me with any suggested changes.

Additionally, based upon our conversation, it is my understanding that you will produce all of the evidence developed by the crime scene technicians. The technician in charge of this investigation was Sgt. Rodney Wamsley (#2876). He was assisted by CSI's Mike Oyer and Eddie Camm. It is my understanding that forensic scientist, Christopher Kozel, was involved and that the diagraming of the crime scene was performed by Information Service Specialists Tara Walters and Mark Sheftick.

Pursuant to Rule 34, please accept this letter as my request that you produce all correspondence, e-mails, drawings, diagrams, measurements, crime scene photos, aerial photos, digital photos, CD Rom's, digital or electronic data, and any other document concerning the facts alleged in the complaint.

Cordially,

James P. Ginzkey
jim@jimginzkey.com

JPG/smt

enc.

I:\CLIENTS\Correspondence\GreenDMcNaughtP&CDisc 10 4 06.wpd

EXHIBIT
A

## Jim Ginzkey

**From:** "Jim Ginzkey" <jim@jimginzkey.com>
**To:** "McNaught, Karen L." <KMcNaught@atg.state.il.us>
**Sent:** Friday, November 03, 2006 7:22 AM
**Subject:** Commerce Bank v. Widger et. al.

I sent a Rule 34 request to produce concerning the crime scene technician evidence on Oct. 4  Can you let me know the status of that request? Thanks.

EXHIBIT
B

11/3/2006

### Jim Ginzkey

| | |
|---|---|
| **From:** | "McNaught, Karen L." <KMcNaught@atg.state.il.us> |
| **To:** | "Jim Ginzkey" <jim@jimginzkey.com> |
| **Sent:** | Friday, November 03, 2006 8:44 AM |
| **Subject:** | RE: Commerce Bank v. Widger et. al. |

The Illinois State Police legal office has reported that the crime scene information is contained at pages 134-141 of the DII report, a copy of which you told me that you already had. The crime scene report indicates that a CD containing digital photographs and a computer generated diagram of the crime scene will be forwarded to DII. I have called DII and they are trying to determine whether CSI sent them the CD.

---

**From:** Jim Ginzkey [mailto:jim@jimginzkey.com]
**Sent:** Friday, November 03, 2006 7:22 AM
**To:** McNaught, Karen L.
**Subject:** Commerce Bank v. Widger et. al.

I sent a Rule 34 request to produce concerning the crime scene technician evidence on Oct. 4  Can you let me know the status of that request? Thanks.


EXHIBIT C

11/3/2006



OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

Lisa Madigan
ATTORNEY GENERAL

December 6, 2006

James P. Ginzkey
221 East Washington Street
Bloomington, IL 61701

                Re:   *Commerce Bank, NA v. Widger, et al.*
                      No. 06-1103

Dear Mr. Ginzkey:

    Per your request, please find enclosed two compact discs which contain copies of the discs of the photographs that I received from the Illinois State Police in the above-referenced matter.

    Should you want to discuss this matter with me, you can contact me at (217) 782-1841 or via facsimile at (217) 524-5091, or send written correspondence to the Springfield address on the bottom of this letter.

                                              Sincerely yours,

                                              Karen L. McNaught
                                              Chief, General Law Bureau

KLM/llb
enclosures



EXHIBIT D



JAMES P. GINZKEY
Trial Attorney
221 E. Washington Street
Bloomington, Illinois 61701
Telephone: (309)821-9707
Fax: (309)821-9708

December 13, 2006

Karen L. McNaught
Illinois Attorney General
500 S. Second Street
Springfield, IL 62706

      RE:   Commerce Bank v. Widger, Gray and Carmichael

Dear Ms. McNaught:

I am in receipt of the two compact discs containing photographs of the crime scene. Unfortunately, these discs do not include any drawings or measurements of the crime scene, nor do they include the computer generated diagrams referred to in the Crime Scene Report and your e-mail of November 3, 2006.

It has been your contention that it is not necessary to provide another copy of the State Police Internal Investigation report, as it would be duplicative of the information already in my possession. After reviewing your e-mail of November 3, I cannot agree that the reports are identical, as your reference to the page numbers of the crime scene report do not correspond to the numbering of the report in my possession.

Therefore, pursuant to Rule 34, I again ask that you provide me with a complete copy of the Illinois State Police Internal Investigation report, and the remainder of the items requested in my letter of October 4, 2006, within 14 days.

Thank you for your attention to this matter.

                                          Cordially,

                                          James P. Ginzkey
                                          jim@jimginzkey.com

JPG/sr

I:\CLIENTS\Green, D (Commerce Bank)\McNaught12-12-06Ltr.wpd

EXHIBIT
E



# OFFICE OF THE ATTORNEY GENERAL
## STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

December 27, 2006

James P. Ginzkey
Trial Attorney
221 E. Washington Street
Bloomington, Illinois 61701

      Re:   *Commerce Bank, NA v. Widger, et al.* USDC C.D. Ill. 06-1103

Dear Mr. Ginzkey:

    I am in receipt of your letter of December 13, 2006. In that letter, you stated that it was my contention that it was unnecessary to provide you with another copy of the Illinois State Police Internal Investigation Report.

    My recollection of the conversation between you and me was that you made a demand for various documents after suing "unknown officers" and before the conference as mandated in Rule 16 of the Federal Rules of Civil Procedure. I stated that you would need to go through the proper procedure proscribed by Rule 34 of the Federal Rules of Civil Procedure. Somewhat later, you stated that you had obtained through a State's Attorney a copy of the report you wanted and no longer were demanding a copy from me.

    I believe that I have given you all of the documents that are in the possession of defendants, Michael Widger, Brain Gray, and Christopher Carmichael. However, if you would like me to do a more thorough search of the documents that are within the control of others employed by the Illinois State Police, please send me such a request.

                              Sincerely yours,

                              Karen L. McNaught
                              Assistant Attorney General



EXHIBIT F