AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| CENTRAL | DISTRICT OF | ILLINOIS |
|---|---|---|

| | |
|---|---|
| COMMERCE BANK, N.A.<br>V.<br>MICHAEL WIDGER, et al. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 06 cv 1103 |

TO: Charles E. Brueggemann
Illinois State Police
125 E. Monroe, Room 201
Springfield, IL 62794

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHED SHEET

| PLACE | DATE AND TIME |
|---|---|
| 221 E. Washington St.<br>Bloomington, IL 61701 | 6/5/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| James P. Ginzkey | 5/21/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James P. Ginzkey, 221 E. Washington St., Bloomington, IL 61701
(309)821-9707

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

PLAINTIFF'S EXHIBIT A

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5/21/2007 | Illinois State Police, 125 E. Monroe St., Room 201 Springfield, IL 62794 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Charles E. Brueggemann | Certified U.S. Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| James P. Ginzkey | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   5/21/2007
             DATE

James P. Ginzkey
SIGNATURE OF SERVER

221 E. Washington St.
ADDRESS OF SERVER

Bloomington, IL  61701

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

1. Any and all statements, written or oral, transcripts, tape-recordings, interview notes, reports, correspondence, or other documents of any parties or witnesses related to the events leading up to, at the time of, or following the execution of a search warrant upon 27368 E. Birds Corner Road, Canton, Illinois on June 23, 2005.

2. Any and all statements, written or oral, transcripts, tape-recordings, interview notes, reports, correspondence, or any other documents of any parties or witnesses related to the mental or physical condition of David Green prior to the execution of the search warrant upon 27368 E. Birds Corner Road, Canton, Illinois on June 23, 2005.

3. Any and all documents, including but not limited to reports, findings, memoranda, or correspondence made or generated by Illinois State Police or received from any governmental or non-governmental agency relating to the investigation into the execution of the search warrant upon 27368 E. Birds Corner Road, Canton, Illinois and the shooting death of David Green on June 23, 2005.

4. Any and all complaints or allegations of abuse, neglect, negligence, excessive force, or failure to intervene when such actions were exhibited by another, made at any time by any person against the following:

   Master Sergeant Michael Widger, #4034
   Trooper Brian Gray, #4994
   Trooper Christopher Carmichael, #5438

5. Any and all documents related to any investigation or disciplinary proceeding conducted by any person or governmental or non-governmental entity or agency into any complaint or allegation identified in #4 above.

6. A copy of all documents distributed to law enforcement personnel or any persons present at the briefing held at the National Guard Armory, Canton, Illinois prior to the execution of the search warrant upon 27368 E. Birds Corner Road, Canton, Illinois on June 23, 2005.

7. Copies of any recordings, whether audio or video, of the briefing held at the National Guard Armory, Canton, Illinois prior to the execution of the search warrant upon 27368 E. Birds Corner Road, Canton, Illinois on June 23, 2005.

8. Any and all documents which identify the number of weapons and amount of ammunition issued to, or in the possession of, any person or law enforcement personnel immediately prior to the execution of the search warrant upon the premises at 27368 E. Birds Corner Road, Canton Illinois on June 23, 2005..

9. Any and all documents evidencing all weapons and ammunition returned or checked in by all persons or law enforcement personnel following the execution of the search warrant upon the premises at 27368 E. Birds Corner Road, Canton Illinois on June 23, 2005.

10. Copies of all documents evidencing measurements of any kind or nature taken at 27368 E. Birds Corner Road, Canton, Illinois on June 23, 2005, or at any time subsequent to that date. This request includes, but is not limited to, any hand written notes or notations subsequently converted to typed or computer format.

11. Any and all documents generated by Rodney Wamsley, Michael Oyer, David W. Carter, Tara Walters, Mark Sheftick, Brian Miller, Eddie Kamm, and Christopher Kozel related to the crime scene investigation conducted at 27368 E. Birds Corner Road, Canton, Illinois on June 23, 2005, or at any time subsequent to that date. This request specifically includes but is not limited to hand-written notes, memoranda, jottings, drawings, tests, reports, e-mails, and correspondence of any nature.

12. Any and all recordings of calls or radio transmissions sent or received by members of the Illinois State Police Tactical Response Team, any other law enforcement agency, governmental or non-governmental entity immediately prior to, at the time of, or following the execution of the search warrant at 27368 E. Birds Corner Road on June 23, 2005.

13. Copies of all tape recordings, both audio and video, taken at any time of David Green and/or the property at 27368 E. Birds Corner Road, Canton, Illinois (both interior and exterior). This request specifically includes but is not limited to surveillance tapes, tapes taken or made prior and subsequent to the execution of the search warrant and the shooting of David Green, the crime scene investigation and the autopsy of David Green.

14. Copies of all rules, regulations, policies, procedures, standards, practices or demonstrations, including but not limited to books, pamphlets, training manuals, and training tapes, used by the Illinois State Police and/or Illinois State Police Tactical Response Team which govern or are utilized in training officers regarding the following:

   a. knock and announce;
   b. entrance into an occupied building or residence;
   c. subduing and/or disarming a suspect;
   d. use of force, including sequence of shots to stop a presumed threat;
   e. methods of arrest;
   f. use and detonation of a "flash-bang" device;
   g. appropriate use of weapons, including circumstance(s) under which a weapon is removed from the "safe" position;
   h. securing a crime scene; and
   I. taking custody of, securing, transferring and/or transporting a weapon in the cocked position.

15. Copies of photographs taken by Inspector Randy Kunard at 27368 E. Birds Corner Road, Canton, Illinois on June 23, 2005.

STATE OF ILLINOIS       )
                        ) ss
COUNTY OF McLEAN        )

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served on:

Karen McNaught
Assistant Attorney General
500 South Second Street
Springfield, IL 62706

attorney(s) of record, by enclosing the same in an envelope addressed to such persons, with postage fully prepaid; and by depositing said envelope in the United States Post Office at Bloomington, Illinois, at or about the hour of 5:00 o'clock P.M. on the 21st day of May, 2007.

Subscribed and sworn to before me
this 21st day of May, 2007.

Notary Public

"OFFICIAL SEAL"
Susan Rasor
Notary Public, State Of Illinois
My Commission Expires 03/05/09

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE
SPRINGFIELD IL 62794   0702

| | | |
|---|---|---|
| Postage | $ | $0.58 |
| Certified Fee | | $2.65 |
| Return Receipt Fee (Endorsement Required) | | $2.15 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.38  05/21/2007 |

Postmark Here — BLOOMINGTON 01 MAY 18 2007 USPS 61701

Sent To: Charles Brueggemann / ISP
Street, Apt. No.; or PO Box No.: 125 E. Monroe / Room 201
City, State, ZIP+4: Springfield IL 62794

PS Form 3800, June 2002    See Reverse for Instructions

7004 2510 0007 2966 1903

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Charles E. Brueggemann
    Illinois State Police
    125 E. Monroe, Room 201
    Springfield IL 62794

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name) — Illinois State Police, 125 E. Monroe, P.O. Box 19461, Springfield IL 62794-9461

C. Date of Delivery: MAY 23 2007

D. Is delivery address different from item 1?  ☐ Yes   ☐ No
If YES, enter delivery address below:

Signature: Mike _____

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number *(Transfer from service label)*: 7004 2510 0007 2966 1903

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**PLAINTIFF'S EXHIBIT**
B