IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMERCE BANK, N.A., | ) |
| Plaintiff, | ) |
| -vs- | ) No. 06-1103 |
| MICHAEL WIDGER, BRIAN GRAY, and CHRISTOPHER CARMICHAEL, | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONSE TO
PLAINTIFF'S SECOND MOTION FOR RULE TO SHOW CAUSE**

COMES NOW the respondent, Charles E. Brueggemann, by and through his counsel, LISA MADIGAN, Attorney General of the State of Illinois, and hereby submits this memorandum of law in response to the second rule to show cause (Docket #49) filed by the plaintiff. In support thereof, the following statements are made.

**ISSUE AND ARGUMENT**

**THE RULE TO SHOW CAUSE SHOULD NOT ISSUE**

"The question of how a court determines whether to classify the relief imposed in a given proceeding as civil or criminal in nature, for the purposes of applying the Due Process Clause and other provisions of the Constitutions, is one of long standing, and its principles have been settled at least in their broad outlines for many decades." *Hicks v. Feiock*, 485 U.S. 624, 631 (1988). In determining whether the contempt is civil or criminal, the court should determine whether the redress is remedial and for the benefit of the complainant or whether it is punitive and to vindicate the authority of the court. *Gompers*

*v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911).

> If the relief provided is a sentence of imprisonment, it is remedial if "the defendant stands committed unless and until he performs the affirmative act required by the court's order," and is punitive if "the sentence is limited to imprisonment for a definite period." [Citation omitted.] If the relief provided is a fine, it is remedial when it is paid to the complainant, and punitive when it is paid to the court, though a fine that would be payable to the court is also remedial when the defendant can avoid paying the fine simply by performing the affirmative act required by the court's order. These distinctions lead up to the fundamental proposition that criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings, including the requirement that the offense be proved beyond a reasonable doubt.

*Hicks*, 485 U.S. at 632. If the alleged contemnor can purge himself of the contempt by complying with the terms of the original order, the contempt proceeding is one that is civil in nature. *Shillitani v. United States*, 384 U.S. 364, 369 (1966). Thus, a conditional penalty, designed to compel the doing of some act for which the alleged contemnor has the power to avoid any penalty, is a remedy for civil contempt, whereas an unconditional penalty, such as a fine, is criminal in nature, because it is solely and exclusively punitive in nature. *Hicks*, 485 U.S. 624, 633.

The power of the court to impose civil contempt "rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in a orderly manner." *Jones v. Lincoln Electric Co.*, 188 F.3d 709, 737 (7th Cir. 1999). A civil contempt finding requires the complaining party to prove by clear and convincing evidence that the alleged contemnor violated a court order. *United States v. Silva*, 140 F.3d 1098, 1103 (7th Cir. 1998). The district court is required to "point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated." *Grove Fresh Distributors, Inc v. John Labatt, Ltd.*, 299 F.3d 635, 642 (7th Cir. 2002). The

purpose of civil contempt is to secure compliance with a prior court order. *Rockwell Graphic Systems, Inc. v. DEV Industries, Inc.*, 91 F.3d at 920. Civil contempt is available to a moving party to compel compliance with a court order and to compensate the complainant for losses caused by contemptuous actions. *Tranzact Technologies, Inc. v. Isource Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005). However, civil contempt actions are not to be punitive in nature. *Jones v. Lincoln Electric Co.*, 188 F.3d at 738.

Due process requires a district court to resolve any relevant factual disputes, which may include holding an evidentiary hearing. *Tranzact Technologies, Inc. v. Isource Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005). These due process rights are available to both the alleged contemnor and the complainant. *Rockwell Graphic Systems, Inc. v. DEV Industries, Inc.*, 91 F.3d 914, 921 (7th Cir. 1996).

Criminal contempt is governed by Rule 42 of the Federal Rules of Criminal Procedure. Pursuant to those rules, unless the alleged contempt is in the presence of the judge, notice must be given, stating the time and place of the trial; allowing the alleged contemnor reasonable time to prepare a defense; and stating the essential facts that constitute the criminal contempt. Federal Rule of Criminal Procedure 41(a)(1). *See also United States v. Griffin*, 84 F.3d 820, 827 (7th Cir. 1996). Further, the rules require that a prosecutor be appointed; that the alleged contemnor be afforded the opportunity for a jury trial and that punishment be imposed, if there is a finding of guilt. Federal Rule of Criminal Procedure 41(a)(2); 41(a)(3).

Plaintiff has asked this Court to issue a rule to show cause why Colonel Brueggemann and the Illinois State Police should not be held in contempt of court. Plaintiff did not specify whether he intended for the contempt to be civil or criminal in nature.

If the contempt is alleged to be criminal, the rules of criminal procedure should be followed. However, if the purpose of the motion is to compel compliance with the subpoena, there is no reason for the rule to issue.

When Colonel Brueggemann received the subpoena, he had his staff forward the subpoena to the Illinois State Police legal office. The legal office requested representation from the Office of the Illinois Attorney General. Since that time, the undersigned has collected documents and has located other items that are responsive to the subpoena. Although some objections have been made, any documents not produced have been identified in a privilege log. Offers to plaintiff's counsel to make physical items available from various evidence vaults have been extended.

In addition, plaintiff's counsel told the Court in a pleading (docket #52) and at a hearing on July 16, 2007, that the parties were attempting to work out discovery matters and that he would withdraw the motion, if the parties could come to an agreement. Since that time, many documents from various locations throughout the State of Illinois have been produced. However, plaintiff's counsel still maintains, without specificity, that he believes documents are being withheld from him. Plaintiff's counsel has refused to withdraw the motion for a second rule to show cause. Despite efforts to learn from plaintiff's counsel what he believes is being withheld or who might possess the documents, no information has been forthcoming. Colonel Brueggemann knows of no documents in his physical possession that comply with the subpoena, and the Illinois State Police has produced the documents that are known to exist. If additional documents are discovered, the respondents understand that they are under an obligation to seasonably supplement their responses. As such, the rule to show cause should not issue.

## **CONCLUSION**

Plaintiff has failed to delineate whether the motion for rule to show cause is criminal or civil in nature. If the motion for rule to show cause is criminal, the mandates of Rule 42 of the Federal Rules of Criminal Procedure should be followed. If the motion for rule to show cause is for alleged civil contempt, there is no basis for the rule to issue.

Colonel Brueggemann does not have physical possession of the items that are responsive to the subpoena. He forwarded the subpoena to staff in the Illinois State Police for a response to be made and for a request for representation from the Office of the Illinois Attorney General to be made.

The documents known by the undersigned to exist have been produced or an objection has been made. An offer to make items in the evidence vaults available for inspection has been extended, but plaintiff's counsel has not accepted this invitation. For those items to which an objection has been made, a privilege log has been tendered. Although plaintiff maintains that documents and other information have not been produced, he has refused to identify or assist in indicating what there documents are or where they might be located. The Illinois State Police knows of no other documents to exist, but will supplement any responses, if additional information is located. Thus, the motion for rule to show cause should be denied.

WHEREFORE for the above and foregoing reasons, respondent, Charles E. Brueggemann, respectfully requests this honorable Court to deny the plaintiff's motion for rule to show cause.

                Respectfully submitted,

                CHARLES E. BRUEGGEMANN,

                    Respondent,

                LISA MADIGAN, Attorney General,
                State of Illinois,

                By:   /s/Karen L. McNaught
                        Karen L. McNaught
                        Assistant Attorney General
                        Attorney for Respondent
                        500 South Second Street
                        Springfield, IL  62706
                        Telephone:  (217) 782-1841
                        Facsimile:  (217) 524-5091
                        kmcnaught@atg.state.il.us
                        #6200462

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMERCE BANK, N.A., | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. 06-1103 |
| UNKNOWN OFFICERS, | ) ) ) |
| Defendants. | ) ) |

### Certificate of Service

I hereby certify that on September 17, 2007, I electronically filed a Memorandum of Law in Support of Response to Second Motion for Rule to Show Cause with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James P. Ginzkey
Jim@jimginzkey.com

and I hereby certify that on September 17, 2007, I mailed by United States Postal Service, the

document to the following nonregistered participant:

None

Respectfully submitted,

/s/Karen L. McNaught
Karen L. McNaught
Assistant Attorney General
Attorney for Respondent
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Facsimile:  (217) 524-5091
kmcnaught@atg.state.il.us
#6200462