**E-FILED**
Wednesday, 26 September, 2007  11:40:06 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case  No. 06 CV 1103 |
| | ) | |
| MICHAEL WIDGER, BRIAN GRAY, | ) | |
| and CHRISTOPHER CARMICHAEL, | ) | |
| | ) | |
| Defendants. | ) | |

### REPLY TO RESPONDENT'S RESPONSE TO
### PLAINTIFF'S SECOND MOTION FOR RULE TO SHOW CAUSE

NOW COMES plaintiff, COMMERCE BANK, N.A., by its undersigned attorney and for its reply to respondent, Charles E. Brueggemann's, Response to Plaintiff's Second Motion for Rule to Show Cause states as follows:

1.     Respondent's response seeks to combine the production of documentation by defendants through the discovery process and documentation produced pursuant to plaintiff's subpoena of May 21, 2007, to Charle E. Brueggemann, Illinois State Police (hereafter Brueggemann).

2.     Plaintiff issued its subpoena to Brueggemann after defendants failed to produce information in response to Rule 33 and 34 discovery requests.

3.     It must be noted that counsel for defendants in this action also acts as counsel for Brueggemann.

4.     Paragraph 9 of Brueggemann's response to Motion for Rule to Show Cause

states "In responding to discovery on behalf of the named defendants, counsel did object to certain documents [] being produced, and sent a privilege log itemizing the documents to plaintiff's counsel on April 30, 2007."

5.     The log referred to in Brueggemann's response identified: a) medical information of Christopher Carmichael; b) background investigation report for ISP employment of Christopher Carmichael; c) background investigation report for ISP employment of Brian Gray; and d) background investigation report for ISP employment of Michael Widger. (See attached Exhibit A.)

6.     None of the documents identified in the privilege log were requested by plaintiff's in the subpoena for records and are not at issue.

7.     From the outset, Brueggemann and his counsel has requested that plaintiff identify specific   documents, photographs or tangible items, in the possession of Brueggemann and the Illinois State Police which may be responsive to the subpoena, and that plaintiff  identify the location of each.

8.     In response to plaintiff's request for "statements, written or oral, transcripts, tape-recordings, interview notes, reports, correspondence, or any other documents of any parties or witnesses related to the events leading up to, at the time of, or following the execution of a search warrant ..."  Brueggemann stated, in part, "If plaintiff seeks electronic mail from the Illinois State Police, other than what has been provided herein, plaintiff will need to identify the specific accounts that it wants searched and the search terms and will further need to make arrangements for the cost of this search."   (Emphasis added.  See

2

Response of Illinois State Police to Plaintiff's Subpoena attached hereto as Exhibit B).

9.      Rule 45 of the Federal Rules of Civil Procedure states, in part:

A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand. FRCP 45(d)(1)(A)

* * *

A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery ..., the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  (emphasis added) FRCP 45(d)(1)(D)

10.      It is the duty of the responding party to provide the documents as they are kept in the usual course of business. It is not the duty of the requesting party to identify for the respondent how and by whom their records are kept.  Although Brueggemann made a general objection to plaintiff's request for statements, tape-recordings, interview notes, and correspondence as being overly broad and unduly burdensome, he has made no assertion that the electronic mail he refers to is not readily accessible "because of undue burden and cost." A simple directive to personnel of the Illinois State Police to check their own electronic mail accounts for messages responsive to the request would be a simple, efficient and cost - effective manner in which to obtain the requested information.

11.      Brueggemann states in paragraph 11 of his response that "Plaintiff's counsel has repeatedly suggested that "much of the information remains unproduced," and at paragraph 12, that respondent's counsel has "asked plaintiff's counsel to identify more specifically what he believes has not been produced, and if known, to identify the names of

3

persons who possess these items so that the undersigned can contact persons to retrieve any items."

12.    Plaintiff's counsel has complied with this request on numerous occasions, directing counsel for Brueggemann and defendants to specific information contained within their own records, resulting in the production of additional videos, photographs, drawings, crime scene presentation, logs and "personal files."

13.    Through persistent requests by plaintiff's counsel for specific information, counsel for Brueggemann and defendants has produced in piecemeal fashion documents responsive to the subpoena.

14.    Plaintiff directs the Court specifically to the actions required by plaintiff to acquire photographs taken at the scene of the occurrence:

a.    Plaintiff's original Request to Produce #25 served on defendants requested "copies of any and all photographs taken of David Green, the scene of the occurrence, and items of evidence inventoried and/or taken from the scene of the occurrence not previously provided." Defendants had previously produced two compact discs containing photographs taken by the crime scene investigator(s) (specifically Michael Oyer) and 3 pages of "thumbprint" photographs.  In their responses dated April 30, 2007, defendants referred plaintiff to the photographs previously produced.

b.    By letter dated May 15, 2007, plaintiff's counsel pointed out to counsel for defendants (also counsel for Brueggemann) that the Illinois State Police Department of Internal Investigations report (hereafter DII report) (Bates numbered 00576) identified a photograph of a motorcycle that had not been produced to plaintiff, and suggested that in light of the number of persons known to be taking photos on the day of the occurrence, there may be additional photographs of which she was not aware.  (See attached Exhibit C.)

c.    Plaintiff thereafter identified additional photographs referred to in the

DII report and in its subpoena dated May 21, 2007, to Brueggemann, plaintiff specifically requested at #15 of the attachment to subpoena photographs referred to in the DII taken by Inspector Randy Kunard". (See Exhibit A to document #49.)

d.    Brueggemann's counsel thereafter inquired where reference to photos taken by Kunard was documented. Plaintiff's counsel indicated that Kunard's photographs were referenced in the DII report as Exhibit #43 taken at the scene of the occurrence on June 23, 2005. (See attached Exhibit D).

e.    Respondent served his initial response to the subpoena on plaintiff's counsel on July 12, 2007. His response to #15 stated, in part, "At this time, respondent knows of no photographs taken by Randy Kunard on June 23, 2005." (See attached Exhibit B.)

f.    By letter dated July 13, 2007, hand-delivered to Brueggemann's counsel, plaintiff indicated that the photographs taken by Kunard were not contained within the response. (See attached Exhibit E.)

g.    On that date, plaintiff's counsel again personally directed Brueggemann's counsel to the reference in the DII report to the photographs as Exhibit 43.

h.    Counsel for Brueggemann thereafter produced a disc containing the photographs taken by Kunard on July 18, 2007. It should be noted that the photograph of the motorcycle referred to in subparagraph b above has never been produced.

15.    It should also be noted that plaintiff encountered similar difficulties in obtaining surveillance and video tapes requested pursuant to discovery and the subpoena at issue here.

16.    In a letter dated August 21, 2007, plaintiff's counsel requested a copy of a log referred to in the DII which he was unable to locate in the documents previously produced. (See attached Exhibit F.)

17.    In her response of August 24, 2007, respondent's/defendants' counsel directed

5

plaintiff to the page of the DII report where the log was located.  Also included with the letter were two pages of documents not included in the DII report or previously produced.  (See attached Exhibit G.)

18.    As recently as September 7, 2007, 40 pages of documents never before produced have been produced without reference as to whether they are produced pursuant to discovery propounded to defendants or pursuant to the subpoena, where they were located or why they had not previously been produced.  (Identifying references preceding the Bates numbering on the documents has been omitted.) (See attached Exhibit H.)

19.    Brueggemann's response states that documents responsive to the subpoena have been retrieved in Springfield, Macomb, Morton and Carlinville.  (See paragraph 14 of Brueggemann Response to Plaintiff's Second Rule to Show Cause.)

20.    The documents  from Macomb were obtained only after plaintiff's counsel served a subpoena on the West Central Illinois Task Force (hereafter WCITF) and personally appeared at that facility in order to review and request copies of the documents and items in their possession.

21.    In his response, Brueggemann states that plaintiff should identify such documents as it believes remain unproduced and the persons to whom an inquiry should be made.

22.    There is no logic, however,  to expect or believe that plaintiff has knowledge of, or access to, the information necessary to direct Brueggemann to each and every document or item which may be responsive to the subpoena and where within the State of

Illinois they may be located.

23.     The subpoena to Brueggemann in his capacity as an officer with the Illinois State Police is a subpoena to the Illinois State Police and requires production of those documents within their possession and control.  *United States v. International Business Machines Corp.* (1976, DC NY) 71 FRD 88, 1976-1 CCH Trade Cases P 60838, 21 FR Serv 2d 1398.

24.     The information required to properly respond to the subpoena is properly within the knowledge of, and is accessible to, Charles Brueggemann and the Illinois State Police and they should be ordered to conduct a search of their records, wherever they may be located, and to produce such documents and tangible items as may be responsive.

25.     The burden should not be placed on plaintiff to advise Brueggemann of the information to which he, and not plaintiff, has access.

26.     Pursuant to the Court' Text Order of September 18, 2007, plaintiff believes that the following remains unproduced and provides its reasoning for such belief:

- **"Personal" files maintained by ISP personnel which may include documentation not otherwise produced.**  One such file was produced by M. Sgt. Kenneth Kedzior in response to the subpoena to Brueggemann/WCITF. A second was produced by Sgt.Michael Oyer, during the course of his deposition. Plaintiff believes there may be additional files responsive to the subpoena.

- **Notes or recordings of interviews and statements.**  The DII report includes

40 "interviews" of persons present at the scene of the execution of the search warrant, conducted June 23, 2005, by eight separate reporting agents.  The summaries reflect that they were completed  over a period of 1 to 13 days following the interviews.  The DII contains additional interviews with other witness which reflect a similar delay between the date the interview was conducted and the "interview" was completed (typed).  Plaintiff believes that there are notes, memos, recordings, etc. taken during the course of these oral interviews from which these "typed interviews" were compiled.

- **Interviews with Brian Gray, Christopher Carmichael and Michael Widger not previously produced**.  The DII reflects brief "initial interviews" conducted with defendants on the morning of June 23, 2005.  These interviews lasted between 18 minutes (for the shortest) and 25 minutes (for the longest interview).  Plaintiff believes it is probable that defendants were interviewed on other occasions and requests copies of any subsequent interviews and notes, memos or .recordings of those interviews.

- **Hand written notes, jottings, drawings, measurements, etc.** made or generated by Tara Walters, Mark Sheftick, Brian Miller, Eddie Kamm and Christopher Kozel.  At his deposition taken August 24, 2007, Rodney Wamsley referred to others making such notations.

- **Rules, regulations, policies, procedures, standards, practices or demonstrations** not previously produced, including but not limited to

8

a)    "Related documents: OPS-002, OPS-054, ORD-001, C.A.T. Manual" as referred to in OPS-046 previously produced (ISP Commerce Resp: 01077 - 01082);

b)    Directive ENF-014, 2003-042, Addenda 1 and 2, in effect on June 23, 2005, and which were rescinded by the revision to ENF-014 dated 03-30-2007 (ISP Commerce Resp: 01085 - 01090), and all related documents including ROC-002; and

c)    Unredacted copies of Illinois State Polics Tactical Response Team (TRT) Training Outlines previously produced relating to:

(i)    Close Quarter Battle (ISP Commerce Resp: 01148 - 01171)

(ii)    Distraction Devices (ISP Commerce Resp: 01181 - 01191); and

(iii)    Tactical Breaching (ISP Commerce Resp: 01192 - 01203).

- **All e-mail, memos, correspondence, etc**. not previously produced as referred to in Brueggemann's response to the request to produce.

- **Photographs or videos** not previously produced.  At a minimum, as noted in paragraph 14.h. above the photograph of the motorcycle referred to in attached Exhibit I has never been produced.

- **Documents related to the use and roll of the Wisconsin National Guard** in

9

the execution of the search warrant or investigation of the events of June 23, 2005, as referred to in #5 and #10 of Brueggemann's response, or to provide identifying information sufficient for plaintiff to subpoenaed such documentation from Wisconsin authorities.

27.    Respondent, Charles Brueggemann, should be ordered to conduct a thorough search of the records of the Illinois State Police and to produce such documents and tangible items as directed or show cause why he should not be held in contempt of this court.

28.    To the extent that Brueggemann objects to producing any document, photograph or tangible item, said document or item should be identified in a privilege log pursuant to Rule 45(d)(2) and upon request of plaintiff's counsel should be required to produce said items for *in camera* inspection by the Court.

WHEREFORE, plaintiff, COMMERCE BANK, N.A., prays an order of this Court directing Charles Brueggemann to produce the documents requested in the subpoena issued May 21, 2007, or to show cause why he should not be found in contempt of this court.

Commerce Bank N.A., Plaintiff

By:_____s/ James P. Ginzkey_____
         James P. Ginzkey
         Bar Number: 3124355
         Attorney for Plaintiff
         221 E. Washington St.
         Bloomington, Illinois  61701
         Telephone: (309)821-9707
         Fax: (309)821-9708
         E-mail: jim@jimginzkey.com

I:\CLIENTS\Green, David (Commerce Bank)\ReplyBrueggemannRespRuleShowCause.wpd

## CERTIFICATE OF SERVICE

I, James P. Ginzkey, hereby certify that on **September 26, 2007,** I filed a copy of the following:

- **Reply to Respondent's Response to Plaintiff's Second Motion for Rule to Show Cause**

This document was filed on **September 26, 2007,** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Karen L. McNaught
Illinois Attorney General
500 S. Second St.
Springfield, IL 62706
kmcnaught@atg.state.il.us

_____/s James P. Ginzkey_____
James P. Ginzkey
Bar Number: 3124355
Attorney for Plaintiff
221 E. Washington St.
Bloomington, Illinois  61701
Telephone: (309)821-9707
Fax: (309)821-9708
E-mail: jim@jimginzkey.com

11

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 06-CV-1103 |
| MICHAEL WIDGER, BRIAN GRAY, and CHRISTOPHER CARMICHAEL, | ) | |
| Defendants. | ) | |

## PRIVILEGE LOG

| Description of Document | Number of Pages | Privilege Asserted |
|---|---|---|
| Medical information of Christopher Carmichael | 7 | HIPPA |
| Background investigation report for ISP employment of Christopher Carmichael | 12 | Confidential information that would invade personal privacy |
| Background investigation report for ISP employment of Brian Gray | 8 | Confidential information that would invade personal privacy |
| Background investigation report for ISP employment of Michael Widger | 17 | Confidential information that would invade personal privacy |

Respectfully submitted,

MICHAEL WIDGER, BRIAN GRAY,
AND CHRISTOPHER CARMICHAEL,

Defendants,

LISA MADIGAN, Attorney General
State of Illinois,

KAREN L. McNAUGHT, #6200462
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
(217)782-1841

Of Counsel.

Attorney for Defendants.

By: _____
KAREN L. McNAUGHT
Assistant Attorney General

PLAINTIFF'S EXHIBIT

A

## CERTIFICATE OF SERVICE

Karen L. McNaught, Assistant Attorney General, herein certifies that she has

served a copy of the foregoing Privilege Log upon:

James P. Ginzkey
221 East Washington Street
Bloomington, IL 61701

by causing a copy of same be mailed in a correctly addressed, prepaid envelope to be

deposited in the United States mail in Springfield, Illinois on April 30, 2007.

Karen L. McNaught
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

COMMERCE BANK, N.A.,           )
                              )
          Plaintiff,          )
                              )
     vs.                      )          No. 06-CV-1103
                              )
MICHAEL WIDGER, BRIAN GRAY,   )
and CHRISTOPHER CARMICHAEL,    )
                              )
          Defendants.         )

## RESPONSE OF THE ILLINOIS STATE POLICE TO PLAINTIFF'S SUBPOENA

COMES NOW Charles Brueggemann, by and through his counsel, LISA MADIGAN,

Attorney General of the State of Illinois, and responds to plaintiff's subpoena issued on

May 21, 2007.

1.     Any and all statements, written or oral, transcripts, tape-recordings, interview

notes, reports, correspondence, or any other documents of any parties or witnesses related

to the events leading up to, at the time of, or following the execution of a search warrant

upon 27368 E. Birds Corner Road, Canton, Illinois on June 23, 2005.

**RESPONSE:**

Respondent has been advised that the report of the Illinois State Police, Division of
Internal Investigations, previously has been produced to plaintiff as defendants'
Bates stamped document ##1-492 and the Illinois State Police Field Report
previously has been produced to plaintiff as defendants' Bates stamped document
##493-645. Respondent further objects to this request as being overly broad and
unduly burdensome. If plaintiff seeks electronic mail from the Illinois State Police,
other than what has been provided herein, plaintiff will need to identify the specific
accounts that it wants searched and the search terms and will further need to make
arrangements for the cost of this search. Without waiving these objections, see
documents that have been ISP Commerce Resp. Bates stamped ##1-473 (DII
Report); 474-626 (Field Report); 627-815 (including the documents on the diskette
and the two compact diskettes (West Central Illinois Task Force file); 816-927 (file
of Master Sergeant Ken Kedzior); 928-954 (Crime Scene Investigations
information); and 955-1076 (documents contained in the ISP Statewide Vault).

2.     Any and all statements, written or oral, transcripts, tape-recordings, interview

PLAINTIFF'S
EXHIBIT

B

notes, reports, correspondence, or any other documents of any parties or witnesses related
to the mental or physical condition of David Green prior to the execution of the search
warrant upon 27368 E. Birds Corner Road, Canton, Illinois on June 23, 2005.

**RESPONSE:**

These documents are contained in the DII report, the field report, and the West
Central Illinois Task Force file, as indicated in #1 hereinabove.

3.    Any and all documents, including but not limited to reports, findings,
memoranda, or correspondence made or generated by Illinois State Police or received
from any governmental or non-governmental agency relating to the investigation into the
execution of the search warrant upon 27368 E. Birds Corner Road, Canton, Illinois and the
shooting death of David Green on June 23, 2005.

**RESPONSE:**

The coroner's incident report, autopsy report, and transcript of the coroner's inquest
are contained in the DII file produced herein at ISP Commerce Resp. pages 149,
418-421 and 469-472 respectively. Documentation from the Fulton County State's
Attorney is contained in the DII file produced herein at ISP Commerce Resp. pages
447-448. The Department of Justice, Bureau of Alcohol, Tobacco, Firearms and
Explosives, firearms trace summary for weapons in the possession of David Green
prior to officers executing the search warrant on June 23, 2005 and other related
documents, are contained in the DII file produced herein at ISP Commerce Resp.
pages 237-238, 243-247, 260, 451-460.

4.    Any and all complaints or allegations of abuse, neglect, negligence,
excessive force, or failure to intervene when such actions were exhibited by another, made
at any time by any person against the following:

Master Sergeant Michael Widger, #4034
Trooper Brian Gray, #4994
Trooper Christopher Carmichael, #5438

**RESPONSE:**

Respondent does not understand what is meant by "when such actions were

-2-

exhibited by another" and therefore objects. Respondent also objects that any such responsive documents are not relevant and unlikely to lead to admissible evidence. Without waiving these objections, respondent knows of no such complaints or allegations of abuse, neglect, negligence, excessive force, or failure to intervene made against Michael Widger, Brian Gray, or Christopher Carmichael. However, there was a 2003 citizen complaint that Brian Gray was rude, which was not sustained; complaints by citizens in 1988 and 1989 against Michael Widger for being rude that were unfounded, and a 1994 counseling to Michael Widger for speeding. Since these complaints were unfounded and/or not relevant and unlikely to lead to admissible evidence, the documentation for these citizen complaints and the complaint for speeding are not being provided.

5.    Any and all documents related to any investigation or disciplinary proceeding

conducted by any person or governmental or non-governmental entity or agency into any

complaint or allegation identified in #4 above.

**RESPONSE:**

Respondent knows of no disciplinary proceedings conducted for allegations of abuse, neglect, negligence, excessive force, or failure to intervene made against Michael Widger, Brian Gray, or Christopher Carmichael. Respondent adopts the objections as set forth in the response to ¶4 herein.

6.    A copy of all documents distributed to law enforcement personnel or any

persons present at the briefing held at the National Guard Armory, Canton, Illinois prior to

the execution of the search warrant upon 27368 E. Birds Corner Road, Canton, Illinois on

June 23, 2005.

**RESPONSE:**

The Operational Plan for the West Central Illinois Task Force is contained in the DII file produced herein at ISP Commerce Resp. pages 124-128. The Operational Plan for the Tactical Response Team is contained in the DII file produced herein at ISP Commerce Resp. pages 339-345. The search warrant is contained in the DII file produced herein at ISP Commerce Resp. pages 346-347. In addition, surveillance photographs were available from the Wisconsin National Guard, but this agency has not yet approved the release of these documents in this case.

7.    Copies of any recordings , whether audio or video, of the briefing held at the

National Guard Armory, Canton, Illinois prior to the execution of the search warrant upon

-3-

27368 E. Birds Corner Road, Canton, Illinois on June 23, 2005.

**RESPONSE:**

Respondent knows of no such documents to exist.

8.    Any and all documents which identify the number of weapons and amount

of ammunition issued to, or in the possession of, any person or law enforcement personnel

immediately prior to the execution of the search warrant upon the premises at 27368 E.

Birds Corner Road, Canton Illinois on June 23, 2005.

**RESPONSE:**

Respondent objects to the production of this information on the bases that it is not relevant and unlikely to lead to admissible evidence. Further, it requires respondent to create a document that does not otherwise exist.    Without waiving these objections, *see* the DII report and ISP Commerce Resp. Bates stamped document #1105. In addition, Master Sergeant Ken Kedzior was carrying a .40 caliber Glock; Master Sergeant Ken Mullen was carrying a .40 caliber Glock, and Todd Adkisson was carrying a Colt AR .223 and a pistol.

No inventory is kept for the ammunition issued to or in the possession of Illinois State Police officers who were assigned to this detail.  However, some of this information is recorded throughout the DII file.  In addition, Ken Kedzior was carrying 3 magazines containing 15 rounds plus one in the chamber for a total of 46 rounds; the weapon Ken Mullen was carrying contained a total of 16 rounds (there was one round in chamber plus an additional two magazines that had 15 rounds each; and Todd Adkisson was carrying 1 clip of 15 rounds for his rifle and 3 magazines of 15 rounds plus 1 in the chamber of his weapon for a total of 46 rounds for his pistol.

The Illinois State Police is not in possession of information for weapons and ammunition distributed by other law enforcement agencies.

9.    Any and all documents evidencing all weapons and ammunition returned or

checked in by all persons or law enforcement personnel following the execution of the

search warrant upon the premises at 27368 E. Birds Corner Road, Canton Illinois on June

23, 2005.

-4-

**RESPONSE:**

The Illinois State Police does not record this information, except to the extent that it might be contained in any of the reports produced herein. The Illinois State Police is not in possession of information for weapons and ammunition distributed by other law enforcement agencies.

10.    Copies of all documents evidencing measurements of any kind or nature taken at 27368 E. Birds Corner Road, Canton, Illinois on June 23, 2005, or at any time subsequent to that date. This request includes, but is not limited to, any hand written notes or notations subsequently converted to typed or computer format.

**RESPONSE:**

*See* documents that have been ISP Commerce Resp. Bates stamped ##928-946, which also are contained in the DII report. Documents that also may be responsive to this request may be contained with any maps produced in the DII report. In addition, surveillance photographs were available from the Wisconsin National Guard, but this agency has not yet approved the release of these documents in this case.

11.    Any and all documents generated by Rodney Wamsley, Michael Oyer, David W. Carter, Tara Walters, Mark Sheftick, Brian Miller, Eddie Kamm, and Christopher Kozel related to the crime scene investigation conducted at 27368 E. Birds Corner Road, Canton, Illinois on June 23, 2005, or at any time subsequent to that date. This request specifically includes but is not limited to hand-written notes, memoranda, jottings, drawings, tests, reports, e-mails, and correspondence of any nature.

**RESPONSE:**

*See* response to ¶10 herein.

12.    Any and all records of calls or radio transmissions sent or received by members of the Illinois State Police Tactical Response Team, any other law enforcement

-5-

agency, governmental or non-governmental entity immediately prior to, at the time of, or

following the execution of the search warrant at 278368 E. Birds Corner Road on June 23,

2005.

**RESPONSE:**

Respondent knows of no such documents to exist.

13.    Copies of all tape recordings, both audio and video, taken at any time of

David Green and/or the property at 27368 E. Birds Corner Road, Canton, Illinois (both

interior and exterior). This request specifically included but is not limited to surveillance

tapes, tapes taken or made prior and subsequent to the execution of the search warrant

and the shooting of David Green, the crime scene investigation and the autopsy of David

Green.

**RESPONSE:**

*See* the two compact disks produced herein.

14.    Copies of all rules, regulations, policies, procedures, standards, practices or

demonstrations, including but not limited to books, pamphlets, training manuals, and

training tapes, used by the Illinois State Police and/or Illinois State Police Tactical

Response Team which govern or are utilized in training officers regarding the following:

a.    knock and announce;
b.    entrance into an occupied building or residence;
c.    subduing and/or disarming a suspect;
d.    use of force, including sequence of shots to stop a presumed threat;
e.    methods of arrest;
f.    use and detonation of a "flash-bang" device;
g.    appropriate use of weapons, including circumstance(s) under which a weapon is removed from the "safe"position;
h.    securing a crime scene; and
I.    taking custody of, securing, transferring and/or transporting a weapon in the cocked position.

**RESPONSE:**

Respondent objects to the production of all documents that may be responsive to this request on the bases that the request is overly broad and unduly burdensome; not relevant and unlikely to lead to admissible evidence; and would compromise the safety and security of Illinois State Police to have the information publically disseminated in its entirety and/or without a protective agreement. For example, each Illinois State Police Academy Class has its own class course and the production of these materials would be unduly burdensome and costly. If plaintiff makes arrangements with counsel for the defendants to view these documents at the Illinois State Police Academy in Springfield, Illinois, at a mutually agreeable time and date, these documents can be produced for inspection. Without waiving these objections, *see* documents that have been ISP Commerce Resp. Bates stamped #1077-1104; 1106-1203.

15.. Copies of photographs taken by Inspector Randy Kunard at 27368 E. Birds

Corner Road, Canton, Illinois on June 23, 2005.

**RESPONSE:**

At this time, respondent knows of no photographs taken by Randy Kunard on June 23, 2005. However, Randy Kunard did the videography of the before and after search by the West Central Illinois Task Force, which is contained on the diskettes provided herein. In addition, the crime scene technicians took photographs, which previously were produced by the defendants in this case and photographs were taken of the dogs found at the home of David Green on June 23, 2005, although the date the photographs were taken is unknown. These photographs are contained on the floppy diskette provided herein.

Respectfully submitted,

CHARLES BRUEGGEMANN,
Respondent,

LISA MADIGAN, Attorney General
State of Illinois,
Attorney for Respondent.

Karen L. McNaught #06200462
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-1841                By:_____
Fax: (217) 524-5091                            KAREN L. McNAUGHT
E-mail: kmcnaught@atg.state.il.us        Assistant Attorney General

-7-

**CERTIFICATE OF SERVICE**

Karen McNaught, Assistant Attorney General, hereby certifies that she has served

a copy of the foregoing Response of the Illinois State Police to Plaintiff's Subpoena upon:

James P. Ginzkey
221 East Washington Street
Bloomington, IL 61701

by causing a copy of same in a correctly addressed envelope to be hand delivered by

Assistant Attorney General Jay Rammelkamp at the West Central Illinois Task Force, 1034

W. Jackson Street, Macomb, Illinois, on July 12, 2007.

Karen McNaught
Assistant Attorney General

Karen McNaught
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217)782-1841



### JAMES P. GINZKEY

Trial Attorney
221 E. Washington Street
Bloomington, Illinois 61701
Telephone: (309)821-9707
Fax: (309)821-9708

May 15, 2007

Ms. Karen McNaught
Assistant Attorney General
500 S. Second Street
Springfield, IL 62706

      RE:   Commerce Bank, N.A.v. Gray, Carmichael & Widger
              U.S. District Court No.: 06 CV 1103

Dear Ms. McNaught:

I have now had an opportunity to review your clients' response to request for production. Again, I believe that some of your objections are not well founded and that other responses may be incomplete. I understand that much of the information requested is actually generated by, and in the possession of, the Illinois State Police rather than your clients. However, I believe that is also true for much of the information you have already provided. Rather than debate this issue I will subpoena the information from the Illinois State Police.

My remaining comments and concerns regarding the responses are as follows:

4.     I will rephrase the request to be more specific. If you require that I rephrase in a formal discovery request please let me know.

        Any and all rules, regulations, guidelines, standards of practice or operating procedures of any public authority governing or applying to the **execution of a search warrant, including entrance into a premises, encountering and subduing and suspect, protection of a person or suspect's civil rights, and use of deadly and/or excessive force.**

5.     I will rephrase the request to be more specific. If you require that I rephrase in a formal discovery request please let me know.

        Any and all rules regulations, bylaws or other documents of any association, licensing authority, accrediting authority, inspecti

PLAINTIFF'S EXHIBIT
C

review authority or other private body which **you may use or cite in your defense of the allegations referred to in plaintiff's complaint.**

8 -9.   I believe that inquiry into other instances in which the defendants may have been accused of abuse or misconduct or failed to intervene in the presence of such abuse is relevant. Additionally, it is the Court's duty to determine what evidence is admissible. Notwithstanding this position, I understand that defendants may not have access to such complaints and will subpoena this information from the appropriate entities.

15.     As I indicated in my letter of May 3, 2007, I am willing to enter into a protective order regarding personal information. I assume from your answer that you will release the requested information upon entry of an Agreed Order.

        I would also note that not all of the information requested is related to medical or mental health records. To the extent that you or your clients are in possession of additional documents responsive to this request, please produce them.

16.     I am somewhat confused by your response to Request #16, which refers to the response to #15 which makes reference to the need for a release pursuant to HIPAA. As you know, I have provided you with the medical information which has been obtained from David Green's former healthcare providers. If you or your clients are in possession of additional medical or mental health information related to David Green for which you require a release, please provide one for my client to execute.

20.     I have reviewed the Division of Internal Affairs report and do not find the requested information. If you can direct me to a specific page or report within the report where the information appears, please do so. If not, please provide the requested information.

21 - 22. I believe that the requested information is or may be relevant to my theory of the case. Therefore, to the extent this request refers to members of the Illinois State Police, please provide the requested information.

23.     Your response to my request for a digital copy of the floor plan prepared by the Forensic Diagraming and Animation Section of the Illinois State Police implies that no such item exists. The floor plan referred to appears on pages 0426 - 0428 of the DII report. Additionally, on the same date that you served your discovery response, you served Supplemental Initial Disclosures which refer at #2 to "diagrams of crime scene-both hand drawn and computer generated." You then provided a more legible printed copy of the computer generated diagram. (01085 - 01086) Please provide me with a computer disc containing the diagrams referred to.

24.
25.    I acknowledge that you have provided numerous photographs. However, I do not believe that all photographs have been provided, and possibly have not been provided to you. I note in particular that there is a reference on page 576 of the DII to a photograph taken of a motorcycle at the State Police Headquarters in Macomb on 9/1/05. I have reviewed all of the photographs provided and the only photograph of the motorcycle was taken while it was in David Green's residence. Although this is only one photograph, I do wonder if there are additional photographs which have not been produced, particularly in light of the fact that at a minimum, CSIs Walmsley, Oyer and Kamm, along with Michael McCormick took photographs.

28.    I note that although you indicate that you are not in possession of a complete copy of the Supplemental Crime Scene Report of David Carter you have provided it with the Supplemental Initial Disclosures.

31.    I believe that information related to the proper procedure to be followed in a given circumstance and whether the defendants followed such procedure is relevant. Please provide the requested information.

Please provide the requested information within 7 days.

Cordially,

James P. Ginzkey
jim@jimginzkey.com

JPG/sr

I:\CLIENTS\Green, David (Commerce Bank)\McNaughtDiscLtr5-15-07.wpd

Agent: Insp. M. McCormick #9963

MM 9963

Page: 12

| | |
|---|---|
| 06/10/05 | Recovered from tech services camera by the R/I |
| 06/10/05 | Transported by the R/I to WCITF |
| 06/10/05 | Transferred to Sgt. K. Mullen, Zone 4 EVC for placement in the Zone 4 vault |

**Exhibit #40:**    Video tape taken pre and post search of residence and garage

| | |
|---|---|
| 06/23/05 | Video taken by Insp. McLaughlin |
| 06/23/05 | Tape transferred from Insp. McLaughlin to the R/I |
| 06/23/05: | Transferred from the R/I to FCSD temporary evidence storage. |
| 06/24/05: | Transferred from FCSD temporary evidence storage to WCITF by the R/I. |
| 06/24/05: | Transferred from the R/I to Sgt. K. Mullen #4007, Zone 4 EVC for placement in Zone 4 vault. |

**Exhibit #41**    Floppy disk - digital photos

| | |
|---|---|
| 06/23/05 | Photos taken by Sgt. Mullen |
| 06/23/05 | Disk containing photos transferred from Sgt. Mullen to the R/I |
| 06/23/05: | Transferred from the R/I to FCSD temporary evidence storage. |
| 06/24/05: | Transferred from FCSD temporary evidence storage to WCITF by the R/I. |
| 06/24/05: | Transferred from the R/I to Sgt. K. Mullen #4007, Zone 4 EVC for placement in Zone 4 vault. |

**Exhibit #42:**    Floppy disk - Digital photos

| | |
|---|---|
| 06/23/05 | Photos taken by Sgt. Mullen |
| 06/23/05 | Disk containing photos transferred from Sgt. Mullen to the R/I |
| 06/23/05: | Transferred from the R/I to FCSD temporary evidence storage. |
| 06/24/05: | Transferred from FCSD temporary evidence storage to WCITF by the R/I. |
| 06/24/05: | Transferred from the R/I to Sgt. K. Mullen #4007, Zone 4 EVC for placement in Zone 4 vault. |

**Exhibit #43:**    (77) still photographs from 35mm camera

| | |
|---|---|
| 06/23/05 | Photos taken by Insp. Kunard |
| 07/05/05 | Processed photos obtained by the R/I via mail |
| 07/05/05 | Transferred from the R/I to Sgt. Mullen, Zone 4 EVC for placement in the zone 4 vault. |

**Exhibit #44:**    Vehicle title for 1989 GMC S 1500 Carryall ; VIN: 1GKCT18Z5K0511496

| | |
|---|---|
| 06/23/05 | Recovered by M/Sgt. Kedzior |
| 06/23/05 | Transferred from M/Sgt. Kedzior to the R/I |
| 06/23/05: | Transferred from the R/I to FCSD temporary evidence storage. |
| 06/24/05: | Transferred from FCSD temporary evidence storage to WCITF by the R/I. |
| 06/24/05: | Transferred from the R/I to Sgt. K. Mullen #4007, Zone 4 EVC for placement in Zone 4 vault. |

**Exhibit #101:**    10 rounds 9mm ammunition and Hi Point Firearms Model 995 rifle; Serial # A82478

COMMERCE BANK 061103:00525



PLAINTIFF'S EXHIBIT

D



**JAMES P. GINZKEY**
Trial Attorney
221 E. Washington Street
Bloomington, Illinois 61701
Telephone: (309)821-9707
Fax: (309)821-9708

July 13, 2007

Karen McNaught
Assistant Attorney General
500 South Second Street
Springfield, IL 62706

HAND DELIVERED 7/13/07

　　　RE:　Commerce Bank, N.A. v. Widger, Gray and Carmichael
　　　　　　U.S. District Court No.: 06 CV 1103

Dear Ms. McNaught:

Thank you for the documentation hand delivered by your associate yesterday. Although I have not had an opportunity to review all of the information, I note that the 35 mm photographs taken by Inspector Kunard were not included in the videotapes and digital photos received.

Any effort you can make to expedite this portion of my request would be appreciated, as I would like to review these photographs prior to deposing the crime scene investigators.

Cordially,

James P. Ginzkey
jim@jimginzkey.com

JPG/sr
I:\CLIENTS\Green, David (Commerce Bank)\McNaught7-13-07PhotosLtr.wpd

PLAINTIFF'S
EXHIBIT
E

JAMES P. GINZKEY
Trial Attorney
221 E. Washington Street
Bloomington, Illinois 61701
Telephone: (309)821-9707
Fax: (309)821-9708



August 21, 2007

Ms. Karen McNaught
Assistant Illinois Attorney General
500 South Second Street
Springfield, IL 62706

**Via facsimile and U.S. Mail**

RE:    Commerce Bank v. Widger, et al
       U.S. District Court No.: 06 CV 1103

Dear Ms. McNaught:

In reviewing the Department of Internal Investigation Report, I note that Master Sergeant John Simonton states he secured the scene following the shooting and kept a log of all personnel entering and exiting the scene. In his interview, Master Sergeant Ken Kedzior indicates that he received a copy of this log. I have been unable to locate this log in any of the documents produced in discovery or pursuant to the subpoenas to Illinois State Police and West Central Illinois Task Force. It is also not included in the personal file produced by Master Sergeant Kedzior.

Please provide me with a copy of this log prior to the depositions of CSIs Wamsley and Oyer scheduled for Friday, August 24, 2007.

Please be advised that in light of the fact that you have failed to produce the remaining information requested in discovery and in the subpoenas referred to above, particularly any hand written notes and personal files, if additional information is ultimately produced I reserve the right to re-depose Wamsley and Oyer.

Cordially,

James P. Ginzkey
jim@jimginzkey.com

JPG/sr

I:\CLIENTS\Green, David (Commerce Bank)\Mcnaught8-21-07ltr.wpd

PLAINTIFF'S
EXHIBIT
tabbies
F



# OFFICE OF THE ATTORNEY GENERAL
### STATE OF ILLINOIS

Lisa Madigan
ATTORNEY GENERAL

August 24, 2007

James P. Ginzkey
221 East Washington Street
Bloomington, IL 61701

Re:   *Commerce Bank, NA v. Widger, et al.*
      No. 06-1103

Dear Mr. Ginzkey:

In a letter of August 21, 2007, you requested the log made by Master Sergeant John Simonton, which you allege was not produced. Please refer to Bates stamped page 353, which was produced to you December 29, 2006.

I spoke with Lieutenant Simonton On August 22, 2007, about this log and learned that the second page of his history card was not included in the Division of Internal Investigation file. I now produce that second page, together with a printout of the heart monitor used on David Green, which was found during a search for the second page of the Simonton history card.

Sincerely yours,

Karen L. McNaught
Chief, General Law Bureau

KLM/llb
enclosures



I was then called up to the second floor of the outslag where the shots were fired + met w/ nldg unger + Maroney. nldg Maroney there was taking care of the 3 officers involved in the shooting + I went to the scene of the shooting behind suspects bedroom, mann + kleiss where performing first aid on suspect/victim & I took a position to keep everyone out of the room. A back clear of the outslag was also being conducted at this time.

0640 - Lifeflight on scene
    Beth Hayhys - RN
    Christine Wright - RN
    Kevin Terhark - Pilot
      - All Assisted Trend (kleiss + mann)
      in CPR & First Aid
      - Bullet came out of chest wound while
      performing chest compressions

0650 - AOA after 30+ min of CPR by Trend + Lifeflight

0704 - Everyone but victim out of room

0718 - Cottingham relieved me

   - Observed 5 spent .223 casings + 4 spent .40 cal casings on floor side of room.

:01087

ID#: 062305064123 23Jun05 6:50:01 HR

— Paddles

88.3811371-872 2G84K     x1.0 2.5-30Hz 25mm/sec     888 888 3811371-872 2G84KROK636G4R LP1213566558
805.19

### CERTIFICATE OF SERVICE

Karen L. McNaught, Assistant Attorney General, hereby certifies that she has served a copy of the foregoing Bates ##1087-1088 upon:

James P. Ginzkey
Trial Attorney
221 East Washington Street
Bloomington, IL 61701

by hand delivering a copy of same in an envelope in Bloomington, Illinois on August 24, 2007.

Karen L. McNaught
Assistant Attorney General

Karen L. McNaught
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217)782-1841

## CERTIFICATE OF SERVICE

Karen L. McNaught, Assistant Attorney General, hereby certifies that she has served a copy of the foregoing Bates ##1089-1138 upon:

> James P. Ginzkey
> Trial Attorney
> 221 East Washington Street
> Bloomington, IL 61701

by mailing a true copy thereof at the address referred to above in an envelope duly addressed bearing proper first class postage and deposited in the United States mail at Springfield, Illinois on September 7, 2007.

_____
Karen L. McNaught
Assistant Attorney General



PLAINTIFF'S
EXHIBIT

tabbies

H

# ILLINOIS STATE POLICE
## INVESTIGATIVE REPORT

| e #: | Reporting/Incident Date(s): | Reporting Agent(s): | ID#: MM 9763 | Dictated/LEAD #: |
|------|------|------|------|------|
| 5-14164WM | 09/01/05 | Insp. M. McCormick #9763 | | MM14164.12 |

| tle: | | Case Agent: ID# | Office: | Typed by: | Date: |
|------|------|------|------|------|------|
| DANIEL C. MATHENY, ET AL | | McCormick #9763 | Zone4/Mac | mm | 09/01/05 |

urpose:

Chain of Custody Exhibit #38

The following investigative report reflects the chain of custody of Exhibit #38 (1979 Harley Davidson XLH; VIN 3A10194H9.)

On 09/01/05, digital photographs were taken of Exhibit #38 by the Reporting Inspector (R/I.)  Exhibit #38 was transferred to KATHIE K. MILLARD DAVIS (F/W; DOB 03/25/57) at the District 14 Illinois State Police Headquarters in Macomb.

Attached:
1-10 receipt signed by DAVIS
Copy of Title for Exhibit #38



**PLAINTIFF'S EXHIBIT**

I

Dissemination:

This document contains neither recommendations nor conclusions of the Illinois State Police. It and its contents are not to be disseminated outside your agency.

ISP 4-3 (01/96