**E-FILED**
Monday, 14 January, 2008  11:13:10 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06-CV-1103 |
| | ) | |
| MICHAEL WIDGER, BRIAN GRAY, | ) | |
| and CHRISTOPHER CARMICHAEL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL

NOW COME the defendants, Michael Widger, Brian Gray, and Chris Carmichael, by their counsel, LISA MADIGAN, Attorney General of the State of Illinois, hereby submit this memorandum of law in support of their motion to compel.  In support thereof, the following statements are made.

## FACTS

Defendant served requests to admit and contention interrogatories to plaintiff on August 24, 2007.  *See* Exhibit ##1, 2.  The requests to admit were for admissions as they related to the time of day the incident occurred and the other facts of the incident that occurred between the defendants and David Green on June 23, 2005.  *See* Exhibit #1. The interrogatories asked plaintiff to identify the names, addresses, and telephone numbers of any witnesses who would be able to contradict the statement in the requests to admit, along with specific information with what those witnesses could testify.  *See* Exhibit #2.  If plaintiff did not possess the information to answer the requests to admit, it was requested to state who would possess that information.  *See* Exhibit #2.

The requests for admissions were prepared because plaintiff identified not less than

119 potential witnesses in its Initial Disclosures (*see* Exhibit #5) and the initial depositions and other discovery exchanged between the parties have not identified any persons, other than the defendants or other Illinois State Police officers present during the execution of the search warrant, who can testify about the confrontation between officers and David Green; where David Green was located just prior to and during the confrontation; how blood allegedly became present at certain locations throughout the house; and other facts that may be relevant to the defenses claimed by the defendants. Plaintiff denied certain paragraphs contained in the request to admit and indicated that it did not possess adequate information to respond to others. *See* Exhibit #3. However, in the response to the supplemental interrogatories, plaintiff objected and refused to give answers that would assist in identifying witnesses that plaintiff intends to use in support of its claims. *See* Exhibit #4.

The undersigned has had telephone conversations, has had in-person meetings with plaintiff's counsel, and has written a letter identifying specific information sought in an effort to resolve any discovery disputes. *See* Exhibit #6. Plaintiff's counsel has not responded with any supplemental information.

## ISSUE AND ARGUMENT

**THE OBJECTIONS OF PLAINTIFF SHOULD BE OVERRULED AND PLAINTIFF SHOULD BE REQUIRED TO ANSWER THE SECOND SET OF INTERROGATORIES OF CHRISTOPHER CARMICHAEL**

In federal court, Rule 8(a) of the Federal Rules of Civil Procedure requires only that a plaintiff file a complaint that contains a short and plain statement of the grounds upon which the court has jurisdiction, a short and plain statement indicating that the plaintiff is entitled to relief, and a demand for relief. The courts have referred to this as notice

pleading. *American Nurses' Association v. State of Illinois,* 783 F.2d 716, 723 (7th Cir. 1986). Notice pleading is not fact pleading, and federal court pleading does not require facts or legal theories to be pleaded. *Shah v. Inter-Continental Hotel Chicago Operating Corp.* 314 F.3d 278, 282 (7th Cir. 202); *Vidimos v. Laser Lab Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996). Failure to plead facts or legal theories is not grounds for dismissal in federal court. *Orthman v. Apple River Campground, Inc.,* 757 F.2d 909, 915 (7th Cir. 1985).

The Seventh Circuit has repeatedly held, however, that a defendant can and should serve contention interrogatories to require the plaintiff to particularize his theory of the suit. *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004) ("If the defendant needs more information, he can serve a contention interrogatory"); *Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002)("the defendant might be quite unsure what statute, state or federal, or common law principle the conduct alleged in the complaint might violate, but **he could smoke out the plaintiff's theory of the case by serving a contention interrogatory** on him") [emphasis added]; *Aderman v. Northwestern Mutual Life Insurance Co.*, 172 F.3d 467, 469 (7th Cir. 1999)(a defendant can get all the information he needs by serving a contention interrogatory on the plaintiff); *Ryan v. Mary Immaculate Queen Center*, 188 F.3d 857, 860 (7th Cir. 1999)(because the federal rules require only notice pleading "if truly puzzled, [the defendant] could always serve a contention interrogatory on the plaintiff. . . ."); *Vidimos, Inc. v. Laser Lab Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996) ("If [the defendant] wished to minimize uncertainty concerning the scope of [the plaintiff's] claims, it could have served contention interrogatories."); *American Nurses' Association v. State of Illinois*, 783 F.2d 716, 723 (7th Cir. 1986)("The plaintiff was expected to use pretrial discovery to gather the facts showing [liability] and the defendant

could serve contention interrogatories on the plaintiff to learn the theory behind the claim"); *Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 915 (7th Cir. 1985)(when the plaintiff failed to plead facts showing his theory of liability, the defendant's proper response was "to serve contention interrogatories requiring the plaintiff to particularize his theory of suit. . . .").

In the case at bar, defendant served, *inter alia*, requests to admit on August 24, 2007 (*see* Exhibit #1) and contention interrogatories upon the plaintiff on August 24, 2007 (*see* Exhibit #2). Plaintiff responded to the request to admit on September 7, 2007 (*see* Exhibit #3) and the contention interrogatories on September 26, 2007 (*see* Exhibit #4).

Defendants have no adequate means to prepare a defense in this case. Plaintiff served Initial Disclosures and identified 119 persons who allegedly have discoverable information to support plaintiff's claims (*see* Exhibit #5). Not one of those individuals were identified as having specific knowledge about (a) the weapons that David Green possessed at the time of the shooting; (b) the threats that David Green made immediately prior to the shooting; (c) the orders by police officers to surrender weapons; (d) the specific activities of David Green during the encounter withe defendants; (e) the flash-bangs that were deployed during the encounter with David Green; (f) how the arm of David Green was broken during the encounter with police; and (g) how blood came to be in various places throughout the house of David Green. Defendants have taken depositions of some of the witnesses plaintiff disclosed, but none of these witnesses can offer definitive answers to these questions.

It is not practical to depose al 119 persons to determine if any has a definitive answer to these questions. As such, defendants posed requests to admit to plaintiff and,

if there was a denial, asked in contention interrogatories who could testify to the facts that would support the denial of the statement. Plaintiff responded that this request was not a request for factual information. Defendants respectfully disagree and state that interrogatory #1 in the Second Set of Interrogatories of Christopher Carmichael to Plaintiff does ask for facts–they ask for names, addresses, and telephone numbers, together with particular statements that those witnesses have the alleged knowledge, so that defendants can depose the witness. Plaintiff does cite generally to "multiple depositions," but does not identify which depositions, and defendants respectfully submit that to-date, none of these witnesses has been able to offer evidence of the facts sought. Rather, only two witnesses–Linda Mordue (the ex-wife of David Green) and Kelly Peterson (a self-proclaimed private investigator with no police training and no private investigator license) have offered theories and questions, but were not present during the incident where David Green was shot and have given answers that were so unresponsive that it gives the defendants little or no information.

Defendants also asked that for each request to admit that plaintiff contended it had no knowledge, plaintiff identify who would have the relevant information to respond to the request to admit. Again, plaintiff objected and gave no such information. The only person identified as providing information in response to the interrogatories is plaintiff's counsel.

The undersigned has consulted with plaintiff's counsel on multiple occasions about supplementing and reconsidering his answers to these interrogatories, including telephone conferences, in-person conversations, and letters. After the deposition of Paul Gibson on December 5, 2007, plaintiff's counsel and the undersigned discussed these matters again, and plaintiff's counsel agreed to supplement his responses. After nothing was forthcoming,

the undersigned sent a letter to plaintiff's counsel on December 28, 2007 (*see* Exhibit #6). Plaintiff's counsel still has not responded.

This behavior prejudices the defendants.  Contention interrogatories serve to inform the defendants of the theory of plaintiff's case and the facts to support it, which require plaintiff and his counsel to work together to give defendants evidence.  As such, plaintiff should be required to fully and completely respond to *all* interrogatories as set forth in the Second Set of Interrogatories of Christopher Carmichael.

WHEREFORE, the defendants respectfully request this honorable Court compel plaintiff to answer complete answers to all defendants' interrogatories and request to admit.

Respectfully submitted,

MICHAEL    WIDGER,    BRIAN GRAY, CHRISTOPHER CARMICHAEL,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois,

By:    /s/Karen L. McNaught
       Karen L. McNaught #6200462
       Assistant Attorney General
       500 South Second Street
       Springfield, IL  62706
       Telephone:  (217) 782-1841
       Facsimile:  (217) 524-5091
       kmcnaught@atg.state.il.us

6

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

COMMERCE BANK, N.A.,                )
                                    )
            Plaintiff,              )
                                    )
    vs.                             )        No. 06-CV-1103
                                    )
MICHAEL WIDGER, BRIAN GRAY,         )
and CHRISTOPHER CARMICHAEL,         )
                                    )
            Defendants.             )

**Certificate of Service**

I hereby certify that on January 14, 2008, I electronically filed the foregoing

Memorandum of Law in Support of Defendants' Motion to Compel with the Clerk of Court

using the CM/ECF system which will send notification of such filing to the following:

> James P. Ginzkey
> jim@jimginzkey.com

and I hereby certify that on January 14, 2008, I mailed by United States Postal Service, the

document to the following nonregistered participant:

> None.

> Respectfully submitted,

> s/Karen L. McNaught
> Karen L. McNaught #6200462
> Assistant Attorney General
> 500 South Second Street
> Springfield, IL  62706
> (217)782-1841
> (217) 524-5091 (facsimile)
> kmcnaught@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 06-CV-1103 |
| MICHAEL WIDGER, BRIAN GRAY,<br>and CHRISTOPHER CARMICHAEL, | ) | |
| Defendants. | ) | |

## DEFENDANTS' REQUEST TO ADMIT TO PLAINTIFF

The plaintiff, Commerce Bank, N.A., is hereby notified pursuant to Rule 36 of the Federal Rules of Civil Procedure to serve responses under oath and within thirty (30) days after service of these requests to admit.

1.    The United States Naval Observatory is an official custodian of records for sunrise and sunset data.

**RESPONSE:**

2.    The definition of "civil twilight" is "when the Sun is 6 degrees or more below the horizon. It is also known as dusk or dawn in some places and is the time immediately before sunrise and right after sunset. During this period of time, there is still enough light from the Sun that artificial sources of light are not needed to carry on outdoor activities in most cases."

**RESPONSE:**

3.    According to the United States Naval Observatory, the time of civil twilight on



June 23, 2005, in Canton, Fulton County, Illinois, commenced at 4:57 a.m.

   **RESPONSE:**

   4.    According to the United States Naval Observatory, the time of sunrise on
June 23, 2005, in Canton, Fulton County, Illinois, was 5:30 a.m.

   **RESPONSE:**

   5.    According to the United States Naval Observatory, the time of civil twilight on
June 23, 2005, in Farmington, Fulton County, Illinois, commenced at 4:56 a.m.

   **RESPONSE:**

   6.    According to the United States Naval Observatory, the time of sunrise on
June 23, 2005, in Farmington, Fulton County, Illinois, was 5:29 a.m.

   **RESPONSE:**

   7.    According to the United States Naval Observatory, the time of civil twilight on
June 23, 2005, in Glasford, Peoria County, Illinois, commenced at 4:56 a.m.

   **RESPONSE:**

   8.    According to the United States Naval Observatory, the time of sunrise on
June 23, 2005, in Glasford, Peoria County, Illinois, was 5:29 a.m.

   **RESPONSE:**

9.    The time of civil twilight on June 23, 2005, at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, was 4:56 a.m.

**RESPONSE:**


10.    The time of sunrise on June 23, 2005, at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, was 5:29 a.m.

**RESPONSE:**


11.    Prior to being shot by police officers on June 23, 2005, at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, on the second floor of the residence, David Green had, in his physical possession, a "Hi-Point," 9mm rifle loaded with ammunition at Illinois State Police officers.

**RESPONSE:**


12.    Prior to the encounter with police officers, a Mossberg 12-gauge shotgun was physically present at the residence of David Green at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE:**


13.    Prior to the encounter with police officers, a Winchester 1897, 12-gauge shotgun was physically present at the residence of David Green at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE:**

14.    On June 23, 2005, on the second floor of the structure at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, David Green encountered the defendants.

**RESPONSE:**

15.    On June 23, 2005, on the second floor of the structure at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, David Green threatened to shoot defendants.

**RESPONSE:**

16.    Prior to David Green surrendering any weapons on June 23, 2005, David Green was ordered to surrender any weapons.

**RESPONSE:**

17.    David Green relinquished the "Hi-Point" 9mm rifle after being ordered to do so on June 23, 2005.

**RESPONSE:**

18.    After surrendering the Hi-Point 9 mm rifle and before being shot by defendants, David Green had in his possession a 9 mm Ruger pistol.

**RESPONSE:**

19.     After relinquishing the Hi-Point 9 mm rifle and before being shot be defendants, David Green threatened to shoot defendants on June 23, 2005.

**RESPONSE:**

20.     On June 23, 2005, with the 9 mm Ruger in his possession and after he surrendered the Hi-Point 9 mm rifle, David Green was ordered to drop the weapon that was in his possession.

**RESPONSE:**

21.     David Green did not comply with the order to relinquish physical possession of all of the weapons he was physically holding on June 23, 2005.

**RESPONSE:**

22.     David Green was upstairs in his residence located at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, when a flash bang was deployed on the first floor of the residence.

**RESPONSE:**

23.     David Green was not disoriented by the first flash bang devise that was deployed in his residence located at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois.

**RESPONSE:**

24.   A second flash-bang device was deployed from the second floor in the residence of David Green located at 27368 East Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE:**


25.   After the second flash bang device was deployed, it fell to the first floor and did not disorient David Green.

**RESPONSE:**


26.   At the time that David Green was shot by police officers on June 23, 2005, at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, David Green was pointing a 9 mm Ruger loaded with ammunition at Illinois State Police officers.

**RESPONSE:**


27.   No police officers shot David Green outside his residence located at 27368 East Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE:**


28.   No police officers chased David Green through his residence located at 27368 East Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE:**

29.    The defendants did not shoot David Green on or near the steps leading from the first floor to the second floor of the David Green residence located at 27368 East Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE:**


30.    Plaintiff has no evidence of the sequence of events that led to the arm of David Green being broken on June 23, 2005.

**RESPONSE:**


31.    Plaintiff has no evidence to support the claim of how blood came to be present on the wall on or near the steps leading from the first floor to the second floor on or near the steps leading from the first floor to the second floor of the David Green residence located at 27368 East Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE:**


32.    Plaintiff has no evidence to support the claim of when blood came to be present on the wall on or near the steps leading from the first floor to the second floor on or near the steps leading from the first floor to the second floor of the David Green residence located at 27368 East Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE:**

33.    Plaintiff has no evidence to support the claim of how blood came to be present in the dog cage at the residence of David Green located at 27368 East Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE:**

34.    Plaintiff has no evidence to support the claim of when blood came to be present in the dog cage at the residence of David Green located at 27368 East Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE:**

Respectfully submitted,

CHRISTOPHER CARMICHAEL, BRIAN GRAY, MICHAEL WIDGER,

Defendants,

LISA MADIGAN, Attorney General
State of Illinois,

Attorney for Defendants.

Karen L. McNaught #06200462
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Fax: (217) 524-5091
E-mail: kmcnaught@atg.state.il.us

By:_____
s/Karen L. McNaught
Assistant Attorney General

KAREN L. McNAUGHT
Assistant Attorney General

**U.S. Naval Observatory**
**Astronomical Applications Department**

**Sun and Moon Data for One Day**

The following information is provided for 27368 East Birds Corner Road (longitude W89.9, latitude N40.6):

```
          Thursday
          23 June 2005          Universal Time - 5h

                    SUN
          Begin civil twilight    04:56
          Sunrise                 05:29
          Sun transit             13:02
          Sunset                  20:34
          End civil twilight      21:08

                    MOON
          Moonrise                21:49 on preceding day
          Moon transit            02:14
          Moonset                 06:41
          Moonrise                22:41
          Moonset                 08:02 on following day
```

Phase of the Moon on 23 June:   waning gibbous with 96% of the Moon's visible disk illuminated.

Full Moon on 21 June 2005 at 23:14 (Universal Time - 5h).

**U.S. Naval Observatory**
**Astronomical Applications Department**


**Sun and Moon Data for One Day**

The following information is provided for Canton, Fulton County, Illinois (longitude W90.0, latitude N40.6):

```
        Thursday
        23 June 2005          Central Daylight Time

                    SUN
        Begin civil twilight      4:57 a.m.
        Sunrise                   5:30 a.m.
        Sun transit               1:02 p.m.
        Sunset                    8:35 p.m.
        End civil twilight        9:08 p.m.

                    MOON
        Moonrise                  9:50 p.m. on preceding day
        Moon transit              2:14 a.m.
        Moonset                   6:42 a.m.
        Moonrise                 10:41 p.m.
        Moonset                   8:02 a.m. on following day
```

Phase of the Moon on 23 June:   waning gibbous with 96% of the Moon's visible disk illuminated.

Full Moon on 21 June 2005 at 11:14 p.m. Central Daylight Time.

---

Census Bureau map of Canton area

**U.S. Naval Observatory**
**Astronomical Applications Department**


## Sun and Moon Data for One Day

The following information is provided for Farmington, Fulton County, Illinois (longitude W90.0, latitude N40.7):

```
        Thursday
        23 June 2005          Central Daylight Time

                    SUN
        Begin civil twilight      4:56 a.m.
        Sunrise                   5:29 a.m.
        Sun transit               1:02 p.m.
        Sunset                    8:35 p.m.
        End civil twilight        9:08 p.m.

                    MOON
        Moonrise                  9:50 p.m. on preceding day
        Moon transit              2:14 a.m.
        Moonset                   6:41 a.m.
        Moonrise                 10:42 p.m.
        Moonset                   8:02 a.m. on following day
```


Phase of the Moon on 23 June:   waning gibbous with 96% of the Moon's visible disk illuminated.

Full Moon on 21 June 2005 at 11:14 p.m. Central Daylight Time.


_____


Census Bureau <u>map</u> of Farmington area

**U.S. Naval Observatory**
**Astronomical Applications Department**

## Sun and Moon Data for One Day

The following information is provided for Glasford, Peoria County, Illinois (longitude W89.8, latitude N40.6):

```
Thursday
23 June 2005          Central Daylight Time

           SUN
Begin civil twilight      4:56 a.m.
Sunrise                   5:29 a.m.
Sun transit               1:02 p.m.
Sunset                    8:34 p.m.
End civil twilight        9:07 p.m.

           MOON
Moonrise                  9:49 p.m. on preceding day
Moon transit              2:13 a.m.
Moonset                   6:41 a.m.
Moonrise                 10:40 p.m.
Moonset                   8:01 a.m. on following day
```

Phase of the Moon on 23 June:  waning gibbous with 96% of the Moon's visible disk illuminated.

Full Moon on 21 June 2005 at 11:14 p.m. Central Daylight Time.

_____

Census Bureau map of Glasford area

## CERTIFICATE OF SERVICE

Karen McNaught, Assistant Attorney General, hereby certifies that she has served

a copy of the foregoing Defendants' Request to Admit to Plaintiff upon:

> James P. Ginzkey
> 221 East Washington Street
> Bloomington, IL 61701

by hand delivering a copy of same in an envelope in Bloomington, Illinois, on August

24, 2007.

s/Karen L. McNaught
Assistant Attorney General

Karen L. McNaught
Assistant Attorney General

Karen L. McNaught
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217)782-1841

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

COMMERCE BANK, N.A., )
)
Plaintiff, )
)
vs. )    No. 06-CV-1103
)
MICHAEL WIDGER, BRIAN GRAY, )
and CHRISTOPHER CARMICHAEL, )
)

## SECOND SET OF INTERROGATORIES OF CHRISTOPHER CARMICHAEL TO PLAINTIFF

The plaintiff, Commerce Bank, is hereby notified to answer the following interrogatories separately and fully in writing, under oath and within thirty (30) days after service of these interrogatories, all in accordance with Federal Rule of Civil Procedure 33. These interrogatories may be answered in the space provided.

1.    For each denial of any of the paragraphs in the First Request To Admit served on August 24, 2007, identify the paragraph denied by number; the name, address, and telephone number of each witness who will testify that the paragraph is not true; and state with particularity to what the witness will testify and the reasons for the denial in the request to admit.

**RESPONSE:**

2.    For each paragraph in the First Request to Admit served on August 24, 2007, in which you deny knowledge, explain who has the relevant information to respond to this Request to Admit and what information this witness or these witnesses possess.



DEFENDANT'S
EXHIBIT
2

**RESPONSE:**


3.      State the full name (including any aliases and dates of those aliases), addresses, the dates of birth, and driver's license numbers of all persons who assisted in drafting responses and/or responding to the interrogatories.

**RESPONSE:**


                                    Respectfully submitted,

                                    CHRISTOPHER CARMICHAEL,

                                         Defendant,

                                    LISA MADIGAN, Attorney General
                                    State of Illinois,

Karen L. McNaught #06200462              Attorney for Defendant.
Assistant Attorney General
500 South Second Street
Springfield, IL 62706                        s/Karen L. McNaught
Telephone: (217) 782-1841                    Assistant Attorney General
Fax: (217) 524-5091                 By:_____
E-mail: kmcnaught@atg.state.il.us        KAREN L. McNAUGHT
                                         Assistant Attorney General


-2-

## CERTIFICATE OF SERVICE

Karen McNaught, Assistant Attorney General, hereby certifies that she has served

a copy of the foregoing Second Set of Interrogatories of Christopher Carmichael to Plaintiff

upon:

> James P. Ginzkey
> 221 East Washington Street
> Bloomington, IL 61701

by depositing a copy of same in a correctly addressed, prepaid envelope and depositing

same in the United States Mail in Springfield, Illinois, on August 24, 2007.

> s/Karen L. McNaught
> Assistant Attorney General
>
> Karen McNaught
> Assistant Attorney General

Karen McNaught
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217)782-1841

E-FILED

Monday, 14 January, 2008  11:14:55 AM
Clerk, U.S. District Court, ILCD

E-FILED
Friday, 07 September, 2007  01:23:38 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

COMMERCE BANK, N.A.,      )
                              )
           Plaintiff,     )
                              )
    vs.                 )    No. 06-CV-1103
                              )
MICHAEL WIDGER, BRIAN GRAY,    )
and CHRISTOPHER CARMICHAEL,    )
                              )
         Defendants.   )

## PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUEST TO ADMIT

Plaintiff, by its undersigned attorney, responds to defendants' request to admit as follows:

1.     The United States Naval Observatory is an official custodian of records for sunrise and sunset data.

**RESPONSE: Admits.**

2.     The definition of "civil twilight" is "when the Sun is 6 degrees or more below the horizon. It is also known as dusk or dawn in some places and is the time immediately before sunrise and right after sunset. During this period of time, there is still enough light from the Sun that artificial sources of light are not needed to carry on outdoor activities in most cases."

**RESPONSE: After reasonable inquiry, the information known or readily obtainable by plaintiff is insufficient to enable plaintiff to admit or deny this alleged fact.**

3.     According to the United States Naval Observatory, the time of civil twilight on June 23, 2005, in Canton, Fulton County, Illinois, commenced at 4:57 a.m.

**RESPONSE: Admits.**



DEFENDANT'S EXHIBIT 3

4.    According to the United States Naval Observatory, the time of sunrise on June 23, 2005, in Canton, Fulton County, Illinois, was 5:30 a.m.

**RESPONSE: Admits.**

5.    According to the United States Naval Observatory, the time of civil twilight on June 23, 2005, in Farmington, Fulton County, Illinois, commenced at 4:56 a.m.

**RESPONSE: Admits.**

6.    According to the United States Naval Observatory, the time of sunrise on June 23, 2005, in Farmington, Fulton County, Illinois, was 5:29 a.m.

**RESPONSE: Admits.**

7.    According to the United States Naval Observatory, the time of civil twilight on June 23, 2005, in Glasford, Peoria County, Illinois, commenced at 4:56 a.m.

**RESPONSE: Admits.**

8.    According to the United States Naval Observatory, the time of sunrise on June 23, 2005, in Glasford, Peoria County, Illinois, was 5:29 a.m.

**RESPONSE: Admits.**

9.    The time of civil twilight on June 23, 2005, at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, was 4:56 a.m.

**RESPONSE: Admits.**

10.    The time of sunrise on June 23, 2005, at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, was 5:29 a.m.

**RESPONSE: Admits.**

11.     Prior to being shot by police officers on June 23, 2005, at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, on the second floor of the residence, David Green had, in his physical possession, a "Hi-Point," 9mm rifle loaded with ammunition at Illinois State Police officers.

**RESPONSE: Denies**

12.     Prior to the encounter with police officers, a Mossberg 12-gauge shotgun was physically present at the residence of David Green at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE: Objection. The phrase "physically present"is vague and ambiguous. Additionally, the presence or absence of such a shotgun is irrelevant to matters at issue in this cause.**

13.     Prior to the encounter with police officers, a Winchester 1897, 12-gauge shotgun was physically present at the residence of David Green at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE: Objection. The phrase "physically present"is vague and ambiguous. Additionally, the presence or absence of such a shotgun is irrelevant to matters at issue in this cause.**

14.     On June 23, 2005, on the second floor of the structure at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, David Green encountered the defendants.

**RESPONSE: Admits.**

15.    On June 23, 2005, on the second floor of the structure at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, David Green threatened to shoot defendants.

**RESPONSE: After reasonable inquiry, the information known or readily obtainable by plaintiff is insufficient to enable plaintiff to admit or deny this alleged fact.**

16.    Prior to David Green surrendering any weapons on June 23, 2005, David Green was ordered to surrender any weapons.

**RESPONSE: Objection. This request is improper because it is not one fact but rather is multiple facts which are phrased to be co-dependent. Plaintiff cannot admit or deny this paragraph in its present form.**

17.    David Green relinquished the "Hi-Point" 9mm rifle after being ordered to do so on June 23, 2005.

**RESPONSE: Objection. This request is improper because it is not one fact but rather is multiple facts which are phrased to be co-dependent. Plaintiff cannot admit or deny this paragraph in its present form.**

18.    After surrendering the Hi-Point 9 mm rifle and before being shot by defendants, David Green had in his possession a 9 mm Ruger pistol.

**RESPONSE: Objection. This request is improper because it is not one fact but rather is multiple facts which are phrased to be co-dependent. Plaintiff cannot admit or deny this paragraph in its present form.**

19.    After relinquishing the Hi-Point 9 mm rifle and before being shot be defendants, David Green threatened to shoot defendants on June 23, 2005.

**RESPONSE: Objection. This request is improper because it is not one fact but rather is multiple facts which are phrased to be co-dependent. Plaintiff cannot admit or deny this paragraph in its present form.**

20.    On June 23, 2005, with the 9 mm Ruger in his possession and after he surrendered the Hi-Point 9 mm rifle, David Green was ordered to drop the weapon that was in his possession.

RESPONSE: **Objection. This request is improper because it is not one fact but rather is multiple facts which are phrased to be co-dependent. Plaintiff cannot admit or deny this paragraph in its present form.**

21.    David Green did not comply with the order to relinquish physical possession of all of the weapons he was physically holding on June 23, 2005.

RESPONSE: **Objection. This request is improper because it is not one fact but rather is multiple facts which are phrased to be co-dependent. Plaintiff cannot admit or deny this paragraph in its present form.**

22.    David Green was upstairs in his residence located at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, when a flash bang was deployed on the first floor of the residence.

RESPONSE: **Admits that at least one flash bang device was deployed on the date in question, but denies the remainder of this alleged fact.**

23.    David Green was not disoriented by the first flash bang devise that was deployed in his residence located at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois.

RESPONSE: **Denies.**

24.    A second flash-bang device was deployed from the second floor in the residence of David Green located at 27368 East Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

RESPONSE: **Admits that at least one flash bang device was deployed on the date in question, but denies the remainder of this alleged fact.**

25.     After the second flash bang device was deployed, it fell to the first floor and did not disorient David Green.

**RESPONSE: Denies.**

26.     At the time that David Green was shot by police officers on June 23, 2005, at the address of 27368 Birds Corner Road, Canton, Fulton County, Illinois, David Green was pointing a 9 mm Ruger loaded with ammunition at Illinois State Police officers.

**RESPONSE: Denies.**

27.     No police officers shot David Green outside his residence located at 27368 East Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE: After reasonable inquiry, the information known or readily obtainable by plaintiff is insufficient to enable plaintiff to admit or deny this alleged fact.**

28.     No police officers chased David Green through his residence located at 27368 East Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE: Denies.**

29.     The defendants did not shoot David Green on or near the steps leading from the first floor to the second floor of the David Green residence located at 27368 East Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE: Denies.**

30.     Plaintiff has no evidence of the sequence of events that led to the arm of David Green being broken on June 23, 2005.

**RESPONSE: Denies.**

31.    Plaintiff has no evidence to support the claim of how blood came to be present on the wall on or near the steps leading from the first floor to the second floor on or near the steps leading from the first floor to the second floor of the David Green residence located at 27368 East Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE: Denies.**

32.    Plaintiff has no evidence to support the claim of when blood came to be present on the wall on or near the steps leading from the first floor to the second floor on or near the steps leading from the first floor to the second floor of the David Green residence located at 27368 East Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE: Denies.**

33.    Plaintiff has no evidence to support the claim of how blood came to be present in the dog cage at the residence of David Green located at 27368 East Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE: Denies.**

34.    Plaintiff has no evidence to support the claim of when blood came to be present in the dog cage at the residence of David Green located at 27368 East Birds Corner Road, Canton, Fulton County, Illinois, on June 23, 2005.

**RESPONSE: Denies.**

Commerce Bank N.A., Plaintiff

By:_____s/ James P. Ginzkey_____
        James P. Ginzkey
        Bar Number: 3124355
        Attorney for Plaintiff
        221 E. Washington St.
        Bloomington, Illinois  61701
        Telephone: (309)821-9707
        Fax: (309)821-9708
        E-mail: jim@jimginzkey.com

**PROOF OF SERVICE**

I, James P. Ginzkey, hereby certify that on **September 7, 2007,** I served a copy of the following:

- **Plaintiff's Response to Defendants' Request to Admit**

This document was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Karen L. McNaught
Illinois Attorney General
500 S. Second St.
Springfield, IL 62706

Commerce Bank N.A., Plaintiff

By:_____s/ James P. Ginzkey_____
James P. Ginzkey
Bar Number: 3124355
Attorney for Plaintiff
221 E. Washington St.
Bloomington, Illinois 61701
Telephone: (309)821-9707
Fax: (309)821-9708
E-mail: jim@jimginzkey.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

COMMERCE BANK, N.A.,       )
                                  )
                Plaintiff,    )
      v.                          )      No. 06-1103
                                  )
MICHAEL WIDGER, BRIAN GRAY,    )
and CHRISTOPHER CARMICHAEL,    )
                                  )
                Defendants.   )

**<u>PLAINTIFF'S ANSWERS TO SECOND SET OF INTERROGATORIES
OF CHRISTOPHER CARMICHAEL</u>**

NOW COMES plaintiff, COMMERCE BANK, N.A., by its attorney, James P. Ginzkey,

answering second set of interrogatories propounded by defendant, CHRISTOPHER CARMICHAEL,

as follows:

1.     For each denial of any of the paragraphs in the First Request to Admit served on August 24,

    2007, identify the paragraph denied by number; the name, address, and telephone number of

    each witness who will testify that the paragraph is not true; and state with particularity to

    what the witness will testify and the reasons for the denial in the request to admit.

    **RESPONSE: Objection. This interrogatory is improper in that it does not request
    facts but requests conclusions based upon multiple facts from multiple
    witnesses. The basis of plaintiff's denial of items 1, 23, 25, 26, and 28
    through 34 of defendant's request to admit is the testimony developed
    through multiple depositions, for all which depositions defense counsel
    was present and asked questions.**

2.     For each paragraph in the First Request to Admit served on August 24, 2007, in which you

    deny knowledge, explain who has the relevant information to respond to this Request to

    Admit and what information this witness or these witnesses possess.

    **RESPONSE: See answer to 1 above.**



DEFENDANT'S
EXHIBIT
4

3.  State the full name (including any aliases and dates of those aliases), addresses, the date of

    birth, and driver's license numbers of all persons who assisted in drafting responses and/or

    responding to interrogatories.

    **RESPONSE: James P. Ginzkey**

                                        Commerce Bank N.A., Plaintiff

                            By:_____s/ James P. Ginzkey_____
                                        James P. Ginzkey
                                        Bar Number: 3124355
                                        Attorney for Plaintiff
                                        221 E. Washington St.
                                        Bloomington, Illinois 61701
                                        Telephone: (309)821-9707
                                        Fax: (309)821-9708
                                        E-mail: jim@jimginzkey.com

## PROOF OF SERVICE

I, James P. Ginzkey, hereby certify that on **September 26, 2007,** I served a copy of the following:

- **Plaintiff's Answers to Second Set of Interrogatories of Christopher Carmichael**

by enclosing the same in an envelope addressed to:

> Karen L. McNaught
> Illinois Attorney General
> 500 S. Second St.
> Springfield, IL 62706

with postage fully prepaid, and by depositing said envelope in the United States Post Office at Bloomington, Illinois, at or about the hour of 5:00 o'clock p.m. on the **26th** day of **September, 2007.**

The originals of said document(s) were not filed with the Court and this Notice is filed with the Court showing the documents were mailed on the date as stated above.

Commerce Bank N.A., Plaintiff

By:_____ s/ James P. Ginzkey _____
James P. Ginzkey
Bar Number: 3124355
Attorney for Plaintiff
221 E. Washington St.
Bloomington, Illinois 61701
Telephone: (309)821-9707
Fax: (309)821-9708
E-mail: jim@jimginzkey.com

Page 3 of 3

E-FILED
Monday, 14 January, 2008  11:15:38 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 -1103 |
| | ) | |
| MICHAEL WIDGER, BRIAN GRAY, | ) | |
| and CHRISTOPHER CARMICHAEL, | ) | |
| | ) | |
| Defendants. | ) | |

### RULE 26 INITIAL DISCLOSURES

Plaintiff, COMMERCE BANK, N.A., administrator of the Estate of David Green,

deceased, by its attorney, James P. Ginzkey, makes the following initial disclosures pursuant

to Fed. R. Civ. P. 26(a)(1):

A.    The name and, if known, the address and telephone number of each individual likely to
have discoverable information that the disclosing party may use to support its claim
or defenses, unless solely for impeachment, identifying the subjects of the
information:

**The following persons, as identified in the Illinois State Police Division of**

**Internal Investigation report:**

| | |
|---|---|
| Michael Widger | Sgt. Bruce Shimizu |
| Christopher Carmichael | Trooper David Logue |
| Brian Gray | Dominic Chiappini |
| Inspector Michael Galletti, | Trooper Gregory Lecas |
| Trooper Mateo Canizares | Trooper Bryan Pruitt |
| Trooper Jamie Plomera | Trooper Michael Killeen |



DEFENDANT'S
EXHIBIT
5

| | |
|---|---|
| Trooper David Marony | Trooper Keith Chestnut |
| Trooper Robert Gembara | Trooper Ronald Ogarek |
| Sgt. Brent Hopp | Master Sgt. John Simonton |
| Sgt. Kenneth Mullen, | Trooper Daniel Kaminski |
| Inspector Randall Kunard | Sgt. Michael Voges |
| Trooper Clayton Cushman | Trooper Rickie Wallinger |
| Sgt. Calven (Leon) Compton | Trooper Chad Peterson |
| Trooper Anthony Romeo | Master Sgt. Michael Schneider |
| Trooper James Kleist | Sgt. Eric Wolf |
| Trooper Thomas Scott Monti | Inspector John McLaughlin |
| Inspector Steve Henshaw | Kenneth Yelliot |
| Inspector Keith Grant | Deputy Nancy Roddis, Fulton County Sheriff's Department |
| Master Sgt. Ken Kedzior | Inspector Robert K Bay |
| Trooper Paul Gibson | Trooper James T. Adkisson |
| Trooper Danny Leezer | Lt. Todd Kilby |

have knowledge of the events leading up to, at the time of, and following the execution of the search warrant and shooting of David Green on June 23, 2005, and their participation in the subsequent investigation.

The following persons, as identified in the Illinois State Police Division of Internal Investigation report, have knowledge of the investigation into the execution of the search warrant and the shooting of David Green:

| | |
|---|---|
| Captain Robert Haley, ISP | Inspector Mark Ross |
| Debbie Claypool, ISP | Master Sgt. Kevin Poehls |
| Lindsey Becker, ISP | Joseph Gurski |
| Special Agent Eugene Tennial | Mary Keyes |
| Howard Baxter | Special Agent Anthony McClure, |
| Sgt. Deanna Willner | |

Col. Charles Brueggeman, c/o Illinois State Police (ISP), has knowledge of the investigation into the shooting of David Green.

Lt. Jerry James, WCITF, Zone 4, (309)693-5180 has knowledge of the investigation into the shooting of David Green.

Inspector Michael McCormick, c/o ISP has knowledge of the investigation into, and surveillance of, the activities of David Green in the weeks preceding the issuance and execution of the search warrant. Additionally, he has knowledge of the events leading up to, at the time of and following the execution of the warrant and the subsequent investigation.

Chief Warrant Officer Jason Stiff, c/o Army National Guard, 660 Airport Road, Decatur, IL 62521, has knowledge of the events leading up to, at the time of and following the execution of the search warrant.

Elizabeth Hayes, Christine Watson and Kevin L. Terhark, c/o St. Francis Medical Center, LifeFlight, 530 N.E. Glen Oak Ave., Peoria, IL 61637, have knowledge of the events leading up to, at the time of, and following the execution of the search warrant, the request for assistance by law enforcement personnel, and attempts at resuscitation of, or first aid administered to, David Green.

Rodney Walmsley, c/o ISP, has knowledge of the processing of the crime scene, the investigation into the shooting of David Green, standard practices and proper procedures in the processing of crime scenes and victims' bodies, and the autopsy of David Green.

Sgt. Michael Oyer, c/o ISP, has knowledge of the processing of the crime scene, the investigation into the shooting of David Green, standard practices and proper procedures in the processing of crime scenes and victims' bodies.

Trooper Eddie Kamm, c/o ISP, has has knowledge of the processing of the crime scene, the investigation into the shooting of David Green, standard practices and proper procedures in the processing of crime scenes and victims' bodies.

David Carter, c/o ISP, has knowledge of the processing of the crime scene, the investigation into the shooting of David Green, his analysis of blood spatters at the scene, the autopsy of David Green, and standard practices and proper procedures and in the processing of crime scenes and victims' bodies.

Lt. William Arndt, Fulton County Sheriff (retired), 268 W. Washington St., Lewistown, IL 61542 (309)547-2277, has knowledge of his department's participation in the execution of the search warrant and follow-up investigation of the shooting of David Green.

Travis Hindman, M.D., 412Clipper Road, Springfield, IL 62711 (217) 787-3235 has knowledge of the autopsy of David Green.

Jeff Lair, Morgan County Coroner, P.O. Box 1261, Jacksonville, IL 62651 (217)245-7423 has knowledge of the autopsy conducted on David Green.

Trooper Nathan Gibson, c/o ISP has knowledge of the investigation into the execution of the search warrant and the shooting of David Green. Additionally he has knowledge of the autopsy conducted on David Green.

Sgt. Brian Wilham, c/o ISP, has knowledge of the investigation into the execution of the search warrant and the shooting of David Green. Additionally he has knowledge of the autopsy conducted on David Green.

Gary Carter, Memorial Medical Center, 701 N. First, Springfield, IL 62781 (217)788-3000, photographer, has knowledge of the autopsy conducted on David Green.

Christopher Kozel, c/o ISP, Forensic Scientist has knowledge of the investigation into the execution of the search warrant and shooting death of David Green and processing of the crime scene, standard practices and proper procedures in processing a crime scene, and the autopsy conducted on David Green.

Lisa Harris, SIU School of Medicine Intern, address unknown, has knowledge of the autopsy conducted on David Green.

Trooper Robbie Frakes, c/o ISP, has knowledge of the events leading up to, at the time of and following the execution of the search warrant and shooting of David Green, including maintenance of the "activity log".

Trooper Daniel Robinson, c/o ISP, has knowledge of the events leading up to, at the time of and following the execution of the search warrant and shooting of David Green, including maintenance of the "activity log".

Trooper Terry Rochford, c/o ISP, has knowledge of the investigation following the execution of the search warrant and shooting of David Green, and his receipt of evidence from the crime scene and other sources.

Stephen Beekman, Fulton County Animal Control, P.O. Box 471, Cuba, IL 309-785-5407, has knowledge of the events leading up to, at the time of, and following the execution of the search warrant, his removal of dogs from the premises, the circumstances of the death of one of the dogs while in his possession and control,

his conversations with law enforcement personnel at the time of and following the occurrence, and his conversations with Sarah Stone regarding the dogs.

Steven Hines, Fulton County Coroner, 1601 E. Chestnut, Canton, IL (309)647-5368 has knowledge of the investigation into the death of David Green and the subsequent inquest conducted by his office.

Daniel Matheny, current address unknown, has knowledge of David Green's activities and demeanor, the events leading up to, at the time of, and following the execution of the search warrant and his observations as to the condition of the premises following law enforcement's investigation of the "crime scene".

Nikki Rundquist, current address unknown, has knowledge of David Green's activities and demeanor, the events leading up to, at the time of, and following the execution of the search warrant and his observations as to the condition of the premises following law enforcement's investigation of the "crime scene".

Jessica Hutchison, current address unknown, has knowledge of David Green's activities and general demeanor and of the premises on which the warrant was executed.

Eric Knock, 27235 E. Birds Corner Road, Canton, IL has knowledge of David Green's activities and general demeanor. Additionally he has knowledge of what he observed and/or heard on the date of the occurrence and his subsequent observations of the premises.

Kelly Peterson, 116 E. Arcadia, Peoria, IL has knowledge of his investigation and observations at the premises in the days following the shooting and collection of evidence from the scene.

Sarah Stone, 411 Grant Rd., Marquette Heights, 61554 (309)303-1194, has knowledge of David Green's activities and general demeanor, Green's relationship with her and with his daughters, Shelby and Chelsey, her contacts and conversations with Stephen Beekman regarding the dogs removed from the premises, her conversations and interview with representatives of the Illinois State Police and the condition of the premises following the occurrence.

Kenneth Stone 411 Grant Rd., Marquette Heights, 61554 (309)303-1194 has knowledge of David Green's activities and general demeanor, Green's relationship with Sarah Stone and Green's daughters, Shelby and Chelsey, his contacts and conversations with Stephen Beekman regarding the dogs removed from the premises and the condition of the premises following the occurrence.

Linda Mordue, 2018 W. Rohmann Ave., West Peoria, IL 61604, has knowledge of the activities and demeanor of David Green during and following their marriage, his relationship and interaction with his daughters, her observations and collection of evidence at the scene in the days following the shooting, her retrieval of Green's truck from ISP and her effort to obtain information related to the execution of the search warrant and shooting of David Green.

Wiley Holt, 220 N. Pekin Lane, Hanna City, IL 61536 (309)208-1202, has knowledge of David Green's activities and general demeanor, Green's possession of firearms, and Green's alleged statement that he would not return to prison.

Deputy Jeff Standard, c/o Fulton County Sheriff's Department (and Deputy Coroner), c/o 268 W. Washington St., Lewistown, IL has knowledge of the events leading up to, at the time of, and following the execution of the search warrant and his performance of duties as deputy; he will also testify to the exercise of his duties as deputy coroner at the premises on the day of the shooting.

Kathie Davis and Mike Davis, 934 N. 2nd Chillicothe, IL (309)369-9877, have knowledge of David Green's activities and general demeanor.

Jona Lloyd, R.R. 2, Brimfield, IL (309)446-3974, has knowledge of the condition of the premises following the investigation at the premises conducted by the Illinois State Police.

Paul (Trevor) Howerton, 3526 Abbey Circle, Peoria, IL 61604 (309)675-6871 has knowledge of David Green's activities and general demeanor and his observations at the Green residence in the days following the shooting.

Tonya Ballinger Green, 4100 Fireside Road, Palmerstown, PA, 18071 (610)824-3772, has knowledge of David Green's activities and demeanor during and following their marriage, his possession of firearms, and Green's alleged statement that he would not return to prison.

Jason Osmundson, 1006 E. Melbourne, Peoria, IL 61603, has knowledge of the firearms found in the possession of David Green at the time of the execution of the search warrant.

Donald Fiessenger, 239 E. Court, apt 907, Pekin IL 61554 (309)353-9800, has knowledge of the firearms found in the possession of David Green at the time of the execution of the search warrant.

Charlotte Green, 2101 S. Yellowwood, Unit 56, Mesa, AZ 85209, has knowledge

of David Green's activities and demeanor and his relationship with his daughters.

John Clark, Fulton County States Attorney, 100 N. Main St., Lewistown, IL 61542 (309)547-3041 will testify to his knowledge of the execution of the search warrant, the investigation into the shooting death of David Green conducted by the Illinois State Police Department of Internal Investigations, any independent investigation conducted by his department and the bases for declining to prosecute defendants in regard to the shooting.

Dan Daly, Fulton County Sheriff, retired, 268 W. Washington St., Lewistown, IL 61542 (309)542-2277,has knowledge of his department's participation in the events leading up to, at the time of and following the execution of the search warrant.

Trooper B. Beekman, #4964, Illinois State Police District 14, Macomb, Illinois has knowledge of the transportation, storage, impoundment and release of the 1993 Ford 150 XLT truck removed from the scene of the occurrence.

Brett Reed, Canton, IL (309)208-1932: has knowledge of David Green's activities and demeanor and what he observed and/or heard on the date of the occurrence.

Virgil l/n/u, Corner of E. Birds Corner and Stone School Road, Canton, IL has knowledge of David Green's activities and demeanor and what he observed and/or heard on the date of the occurrence.

Sharon & Lisa Becker, 27812 E. State Highway 9, Canton, IL 61520 (309)647-5929 has knowledge of David Green's activities and demeanor.

Derk Howald, 1326 Logan. Chillicothe, IL has knowledge of David Green's activities and demeanor.

Justin Davis, address unknown, has knowledge of David Green's activities and demeanor.

Karen Sames, 127 Crescent, E. Peoria, Illinois 61611 (309)694-4759 has knowledge of David Green's activities and demeanor.

Mark Sames 127 Crescent, E. Peoria, Illinois 61611 (309)694-4759 has knowledge of David Green's activities and demeanor.

Dan Kelts, 1401 W. Parkside, Peoria, IL 61606 (309)219-1006, has knowledge of David Green's activities and demeanor.

Todd Stenger 3727 N. Dayton, Peoria Heights, 61614 (309)686-6480, has knowledge of David Green's activities and demeanor.

Jerry Hutchison, Jr., address unknown, has knowledge of David Green's activities and demeanor. Additionally he has knowledge of the premises.

Glenn Theinert, 209 Pinkerton, Hanna City, IL 61536 (309)256-5161, has knowledge of David Green's activities and demeanor.

Bob Leggins, 5701 Plank Road, Bellview, IL has knowledge of David Green's activities and demeanor. Additionally he observed the premises in the days following the occurrence.

Karl A. Reich, Ph.d, Scientific Director, Independent Forensics, 1960 Springer Drive, Lombard, Illinois, (630)705-1100, has knowledge of results of blood testing and DNA analysis on samples obtained from the premises.

Pravat Boonlayangoor, Ph.D., Laboratory Director, Independent Forensics, 1960 Springer Drive, Lombard, Illinois, (630)705-1100, has knowledge of results of blood testing and DNA analysis on samples obtained from the premises.

Ralph Kuntz, Central Illinois Mortuary Service, 400 N. Hightower St., Peoria, IL 61605 (309)637-7002 has knowledge of the cremation of David Green's body, standard practices and proper procedures for the cremation of a human body and the effect of metal in the body on the cremation process.

Randy Simmons, Peoria High School, 1615 N. North Street, Peoria, IL (309)672-6630 has knowledge of the interaction of David Green with his daughter's and his attendance at school functions.

Mrs. Krie, c/o Whittier Primary School, 1619 W. Fredonia, Peoria, IL 61606 (309)672-6569 has knowledge of David Green's interaction with his daughter Shelbey and his attendance at school functions.

Ms. Tamie l/n/u, Young American's, Bartonville, IL (309)634-0160 has knowledge of David Green's interaction with his daughter Shelbey and his attendance at functions related to her karate classes.

Shaku Teas, M.D.

David Balash

In addition to each of the above referenced persons, any persons identified in the Illinois State Police Department Internal Investigation report who has knowledge of, or participated in the events leading up to, at the time of, or following the execution of the search warrant and shooting, and subsequent investigation or who was interviewed or who conducted interviews, or acted as a Reporting Agent may be called as a witness.

B.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

In addition to all documents identified in defendants' Rule 26 Disclosures:

1.    Photographs and video of the David Green's residence following the events of 6/23/06;

2.    Independent Forensics blood stain detection and genetic identification report and supporting samples:

    a.    Brown stepping stone approximately 12" x 9" x 1.5" with blood sample obtained from outside of premises;

    b.    Blood sample obtained from inside dog kennel;

    c.    Plastic fastner;

    d.    Reference sample from David L. Green dated 6/24/05 and marked as Fulton County CC-216-05;

3.    Photographs and video of David Green's interaction with his daughters

4.    David Green's medical records from the following healthcare providers:

    a.    Methodist Medical Center, Peoria, Illinois;

       b.      Knoxville Clinic/Dr. James Bowman, 2709 N. Knoxville, Peoria, IL

       c.      James Reed, M.D., 158 Fulton St., Farmington, IL  (309)245-2416

       d.      Dawson Chiropractic, 706 W. Main St., Elmwood, IL (309)742-8921

5.      Search Warrant and Search Warrant Return and Inventory for warrant executed on 6/23/05.

6.      All evidence collected at the site as identified in the Illinois State Police Division of Internal Investigation report and the Search Warrant Return and Inventory.

7.      Surveillance films of David Green and the premises obtained by law enforcement prior to the issuance of the search warrant.

8.      Evidence removed from the site subsequent to the abandonment of the scene by investigators: blood samples, insulation, lock box containing medications and drug paraphernalia.

9.      Blood samples and sample card from Memorial Medical Center, Springfield, Illinois.

10.      Cremated remains of David Green with bullet fragments.

C.      A computation of any category of damages claimed by the disclosing party:

Plaintiff claims all compensable damages under the Illinois Wrongful Death Act including David Green's daughters' loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and for funeral and burial expenses under the common law of Illinois and the Illinois Wrongful Death Act.  Plaintiff further claims all compensable damages under the Illinois Survival Act for his conscience pain and suffering, including compensatory and punitive damages, costs of this action and attorneys fees related to Counts I and II.

D.      For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:

None.

                                Commerce Bank N.A., Plaintiff

By:       s/ James P. Ginzkey
           James P. Ginzkey
           Bar Number: 3124355
           Attorney for Plaintiff
           221 E. Washington St.
           Bloomington, Illinois 61701
           Telephone: (309)821-9707
           Fax: (309)821-9708
           E-mail: jim@jimginzkey.com

## PROOF OF SERVICE

I, James P. Ginzkey, hereby certify that on **December 26, 2006** I served a copy of the following:

- **Plaintiff's Rule 26 Initial Disclosures**

The originals of said document(s) were not filed with the Court and this Notice is filed with the Court showing the document(s) were mailed on the date as stated above.

           Karen L. McNaught
           Illinois Attorney General
           500 S. Second St.
           Springfield, IL 62706

           Commerce Bank N.A., Plaintiff

By:       s/ James P. Ginzkey
           James P. Ginzkey
           Bar Number: 3124355
           Attorney for Plaintiff
           221 E. Washington St.
           Bloomington, Illinois 61701
           Telephone: (309)821-9707
           Fax: (309)821-9708
           E-mail: jim@jimginzkey.com

I:\CLIENTS\Green, D (Commerce Bank)\Rule26Disclosures 12 26 06.wpd

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 CV 1103 |
| | ) | |
| UNKNOWN OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I, James P. Ginzkey, certify that I served a copy of the following:

- **Plaintiff's Rule 26 Initial Disclosures**

by enclosing the same in an envelope addressed to:

> Karen L. McNaught
> Illinois Attorney General
> 500 S. Second St.
> Springfield, IL 62706

with postage fully prepaid, and by depositing said envelope in the United States Post Office at Bloomington, Illinois, at or about the hour of 5:00 o'clock p.m. on the **26th** day of **December, 2006**.

The originals of said document(s) were not filed with the Court and this Notice is filed with the Court showing the documents were mailed on the date as stated above.

Commerce Bank N.A., Plaintiff

By:_____ s/ James P. Ginzkey _____
James P. Ginzkey
Bar Number: 3124355
Attorney for Plaintiff
221 E. Washington St.
Bloomington, Illinois  61701
Telephone: (309)821-9707
Fax: (309)821-9708
E-mail: jim@jimginzkey.com

I:\CLIENTS\Green, D (Commerce Bank)\CertServRule26Disclosures 12 26 06.wpd



# OFFICE OF THE ATTORNEY GENERAL
## STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

### <u>VIA FACSIMILE AND U.S. MAIL</u>

December 28, 2007

James P. Ginzkey
Attorney at Law
221 E. Washington Street
Bloomington, IL 61701

RE: *Commerce Bank v. Widger*
   USDC C.D. Ill. 06-1103

Dear Mr. Ginzkey:

  Between September and December 2007, prior to the deposition of Trooper Paul Gibson, we personally discussed the responses that you provided to the Second Set of Interrogatories served by Chris Carmichael and the responses to defendants' request to admit. At that time, you stated that you were not in a position to provide additional responses.

  However, at the deposition of Trooper Gibson, I asked you to reconsider your position and you agreed that you would supplement those responses. We did not specify a date by which you would provide that information, but I now ask that you serve those additional responses upon me by January 8, 2008.

  More specifically with respect to the interrogatories, ¶1 requests facts, despite your allegation to the contrary. The interrogatory seeks the names, addresses, and telephone numbers of persons who can testify to facts that would support the denial of specific paragraphs in the request to admit. The interrogatory also requests the facts to which those identified witnesses can testify that would support the denial of the statement in the request to admit. Your general, broad response that I should examine the deposition transcripts does not provide the detail that is requested, especially since my contention is that the statements in the request to admit are true and that you have no such witnesses to testify to the contrary. Thus, I ask you to supplement interrogatory responses for the denials that you made in ¶¶11, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 33, and 34 of the requests to admit.

DEFENDANT'S EXHIBIT

6

500 South Second Street, Springfield, Illinois 6   17) 785-2771  •  Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60   12) 814-3374  •  Fax: (312) 814-3806
1001 East Main, Carbondale, Illinois 62901  •  (618) 529-6400  •  TTY: (618) 529-6403  •  Fax: (618) 529-6416

In ¶2 of the interrogatories, the defendant requested the names of persons who have relevant information and of what that information consists for each request to admit that your client denied having knowledge. The general, broad statement that I should examine the deposition transcripts is insufficient, since I contend that the statements in the request to admit are true and that you have no such witnesses to testify to the contrary. Even if you do not know the answer after a making a reasonable inquiry, if you contend that there is a witness who can testify that the statement in the request to admit is not true, I want to know who that witnesses or those witnesses are so that I can depose him, her, or them prior to the close of discovery. Thus, I ask that you provide an explanation of who has the relevant information to respond and what information that witness possesses with respect to ¶¶15 and 27. If you know of no such witnesses, please affirmatively indicate that you know of no such witnesses.

In addition, I request that you reconsider your objections to ¶¶12, 13, 16, 17, 18, 19, 20, and 21. You have contended in ¶¶12 and 13 of your responses that the physical presence of guns in the home of David Green is not relevant to the issues in the case. My clients contend that David Green pointed loaded guns at them and threatened to shoot. Thus, I believe that the presence of guns in the home and the accessibility of those guns is relevant to the issues in this case and is reasonably calculated to lead to the discovery of admissible evidence. Further, pursuant to Rule 36 of the Federal Rules of Civil Procedure, if any portion of the request to admit is true, "the party shall specify so much of it as true and qualify or deny the remainder." You have objected in ¶¶16, 17, 18, 19, 20, and 21 that the request contains multiple facts that are phrased to be co-dependent. I believe that Rule 36 of the Federal Rules of Civil Procedure requires you to admit as much as is true and deny any remainder. I therefore request that you comply with Rule 36 in responding to ¶¶16, 17, 18, 19, 20, and 21.

I sincerely hope that we can resolve our differences on these discovery responses without court intervention. Please advise.

s/Karen L. McNaught
Assistant Attorney General

Karen L. McNaught
Assistant Attorney General