**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| COMMERCE BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-1103 |
| | ) |
| MICHAEL WIDGER, BRIAN GRAY, | ) |
| and CHRISTOPHER CARMICHAEL, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL**

NOW COMES, plaintiff, COMMERCE BANK, N.A., by its attorney, James P. Ginzkey, responding to defendants, MICHAEL WIDGER, BRIAN GRAY and CHRISTOPHER CARMICHAEL's, Motion to Compel as follows:

1. On October 4, 2006, plaintiff, through its counsel, and pursuant to Federal Rules of Civil Procedure Rule 34, served a request for information on defendants. (See attached Exhibit A.)

2. On November 3, 2006, via e-mail, plaintiff's counsel inquired of defendants' counsel as to the status of his October 4th request. (See attached Exhibit B.)

3. Defendants' counsel responded via return e-mail, identifying a portion of the information requested as being contained in a report in plaintiff's possession and that attempts were being made to locate additional information requested. (See attached Exhibit C.)

4.	On November 29, 2006, defendants served discovery requests on plaintiff. (See Exhibits 1 - 4 attached to defendants' Motion to Compel.)

5.	As of that date, plaintiff had not received the documents and other information requested pursuant to Rule 34.

6.	On December 6, 2006, defendants' counsel produced two discs containing certain photographs as requested on October 4, 2006, but the remainder of the requested information was not forthcoming. (See attached Exhibit D.)

7.	Due to defendants' failure to provide all requested information in a timely manner, plaintiff was hampered from responding to defendants' discovery requests.

8.	On December 13, 2006, plaintiff's counsel re-iterated his request for information pursuant to Rule 34 and his letter request of October 4, 2006, and specifically requested a copy of the Illinois State Police Department of Internal Investigation report, noting that the information referred to in defense counsel's e-mail of November 3 did not appear as indicated in the report. (See attached Exhibit E.)

9.	By letter dated December 27, 2006, defendants' counsel refused to produce the requested report. (See attached Exhibit F.)

10.	On or about December 29, 2006, defendants' counsel did provide a copy of the 645 page report, which was received by plaintiff's counsel in early January, 2007.

11.	Upon receipt of the report, Plaintiff attempted to complete the discovery responses previously served by defendants.

12. Plaintiff thereafter served its discovery responses on defendants on February 5, 2007. (See document #26)

13. By letter dated February 22, 2007 and received by plaintiff's counsel, February 26, 2007, defendants stated their position as to the incomplete nature of plaintiff's responses and the untimeliness of plaintiff's objections, and requesting plaintiff to respond by February 26, 2007 ( the date the letter was received).

14. Defendants filed their motion to compel on February 28, 2007.

15. Plaintiff asserts that the untimeliness of its discovery responses are due in part to defendants' own failure to timely provide information pursuant to Rule 34.

16. Plaintiff further asserts that many of defendants' requests seek to: a) obtain information not yet known to plaintiff, 2) require plaintiff to identify with specificity information contained in the Illinois State Police Department of Internal Investigation report, and available to defendants' upon their own review, 3) require plaintiff to provide information regarding experts prior to the required disclosure date of August 1, 2007, as set forth in the Court's scheduling order, and 4) violate attorney-client and/or work product privilege.

17. Defendants' complain in their motion that "[i]t will be difficult to determine which witnesses, if any, need to be deposed."

18. Defendants, however, are in possession of all investigative materials related to the allegations made in plaintiff's complaint and have not been prejudiced by plaintiff's

delayed responses or by responses which defendant's claim as "incomplete".

19.   It is plaintiff who has been prejudiced by defendants' delay in producing requested discovery documents.

20.   In the spirit of cooperation, plaintiff will supplement its discovery responses to defendants within 14 days of the filing of this response.

WHEREFORE, plaintiff, COMMERCE BANK, N.A., respectfully requests this Court to deny defendant's Motion to Compel.

Commerce Bank N.A., Plaintiff

By:     s/ James P. Ginzkey
James P. Ginzkey
Bar Number: 3124355
Attorney for Plaintiff
221 E. Washington St.
Bloomington, Illinois  61701
Telephone: (309)821-9707
Fax: (309)821-9708
E-mail: jim@jimginzkey.com

## PROOF OF SERVICE

I, James P. Ginzkey, hereby certify that on **March 13, 2007,** I served a copy of the following:

- **Plaintiff's Response to Defendants' Motion to Compel**

This document was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Karen L. McNaught
        Illinois Attorney General
        500 S. Second St.
        Springfield, IL 62706

        Commerce Bank N.A., Plaintiff

By:     s/ James P. Ginzkey
        James P. Ginzkey
        Bar Number: 3124355
        Attorney for Plaintiff
        221 E. Washington St.
        Bloomington, Illinois  61701
        Telephone: (309)821-9707
        Fax: (309)821-9708
        E-mail: jim@jimginzkey.com