**E-FILED**
Tuesday, 26 February, 2008  10:24:00 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-1103 |
| | ) | |
| MICHAEL WIDGER, BRIAN GRAY, | ) | |
| and CHRISTOPHER CARMICHAEL, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO MOTION TO COMPEL

Plaintiff, by its undersigned attorney, responds to defendants' motion to compel as follows:

A.    *Rule 36 Requests for Admission*

1.    Plaintiff's response to defendants' Rule 36 requests for admission was both proper and timely.

2.    In its response, plaintiff admitted request Nos. 1, 3-10, 14, 22 and 24.

3.    Plaintiff denied request Nos. 11, 23, 25, 26, 28-34.

4.    Plaintiff's objections to the remaining requests are well-taken.

5.    The requests to which plaintiff objected address the actions and conversations that occurred between defendants and plaintiff's decedent immediately before the death of plaintiff's decedent.

6.    Needless to say, plaintiff's decedent did not survive his encounter with defendants and is therefore unable to testify.

7.    Furthermore, plaintiff was not present during this time frame and has no basis by which to either admit or deny the requests at issue.

8.    Key facts are in dispute in the case at bar, including but not limited to the following:

    a.    Despite defendants' contention that the fatal encounter was completely confined to the second floor of the dwelling in question, large amounts of plaintiff's decedent's uncoagulated blood are found throughout the downstairs;

    b.    Despite defendant's contention that plaintiff's decedent confronted defendants with a handgun, the majority of gunshot wounds are to the back of plaintiff's decedent;

    c.    Defendants contend that plaintiff's decedent raised a handgun with his right hand despite the uncontested testimony of the forensic pathologist who performed an autopsy and testified to the effect that one of the only non-fatal shots hit plaintiff's right shoulder, shattering his humerus and rendering his right arm functionless;

    d.    Despite the fact that this crime scene was so bloody that blood dripped between the second story floor boards/joists and pooled on the first floor of the dwelling in question, there is no blood or blood spatter on the handgun that plaintiff's decedent allegedly pointed at defendants.

9.    A Rule 36 request that requires an essay answer is objectionable.  *United Coal Companies v. Powell Construction Co.*, 839 F.2d 958 (3rd Cir., 1988).  A party need not respond to Rule 36 requests which are not capable of simple answers.  *Fulhorst v. United Technologies Automotive, Inc.*, 1997 U.S. Dist. LEXIS 22290 (Del., 1997).  Rule 36 requests may be so framed that the answering party finds the task of identifying what is in dispute and what is not unduly burdensome.  Objections on "disputability" grounds have been justified by the burdensome character of the requests. *Syracuse Broadcasting Corp. v. Newhouse*, 271 F.2d 910 (2d Cir., 1959).  The exact line between reasonable and burdensome must be drawn by the trial court based on its knowledge of the case and the claims and interests of the parties. *Societe Nationale Industrielle Aerospaatiale v. United States District Court*, 482 U.S. 522 (1987).

10.    Rule 36 was not intended to be used to cover an entire case. *Pittsburgh Hotels Assoc. v. Urban Redevelopment Authority*, 29 F.R.D. 512 (D.C. Pa., 1962).  Requests for admissions as to central facts in dispute are beyond the proper scope of Rule 36 and are not deemed admitted if not answered.  *Pickens v. Equitable Life Assurance Society*, 413 F.2d 1390 (5th Cir. , 1969).  Requests for admission should be used to obtain admission of facts about which there is no real dispute, and should deal with singular, relevant facts which can be clearly admitted or denied and should not deal with complicated situations involving many distinct and vital controversial issues of

fact. *Petition of Reinauer Oil Transport, Inc*., 19 F.R.D. 5 (D.C. Ma., 1956). Requests for admission which call for interpretation of communications are objectionable. *Pittsburgh Hotels*, supra.

B.    *Second Set of Interrogatories*

1.    The second set of interrogatories of Christopher Carmichael suffers from the same defects as defendants' Rule 36 requests for admission.   Indeed, this second set of interrogatories is completely predicated upon the requests for admission.

2.    The basic thrust of defendants' argument is essentially that the surviving family members of those who do not survive their encounter with police officers cannot challenge the veracity of the officer's version of the occurrence, regardless of what might or might not be suggested by non-testimonial forensic evidence.

3.    Defendants argue that, because plaintiff has no witness to rebut the testimony of the defendants, plaintiff essentially has no cause of action.

4.    It may be that a jury ultimately decides that plaintiff's decedent did point a gun at defendants and that this shooting was therefore justified.   But such a determination is for the jury after hearing all the evidence.   It is premature for the trial court to decide contested issues of fact under the guise of a Rule 36 request.

5.    The prematurity and impropriety of defendants' request for relief is also reflected by the fact that discovery is not yet complete. Plaintiff has not yet been able to depose defendants Christopher Carmichael and Brian Gray; additionally, plaintiff has requested the deposition of the officer in charge, Ken Kedzior, but has been informed that Kedzior is unavailable for deposition.

6.    Lastly, per this court's order of 10/17/07, plaintiff is not obligated to disclose its expert witnesses until April 4, 2008.

Wherefore, plaintiff prays an order of this court denying defendants' motion to compel.

Commerce Bank N.A.,  Plaintiff

By:_____s/ James P. Ginzkey_____
        James P. Ginzkey
        Bar Number: 3124355
        Attorney for Plaintiff
        221 E. Washington St.
        Bloomington, Illinois  61701
        Telephone: (309)821-9707
        Fax: (309)821-9708
        E-mail: jim@jimginzkey.com

I:\CLIENTS\Green, David (Commerce Bank)\RespMotCompel 2 26 08.wpd

## PROOF OF SERVICE

I, James P. Ginzkey, hereby certify that on **February 26, 2008,** I served a copy of the following:

- **Plaintiff's Response to Motion to Compel**

This document was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Karen L. McNaught
> Illinois Attorney General
> 500 S. Second St.
> Springfield, IL 62706

> Commerce Bank N.A., Plaintiff

> By:_____s/ James P. Ginzkey_____
> James P. Ginzkey
> Bar Number: 3124355
> Attorney for Plaintiff
> 221 E. Washington St.
> Bloomington, Illinois  61701
> Telephone: (309)821-9707
> Fax: (309)821-9708
> E-mail: jim@jimginzkey.com