**E-FILED**
Monday, 03 March, 2008  03:12:21 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06-CV-1103 |
| | ) | |
| MICHAEL WIDGER, BRIAN GRAY, | ) | |
| and CHRISTOPHER CARMICHAEL, | ) | |
| | ) | |
| Defendants. | ) | |

### BRIEF IN SUPPORT OF REPLY TO RESPONSE TO MOTION TO COMPEL

NOW COME the defendants, Michael Widger, Brian Gray, and Christopher Carmichael, by their counsel, LISA MADIGAN, Attorney General of the State of Illinois, and pursuant to Rule 37 of the Rules of Civil Procedure hereby request that this Court overrule the objections to the request to admit and the supplemental interrogatories served by Chris Carmichael and require plaintiff to respond to the discovery within seven days.   In support thereof, the following statements are made.

Plaintiff has cited to authority which stands for the proposition that the request to admit should be phrased so that it can be admitted or denied without explanation.  In paragraph 9 of his response plaintiff, discusses the propriety of burdensome requests to admit.  However, plaintiff does not point to any requests for which an answer would be burdensome and, in fact, did not object to any of the requests based upon the request being burdensome.   In plaintiff's response *Syracuse Broadcasting Corporation v. Newhouse*, 271 F.2d 910 (2nd Cir. 1959) is cited for the proposition that "Objections on 'disputability' grounds have been justified by the burdensome character of the requests." Notwithstanding plaintiff's use of the quotation marks, *Syracuse Broadcasting* contains no

such discussion of "disputability" objections to Rule 36 requests.[1]  Plaintiff's statement was lifted from the committee comments to the 1970 amendments to Rule 36.  These comments, read in their entirety, reflect that the amendments were intended to eliminate objections such as "disputability."

Plaintiff also cites cases from other jurisdictions interpreting prior versions of Rule 36 for the proposition that Rule 36 requests that go to the central facts of the case are not proper.  Rule 36 explicitly states that this rule covers all matters "within the scope of Rule 26(b)(1)," which governs the scope of discovery in general.  Whatever the rule might have been in the 5th Circuit in 1969, the Seventh Circuit has enforced Rule 36 for requests that deal with the central issues in the case.  *McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003)(failure to respond to request was fatal to plaintiff's due process claim).[2]  Other courts in the Seventh Circuit have found that plaintiffs had admitted "key issues" or "ultimate

---

[1]The entire discussion of Rule 36 requests in the opinion consists of: "In response to the order for further information plaintiff submitted a 'compliance document' with appended exhibits. This document enumerates a series of more than thirty acts and plaintiff claims each one constitutes a violation of the anti-trust laws. The document is comprehensive and represents a summary of plaintiff's cause of action. Upon submission of this document plaintiff moved that under Rule 36 defendants be compelled to admit as true the statements of fact contained therein. The motion was denied. In so doing the court was clearly correct. Rule 36 was designed to eliminate the necessity of proving essentially undisputed and peripheral issues of fact. It has no bearing on the present situation. See 4 Moore, Federal Practice § 36.04 (1950 Ed.)." 271 F.2d at 917.

[2]The interrogatory in the *McCann* case was: "In regard to the November 20, 1990 arrest, Plaintiff has no evidence from any source that Sam Mangialardi or any other Chicago Heights police officer withheld any exculpatory evidence from Plaintiff, the state's attorneys, or Plaintiff's attorney prior to the date when Plaintiff pled guilty on January 31, 1991."  The court found that this proposition was conclusively established by the failure to respond.

issues in the case" by failing to respond to requests to admit.  *Salm v. Broncato*, 149 F.Supp.2d 511, 522 n.17 (D.C. Ill. 2001); *Jackson v. Health Care Services Corp.*, 1995 WL 506022 (N.D. Ill. 08/22/95).  The undersigned was unable to find any authority in this Circuit for plaintiff's assertion that such issues are beyond the scope of Rule 36 and facilitate proof by determining what evidence supports the claims made by plaintiff.

The committee comments to the 1970 amendments to Rule 36 state:

> Rule 36 serves two vital purposes, both of which are designed to reduce trial time.  Admissions are sought first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly to narrow the issues by eliminating those that can be.  The changes made in the rule are designed to serve those purposes more effectively.

Defendants have used Rule 36 precisely in this fashion.  Defendants are simply attempting to narrow the issues in this case.

It is difficult to determine the basis of plaintiff's objection to defendants' interrogatories.  Plaintiff asserts that the interrogatories "suffer from the same defects as the Rule 36 requests."  Plaintiff has cited nothing for the proposition that an interrogatory cannot call for an essay answer or that an interrogatory cannot encompass the ultimate issues in the case.

In paragraphs 12 and 13 of the requests to admit, plaintiff objected because it claims that it doesn't know what "physically present" means.  The common and ordinary meaning of that phrase in the context of those particular paragraphs in the request to admit is that there were two shotguns in the residence where David Green resided.  Although plaintiff claims that the presence or absence of the guns are not relevant to the issues in the case, the defendants believe that the presence of weapons in the house is not only

relevant to show that guns were available to David Green and that Green did, in fact, possess weapons in his home, but also that the information may lead to admissible evidence. As such, the objection in paragraphs 12 and 13 of the request to admit should be overruled and plaintiff should be compelled to admit or deny those paragraphs.

Plaintiff also objected to paragraphs 16, 17, 18, 19, 20, and 21 of the request to admit. Plaintiff claims that each of these paragraphs is improper, because it contains multiple facts that are co-dependent. Rule 36(a) requires that "when good faith requires that a party qualify an answer or deny only a part of the matter of which the admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Plaintiff should be required to admit those portions of the fact in each paragraph that are true and deny or qualify the remainder.

Plaintiff has denied the statements contained in paragraphs 11, 22 (in part), 23, 24 (in part), 25, 26, 28, 29, 30, 31, 32, 33, and 34. Although defendants contend that it is certainly acceptable to deny these statement, they do not know who plaintiff will present as a witness to deny these facts. As such, defendants requested in paragraph 1 of the Second Set of Interrogatories of Christopher Carmichael to identify the witness who could so testify. Plaintiff has refused to identify who can deny these facts with specificity so that defendants can take their depositions. Rather, plaintiff indicates generally that testimony was developed in multiple depositions. However, the undersigned will represent to this Court that not one of the depositions taken to-date indicates any witness who can deny paragraphs 11, 22 (in part), 23, 24 (in part), 25, 26, 28, 29, 30, 31, 32, 33, and 34. As such, plaintiff should be required to either admit these paragraphs or identify the factual witness(es) who will testify that the facts contained in the request to admit are not true.

4

Plaintiff also has claimed that it has insufficient knowledge to admit or deny the statements as set forth in paragraphs 15 and 27 of the request to admit. Plaintiff has been provided with information about who was present at the scene during the relevant times. If those are the only persons who plaintiff intends to rely upon to testify about these facts, it should so state. If there are other persons upon whom plaintiff intends to rely, it should be required to identify those individuals in sufficient time for the defendants to take their depositions. Plaintiff should not be allowed to refuse to identify known witnesses during discovery, and therefore should be required to respond to the second paragraph of the Second Set of Interrogatories of Chris Carmichael and inform the defendants who does possess the knowledge. If there are persons other than who the Illinois State Police identified as being present during the relevant times, plaintiff should be required to inform the defendants in sufficient time so that depositions can be taken prior to the discovery deadline.

In paragraph 8 of its response, plaintiff has claimed that there are key facts in dispute. Defendants should be allowed in discovery to know who will testify to these facts. For example, plaintiff should be required to identify the witness who will testify how the blood got on the first floor and what witnesses will be presented to show that the proper techniques were used to secure the evidence necessary to prove that the blood of David Green was present on the first floor. Additionally, plaintiff should be required to identify what witnesses will testify that David Green did not possess weapons and threaten to shoot officers who were involved in the confrontation, as well as what witnesses will testify when, in the sequence of events, that the bones in the arm of David Green were shattered. If plaintiff does not identify this information, it should be precluded from making arguments

5

contesting those facts, since to allow such behavior would prejudice the defendants.

Plaintiff has claimed that the request for relief to obtain discovery is premature, because its discovery is not complete.  However, defendants have the same discovery deadlines as the plaintiff, and it is patently unfair for the plaintiff to withhold information until after the deadline has passed or until the deadline is so close that defendants cannot engage in meaningful discovery prior to the deadline.

The real substance of plaintiff's objections appears to be that he does not have any evidence at this time for the propositions in question and it is unfair to make him say so. No authority supports the position that defendants cannot ask interrogatories to establish what evidence exists on a point.  If plaintiff has no evidence to prove a point, plaintiff can say so.  If evidence later develops on that point, plaintiff can supplement the answer.

Plaintiff has argued that witnesses have not be made available to him.  In fact, several dates have been tendered to plaintiff's counsel for the depositions of the defendants.  In many instances, plaintiff's counsel has either not been available or has scheduled the depositions only to cancel them.  However, the depositions of defendants Gray and Carmichael currently are scheduled for March 11, 2008.  With respect to Special Agent Ken Kedzior, plaintiff has known about this witness since Initial Disclosures were made on November 29, 2006, and plaintiff's counsel met with Special Agent Kedzior in approximately June or July of 2007.  The undersigned notified plaintiff's counsel in January 2008 that this officer was to be on leave for an extended period of time and offered several dates for Kedzior to be deposed prior to his leave.  Plaintiff's counsel could not make himself available on any of these dates.  In any event, not deposing these individuals is insufficient for plaintiff to refuse to give discovery to defendants.

6

The reference to the deadline for plaintiff's expert disclosure is confusing. Defendants have not asked for expert opinions, but rather have requested the identification of persons who will testify to questions of fact. In any event, the deadline has no bearing on plaintiff's duty to provide discovery as to facts currently known to plaintiff.

WHEREFORE for the above and foregoing reasons, defendants, Michael Widger, Brian Gray, and Christopher Carmichael, respectfully request that this honorable Court deny the objections to the request to admit and the supplemental interrogatories of Chris Carmichael and require plaintiff to respond to the discovery within the next seven business days.

Respectfully submitted,

MICHAEL   WIDGER,   BRIAN GRAY, CHRISTOPHER CARMICHAEL,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois,

Attorney for Defendants.

By:   /s/Karen L. McNaught
      Karen L. McNaught #6200462
      Assistant Attorney General
      500 South Second Street
      Springfield, IL  62706
      Telephone:  (217) 782-1841
      Facsimile:  (217) 524-5091
      kmcnaught@atg.state.il.us

7

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

COMMERCE BANK, N.A.,                    )
                                        )
            Plaintiff,                  )
                                        )
    vs.                                 )            No. 06-CV-1103
                                        )
MICHAEL WIDGER, BRIAN GRAY,             )
and CHRISTOPHER CARMICHAEL,             )
                                        )
            Defendants.                 )

### Certificate of Service

I hereby certify that on March 3, 2008, I electronically filed the foregoing Brief in

Support of Reply to Response to Motion to Compel with the Clerk of Court using the

CM/ECF system which will send notification of such filing to the following:

James P. Ginzkey
jim@jimginzkey.com

and I hereby certify that on March 3, 2008, I mailed by United States Postal Service, the

document to the following nonregistered participant:

None.

Respectfully submitted,

s/Karen L. McNaught
Karen L. McNaught #6200462
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
(217)782-1841
(217) 524-5091 (facsimile)
kmcnaught@atg.state.il.us