**E-FILED**
Wednesday, 05 March, 2008  01:44:49 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Commerce Bank, N.A, as Administrator of the Estate of David Green, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | No.  06-CV-1103 |
| | ) | |
| v. | ) | |
| | ) | |
| Michael Widger, Brian Gray, and Christopher Carmichael, | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Defendants' Motion to Compel (d/e 79), memo in support (d/e 80), Plaintiff's Response (d/e 87), and Defendants' permitted Reply (d/e 90).   Defendants' Motion (d/e 79) centers upon Defendants' Request to Admit and Second Set of Interrogatories.  Plaintiff has responded to the Request to Admit in part, has objected in part, and has refused to answer fully and completely the Second Set of Interrogatories.

<u>Standard for Motion to Compel</u>

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the

claim or defense of any party.  Relevant information need not be

admissible at trial if the discovery appears to be reasonably calculated to

lead to the discovery of admissible evidence.  The rule gives the district

courts broad discretion in matters relating to discovery.  See Brown-Bey v.

United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago

Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981);

see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775

F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a

decision of a district court relating to discovery upon a clear showing of an

abuse of discretion).   ". . . if there is an objection the discovery goes

beyond material relevant to the parties' claims or defenses, the Court

would become involved to determine whether the discovery is relevant to

the claims or defenses and, if not, whether good cause exists for

authorizing it so long as it is relevant to the subject matter of the action.

The good-cause standard warranting broader discovery is meant to be

flexible."   Federal Rule of Civil Procedure 26(b)(1) Advisory Committee

Notes, 2000 Amendment.

　　　The federal discovery rules are to be construed broadly and liberally.

Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications,

Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999).  Federal Rule of Civil Procedure

26(b)(1) provides that the "[p]arties may obtain discovery regarding any

matter, not privileged, that is relevant to the claim or defense of any party .

. .," but "[f]or good cause, the court may order discovery of any matter

relevant to the subject matter involved in the action." Id.  The party

opposing discovery has the burden of proving that the requested discovery

should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656

(D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn

Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's

Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters.  Packman

v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir., 2001).  A party must be

diligent in pursuing the perceived inadequacies in discovery and the trial

court does not abuse its discretion if a party untimely seeks to compel

inadequate discovery responses.  Packman at 647.  However, even an

untimely filed motion to compel may still be allowed if the party

demonstrates actual and substantial prejudice resulting from the denial of

discovery.  Id.  Remember, we are talking discovery, not admissibility at trial.  Defendants' interrogatories could be characterized as contention interrogatories which serve a proper purpose of narrowing the issues for litigation.  As the Federal Rules expressly note, an interrogatory is not objectionable "merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact".  Federal Rule of Civil Procedure 33(c).

Discussion

Requests to Admit 12 and 13:  Herein Plaintiff objects to the term "physically present" as vague and ambiguous.  The Court respectfully disagrees.  The common and ordinary definition of "physically present" is whether the described weapons were inside the residence on a specific date.  Plaintiff is directed to file an amended response to Requests to Admit 12 and 13.

Requests to Admit 16 through 21:   Plaintiff's objection to Requests to Admit 16 through 21 that each request to admit involves multiple co-dependent facts is noted, but overruled.  Requests to Admit 16 through 21 are straight forward and relate to issues in the pending case.  If the Plaintiff cannot admit nor deny 16 through 21, the Plaintiff may admit with

qualifications or deny with qualifications.  When a request contains

interdependent, compound issues, Plaintiff may also deny the entire

statement if it is premised on a fact that is denied.  Moores Federal

Practice 3d, §3611(5)(b).  Therefore, Plaintiff is required to file

supplemental responses to Defendants' Requests to Admit 16 through 21.

Requests to Admit 11, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 33, and

34 which are denied by Plaintiff and Interrogatory #1.  Plaintiff is requested,

as to each of the denied requests to admit, to identify the witness or

witnesses whose testimony the denial is based upon and to state the

reasons each witness provides to support the denial.  The denials do not

negate Plaintiff's ability to answer a follow-up contention interrogatory

consistent with Interrogatory #1 of the Second Set of Interrogatories posed

to Plaintiff herein.  The Court agrees with Defendants that if Plaintiff has no

current evidence to support each denial in order to answer Interrogatory

#1, Plaintiff can say so.  The answer to the interrogatory can be based

upon direct evidence and/or circumstantial evidence and/or opinion

evidence known by a witness or witnesses.  If evidence later develops on

that point, Plaintiff can supplement the answer.  Plaintiff's objection is

noted, but overruled.  Wherefore, Plaintiff is directed to provide an answer

to Interrogatory #1 for all Requests to Admit that are denied based upon the information Plaintiff has to date.  The Plaintiff may supplement its answer at a later date pursuant to the Federal Rules of Civil Procedure.  The Court believes the Requests to Admit that are denied and Interrogatory #1 properly seek the identification of facts (direct or circumstantial) supporting specific allegations of Plaintiff's Complaint.  They do not seek legal strategy or legal conclusions.

WHEREFORE  Defendants' Motion to Compel (d/e 79) is ALLOWED consistent with this order.  Costs are not assessed.  Plaintiff to tender to Defendants as ordered herein supplemental responses to Defendants' Requests to Admit and answers to Defendants' Second Set of Interrogatories on or before March 14, 2008.

ENTER:    March 5, 2008

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE