**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| COMMERCE BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 -1103 |
| | ) |
| MICHAEL WIDGER, BRIAN GRAY, | ) |
| and CHRISTOPHER CARMICHAEL, | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

NOW COMES plaintiff, COMMERCE BANK, N.A., administrator of the Estate of David Green, deceased, by its attorney, James P. Ginzkey, and respectfully moves this Court pursuant to Rule 15(a)(2) for leave to file the attached Second Amended Complaint, and in support states:

1.  Plaintiff filed its Complaint at Law on April 19, 2006, naming as defendants "UNKNOWN OFFICERS, police officers of the Illinois State Police and the West Central Illinois Task Force, in their individual capacities."

2.  At the time of filing its complaint, plaintiff was unable to determine the identities of the officers involved in the occurrence described in plaintiff's complaint.

3.  Since that time, pursuant to a subpoena issued to the Office of the Fulton County States Attorney, plaintiff has obtained information which identifies the persons involved in the occurrence.

4. On June 7, 2006, plaintiff was allowed to file an amended complaint specifically naming Michael Widger, Brian Gray and Christopher Carmichael as defendants herein.

5. The attached Second Amended Complaint seeks to dismiss all allegations pursuant to 42 U.S.C. § 1983 and pursue only State remedies against troopers Widger, Gray, Carmichael and the two other Illinois State Police troopers present in the room at the time of the shooting, Danny Leezer and Paul Gibson.

6. There can be no undue surprise with respect to this proposed amendment because:

   a. troopers Leezer and Gibson were aware of their actions on the date of the occurrence; and

   b. troopers Leezer and Gibson have since been deposed as to their roles in this occurrence.

7. Good cause to allow this amendment exists because:

   a. the statute of limitations has not run; and

   b. the real parties in interest are minors and "It has long been the public policy of this state that courts should carefully guard the rights of minors and that a minor should not be precluded from enforcing his or her rights unless clearly barred from doing so." *Bruso v. Alexian Brothers Hospital*, 178 Ill.2d 445, 684 N.E.2d 1014 (1997).

Wherefore, plaintiff prays an order of this court granting plaintiff leave to file the attached Second Amended Complaint.

                                                    Commerce Bank N.A., Plaintiff

                                                    By:       s/ James P. Ginzkey
                                                             James P. Ginzkey
                                                              Bar Number: 3124355
                                                              Attorney for Plaintiff
                                                              221 E. Washington St.
                                                              Bloomington, Illinois 61701
                                                              Telephone: (309)821-9707
                                                              Fax: (309)821-9708
                                                              E-mail: jim@jimginzkey.com

**PROOF OF SERVICE**

I, James P. Ginzkey, hereby certify that on **April 2, 2008**, I served a copy of the following:

- **Motion for Leave to File Second Amended Complaint**

This document was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Karen L. McNaught
>Illinois Attorney General
>500 S. Second St.
>Springfield, IL 62706

>Commerce Bank N.A., Plaintiff

>By: _____s/ James P. Ginzkey_____
>James P. Ginzkey
>Bar Number: 3124355
>Attorney for Plaintiff
>221 E. Washington St.
>Bloomington, Illinois 61701
>Telephone: (309)821-9707
>Fax: (309)821-9708
>E-mail: jim@jimginzkey.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| COMMERCE BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-1103 |
| ) | |
| MICHAEL WIDGER, BRIAN GRAY, ) | |
| and CHRISTOPHER CARMICHAEL, ) | |
| DANNY LEEZER and PAUL GIBSON. ) | |
| ) | |
| Defendants. ) | |

**SECOND AMENDED COMPLAINT**

Now comes plaintiff, COMMERCE BANK, N.A., administrator of the Estate of David Green, deceased, by its attorney, James P. Ginzkey, complaining of defendants, MICHAEL WIDGER, BRIAN GRAY, CHRISTOPHER CARMICHAEL, DANNY LEEZER, and PAUL GIBSON in their individual capacities as follows:

**PARTIES**

1.  David Green was at all relevant times a resident of Fulton County in the Central District of Illinois.

2.  Plaintiff, COMMERCE BANK, N.A., is the duly appointed administrator of the Estate of David Green, who died intestate with his only heirs being his minor daughters, Shelby Green and Chelsey Green.

3.  On information and belief, defendants, MICHAEL WIDGER, BRIAN GRAY, CHRISTOPHER CARMICHAEL, DANNY LEEZER, and PAUL GIBSON were at

all relevant times duly appointed and acting officers of the Illinois State Police, acting in their individual capacities and under color of law, to wit, under color of the Constitution, statutes, policies, customs and usages of the State of Illinois.

4. At all relevant times defendants had taken an oath as part and parcel of their employment that they would uphold the constitution and the statutes of the State of Illinois and that they would protect the lives of the citizens of the State of Illinois.

**FACTS**

5. In the early morning hours of June 23, 2005, David Green was alone in his residence which was then owned by one, Daniel Matheny, at 27368 E. Bird's Corner Rd. in Fulton County, Illinois.

6. At that time and place, defendants and other law enforcement officers attempted to serve a search warrant for marijuana plants.

7. The defendants had no warrant for the arrest of David Green.

8. At that relevant times hereto there existed a duty on the part of the defendants to refrain from conduct that would likely and probably result in great bodily injury and or death to David Green.

9. In contravention of that duty, defendants, in combination and for the purpose of accomplishing by concerted action a lawful purpose by unlawful means, committed the following overt tortious acts:

    a.       Battered open the front door to the residence that David Green was in, used a flash-bang device(s) and stormed the residence with body armor and assault weapons;

    b.       Cornered David Green in an upstairs room of the residence where David Green was shot approximately 10 times in the back and killed;

10.    Plaintiff was unable to learn the identities of defendants until May 10, 2006 and this action is timely filed.

## COUNT I
### (Survival Action)

1-10.    Paragraphs 1 through 10 are incorporated herein by reference as though fully set forth.

11.    As a direct and proximate result of one or more of the foregoing acts of the defendants, David Green was injured and suffered damages of a personal and pecuniary nature, including pain and suffering prior to his death; damages for which, had he survived, he would have been entitled to maintain an action; such an action has survived him and accrued to the benefit of his heirs at law, to wit, his minor daughters, Shelby Green and Chelsea Green.

12.    Plaintiff brings this action pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

Wherefore, plaintiff prays judgment against defendants in an amount in excess of $50,000. Plaintiff further prays trial by jury of twelve.

## COUNT II
(Wrongful Death)

1-10. Paragraphs 1 through 9 are incorporated herein by reference as though fully set forth.

11. As a direct and proximate result of one or more of the foregoing acts of the defendants, David Green suffered fatal injuries; David Green left surviving as his next of kin, to wit, his minor daughters, Shelby Green and Chelsea Green, who have suffered severe grief and pecuniary injuries, including but not limited to, loss of service, companionship, society, love and affection.

Wherefore, plaintiff prays judgment against defendants in an amount in excess of $50,000. Plaintiff further prays trial by jury of twelve.

Commerce Bank N.A., Plaintiff

By:_____
James P. Ginzkey
Bar Number: 3124355
Attorney for Plaintiff
221 E. Washington St.
Bloomington, Illinois  61701
Telephone: (309)821-9707
Fax: (309)821-9708
E-mail: jim@jimginzkey.com