IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMERCE BANK, N.A., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   No. 06-CV-1103 |
| | ) |
| MICHAEL WIDGER, BRIAN GRAY, | ) |
| and CHRISTOPHER CARMICHAEL, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
OBJECTION TO PLAINTIFF'S LEAVE TO AMEND COMPLAINT**

NOW COME the defendants, Michael Widger, Brian Gray, and Chris Carmichael, by their counsel, LISA MADIGAN, Attorney General of the State of Illinois, hereby submit this memorandum of law in support of their objection to the motion filed by the plaintiff to amend the complaint. In support thereof, the following statements are made.

**FACTS**

Plaintiff filed the instant lawsuit on April 19, 2006, against "Unknown Officers." *See* Document #1. On June 7, 2006, plaintiff asked for leave to file an amended the complaint and leave was granted. *See* Document ##5, 11; Docket Entry of June 7, 2006. The amended complaint was filed on June 7, 2006, and the only substantive change made was to name the three officers who shot David Green. *See* Document #11. Defendants, Christopher Carmichael, Brain Gray, and Michael Widger waived the issuance of summonses and filed an answer to the amended complaint, together with affirmative defenses, on August 11, 2006. *See* Document #17.

Thereafter, pursuant to Rule 16 of the Federal Rules of Civil Procedure, the parties met, conferred, and agreed on a Scheduling Report. *See* Document #22. The proposed

Scheduling Order indicated in numbered paragraph two that "[n]o motions to join other parties . . . are to be filed after 4/1/07 ." *See* Document #22, ¶2. The Court then approved the proposed schedule and ordered, *inter alia*, that any amended pleadings be filed by April 1, 2007. *See* Text Order of October 20, 2006.

On July 16, 2007, during a telephone conference, the parties jointly requested that discovery and dispositive motion deadlines be extended, and this was granted and documented in a minute entry. Plaintiff then requested to amend the scheduling order on September 26, 2007. *See* Document #68. In the motion to amend the scheduling order, plaintiff made no request to amend the deadline by which parties or claims could be added. *See* Document #68. The Court extended discovery and the dispositive motion deadlines in a minute entry on October 17, 2007. Fact discovery was to be completed by March 14, 2008 and expert witness discovery was extended to June 13, 2008. *See* Minute Entry of October 17, 2008. Dispositive motions are to be filed by July 18, 2008. *See* Minute Entry of October 17, 2008.

On April 2, 2008, more than one year after the deadline had passed to add parties and almost three weeks after fact discovery was to be completed, plaintiff requested leave to amend the complaint and add two new parties. *See* Document #97. Defendants object.

## ISSUE AND ARGUMENT

I. **LEAVE TO AMEND THE COMPLAINT AND ADD NEW PARTIES SHOULD NOT BE GRANTED**

Rule 16(b)(1) of the Federal Rules of Civil Procedure requires the district court to issue a scheduling order. *See* Federal Rule of Civil Procedure 16(b)(1). The rule provides, *inter alia*, that the scheduling order is required to limit the time to join other parties, amend

the pleadings, and complete discovery. *See* Federal Rule of Civil Procedure 16(b)(3)(A).

The Federal Rules of Civil Procedure allow for modification of the scheduling order upon a showing of good cause and by leave of the district court judge where a party fails to comply with a deadline. *Campania Management Co. v. Rooks, Pitts, & Poust*, 290 F.3d 843, 851 (7th Cir. 2002). "Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation." *United States v. 1948 S. MLK Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001).

Leave to amend should be granted when justice requires and should be freely given. *Crest Hill Land Development v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005). However, leave to amend is not automatic and can be denied for reasons that include undue delay, bad faith on the part of the movant, or undue prejudice to the opposing party. *Id*. at 804. Because parties have an interest in the speedy resolution of their disputes without undue expense, the district court should consider the harm to a party when considering whether to grant leave to amend. *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1379 (7th Cir. 1990).

A party must show "good cause" to be allowed to amend pleadings after the expiration of the scheduling order deadline. *Trustmark Insurance Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005). The "good cause" standard "primarily considers the diligence of the party seeking amendment." *Id*. at 553. The longer the delay, the greater the presumption against granting leave to amend. *Tamari v. Bache & Co.*, 838 F.2d 904, 908 (7th Cir. 1988).

The courts have recognized that harm can be defined as delaying the proceedings. *Crest Hill Land Development v. City of Joliet*, 396 F.3d at 804; *LAC du Flambeau Band of*

*Lake Supervisor Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.*, 991 F.2d 1249, 1257 (7th Cir. 1993). For example, where the discovery deadline has passed, a court denied leave to amend. *Crest Hill Land Development v. City of Joliet*, 396 F.3d at 804. Similarly, prejudice can result where there are additional expenses to the parties, so that parties can be involved in and have meaningful trial preparation. *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1379 (7th Cir. 1990).

In the case at bar, the parties agreed and this Court ordered that the deadline to amend pleadings and add parties was April 1, 2007, more than one year prior to the date when plaintiff sought to amend the complaint to add two new defendants. Additionally, the discovery deadline passed almost three weeks prior to the time the plaintiff sought leave to amend. Those proposed parties have not had the opportunity to engage in discovery or be a part of the proceedings. As such, they have not had the opportunity to defend against the claims that plaintiff seeks to make against them and therefore are prejudiced. Any new defendants should have the opportunity to have discovery re-opened, which then would prejudice the defendants who were named in June 2006 and should have the right to have their claims litigated without further delay and without further expense.

Plaintiff has not shown good cause for why it should be allowed to amend the complaint at this late stage of the proceedings. Plaintiff has given no explanation for why it waited until after discovery was completed, why the information was not available to it, and what the bases of liability are of the proposed new defendants. Plaintiff served discovery requests for the investigation file and field reports of the officers involved in the incident with David Green and this information was provided to plaintiff and its counsel on December 29, 2006. *See* Exhibit A. Because plaintiff has not sought an amendment to

the scheduling order and because of the prejudice to the defendants and any potential new parties, leave should not be granted to the plaintiff to amend the complaint and add new parties.

## II. DISMISSAL OF CLAIMS SHOULD NOT BE GRANTED UNLESS DISMISSAL IS WITH PREJUDICE

In the proposed amended complaint, plaintiff has omitted the civil rights claims which formed the basis for federal jurisdiction. Plaintiff has not sought leave to dismiss the civil rights claims or indicated whether he intends to drop those claims with or without prejudice. Unless plaintiff is willing to dismiss with prejudice all claims that defendants violated the constitutional rights of David Green, defendants object to the filing of an amended complaint which omits those claims.

In this case, plaintiff has not proposed to dismiss the claims against the defendants with prejudice. As such, unless the civil rights claims are dismissed with prejudice, the proposed amended complaint should be denied.

WHEREFORE, the defendants respectfully request this honorable Court deny the motion for leave to amend the complaint.

Respectfully submitted,

MICHAEL WIDGER, BRIAN GRAY, CHRISTOPHER CARMICHAEL,

Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

By:  /s/Karen L. McNaught
Karen L. McNaught #6200462
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Facsimile:  (217) 524-5091
kmcnaught@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMERCE BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 06-CV-1103 |
| | ) |
| MICHAEL WIDGER, BRIAN GRAY, | ) |
| and CHRISTOPHER CARMICHAEL, | ) |
| | ) |
| Defendants. | ) |

**Certificate of Service**

I hereby certify that on April 16, 2008, I electronically filed the foregoing Memorandum of Law in Support of Objection to Plaintiff's Motion for Leave to Amend with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> James P. Ginzkey
> jim@jimginzkey.com

and I hereby certify that on April 16, 2008, I mailed by United States Postal Service, the document to the following nonregistered participant:

> None.

Respectfully submitted,

s/Karen L. McNaught
Karen L. McNaught #6200462
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
(217)782-1841
(217) 524-5091 (facsimile)
kmcnaught@atg.state.il.us

## CERTIFICATE OF SERVICE

Karen L. McNaught, Assistant Attorney General, hereby certifies that she has served a copy of the foregoing Illinois State Police Division of Internal Investigation Report, which is Bates stamped page numbers ##1-492 and the Illinois State Police Field Report which is Bates stamped page ## 493-645 upon:

>James P. Ginzkey
>Trial Attorney
>221 East Washington Street
>Bloomington, IL 61701

by depositing a copy of same in a correctly addressed, prepaid envelope and depositing same in the United States Mail in Springfield, Illinois, on December 29, 2006.

>s/Karen L. McNaught
>_____
>Karen L. McNaught
>Assistant Attorney General

Karen L. McNaught
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217)782-1841



DEFENDANT'S EXHIBIT A