E-FILED
Friday, 02 May, 2008  03:12:50 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| COMMERCE BANK, N.A., )<br>)<br>    Plaintiff, )<br>)<br>v.           )<br>)<br>MICHAEL WIDGER, BRIAN GRAY, )<br>and CHRISTOPHER CARMICHAEL, )<br>)<br>    Defendants. ) | No. 06-1103 |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
FILE SECOND AMENDED COMPLAINT**

As it's reply in support of it's motion for leave to file a second amended complaint, plaintiff states as follows:

1.  Rule 15(a) of the Rules of Civil Procedure provides that leave to file amended pleadings shall be freely given when justice so requires. A like spirit pervades Rule 16 in respect to pre-trial procedure which is designed, amongst other things, to secure a simplification of the issues. *Maryland Casualty Co. v. Rickenbacker*, 146 F.2d 751, 753 (4th Cir. 1944).

2.  Permission to amend pleadings after the expiration of the scheduling order deadline requires a showing of good cause – primarily a consideration of the diligence of the party seeking amendment. *Trustmark Ins. Co. v. Gen'l & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005). The cases cited by defendants are cases of extreme delay, in which motions to amend were denied. For example, in *Fort Howard Paper*

*Co. v. Standard Havens, Inc.*, a motion to amend was denied as being too late. 901 F.2d 1373, 1380 (7th Cir. 1990). In that case, the motion was filed just before a second trial, after one trial on the merits of the existing pleadings had already taken place. *Id.* Similarly, in *Trustmark*, leave to amend was denied where the movant knew of a claim against a potential party, but failed to include that party in the complaint. Finally, in *Tamari v. Bache & Co.*, 838 F.2d 904 (7th Cir. 1988*)* the plaintiff sought to amend the complaint ten years after its initial filing. *Tamari* at 908. The case at bar is not similar to the cases cited by the defendants, in that any delay in seeking leave to amend is minimal. When plaintiff learned of the extent of involvement of the three additional officers through depositions, plaintiff sought leave to amend the complaint to reflect the new information. The three proposed defendants have already been deposed. As there is no living plaintiff from which to seek discovery, any additional discovery required, if any, as a result of the addition of three defendants would be minimal.

3. Defendants claim there is no showing of "good cause" to justify a second amended complaint. But in addition to the fact that the real parties in interest are minors and that the public policy of this State is to carefully guard the rights of minors, plaintiff has been very diligent as reflected by the following:

   a. defendants have produced 2526 pages of documents so far in discovery;

   b. the follow witnesses have already been deposed:

      1. Travis Hindman
      2. Nancy Roddis
      3. Jeff Standard
      4. Michael McCormick
      5. Donald Fiessinger, Sr.
      6. Jason Osmundson
      7. Chelsea Green
      8. Shelby Green
      9. Linda Mordue
      10. David Carter
      11. Kelly Peterson
      12. Rodney Wamsley
      13. Michael Oyer
      14. Paul Gibson
      15. Danny Leezer
      16. Michael Widger
      17. Tara Walters
      18. Christopher Carmichael
      19. Brian Gray
      20. Ken Kedzior

4. Additionally, due to medical leave for a serious condition, Sgt. Kedzior was not deposed until April 15, 2008; plaintiff's attorney only recently received that transcript.

5. Specifically in response to section II of defendants' memorandum, plaintiff states that defendants are not legally entitled to demand dismissal with prejudice of the 42 U.S.C. § 1983 causes of action because prior pleadings are deemed withdrawn upon filing of amended pleadings unless specifically referred to in the amended pleading; *Levitch v. Columbia Broadcasting System, Inc.*, 94 FDR 292, 1982-2 CCH Trade Cases P 64972 (SD NY 1982), affd; 697 F.2d 495, 1982-83 CCH Trade Cases P 65153 (CA2 NY, 1983); an amended pleading under Fed. R. Civ. P. 15(a) supersedes the pleading it modifies and it remains in effect throughout the action unless it too is

subsequently modified. *Anderson v. USAA Cas. Ins. Co.*, 218 FRD 307 (DC Dist, 2003).

6. Nevertheless, in exchange for leave to file the second amended complaint as modified by the provisions plaintiff's Amendment to Motion for Leave to File Second Amended Complaint, plaintiff would agree to the dismissal of all 42 U.S.C. § 1983 causes of action with prejudice; plaintiff would further agree that the parties remain bound by all discovery obtained to date.

Wherefore, plaintiff prays an order of this court granting plaintiff leave to file its Second Amended Complaint as modified by the provisions of plaintiff's Amendment to Motion for Leave to File Second Amended Complaint.

          Commerce Bank N.A., Plaintiff

          By:     s/ James P. Ginzkey
          James P. Ginzkey
          Bar Number: 3124355
          Attorney for Plaintiff
          221 E. Washington St.
          Bloomington, Illinois  61701
          Telephone: (309)821-9707
          Fax: (309)821-9708
          E-mail: jim@jimginzkey.com

## PROOF OF SERVICE

I, James P. Ginzkey, hereby certify that on **May 2, 2008,** I served a copy of the following:

- **Reply in Support of Motion to File Second Amended Complaint**

This document was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Karen L. McNaught
>Illinois Attorney General
>500 S. Second St.
>Springfield, IL 62706

>Commerce Bank N.A., Plaintiff

>By:     s/ James P. Ginzkey
>James P. Ginzkey
>Bar Number: 3124355
>Attorney for Plaintiff
>221 E. Washington St.
>Bloomington, Illinois  61701
>Telephone: (309)821-9707
>Fax: (309)821-9708
>E-mail: jim@jimginzkey.com