**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| COMMERCE BANK, N.A.,              ) | |
|                                                        ) | |
|             Plaintiff,         ) | |
|                                                        ) | |
| v.                                                  )  | No. 06-1103 |
|                                                        ) | |
| MICHAEL WIDGER, BRIAN GRAY, ) | |
| and CHRISTOPHER CARMICHAEL, ) | |
| DANNY LEEZER, PAUL GIBSON and ) | |
| KENNETH KEDZIOR,                    ) | |
|                                                        ) | |
|             Defendants.     ) | |

**SECOND AMENDED COMPLAINT**

Now comes plaintiff, COMMERCE BANK, N.A., administrator of the Estate of David Green, deceased, by its attorney, James P. Ginzkey, complaining of defendants, MICHAEL WIDGER, BRIAN GRAY, CHRISTOPHER CARMICHAEL, DANNY LEEZER, PAUL GIBSON and KENNETH KEDZIOR in their individual capacities as follows:

**PARTIES**

1.  David Green was at all relevant times a resident of Fulton County in the Central District of Illinois.

2.  Plaintiff, COMMERCE BANK, N.A., is the duly appointed administrator of the Estate of David Green, who died intestate with his only heirs being his minor daughters, Shelby Green and Chelsey Green.

3.  On information and belief, defendants, MICHAEL WIDGER, BRIAN GRAY,

CHRISTOPHER CARMICHAEL, DANNY LEEZER, PAUL GIBSON, and KENNETH KEDZIOR were at all relevant times duly appointed and acting officers of the Illinois State Police, acting in their individual capacities and under color of law, to wit, under color of the Constitution, statutes, policies, customs and usages of the State of Illinois.

4. At all relevant times defendants had taken an oath as part and parcel of their employment that they would uphold the constitution and the statutes of the State of Illinois and that they would protect the lives of the citizens of the State of Illinois.

## FACTS

5. In the early morning hours of June 23, 2005, David Green was alone in his residence which was then owned by one, Daniel Matheny, at 27368 E. Bird's Corner Rd. in Fulton County, Illinois.

6. At that time and place, defendants and other law enforcement officers attempted to serve a search warrant for marijuana plants.

7. The defendants had no warrant for the arrest of David Green.

8. At that relevant times hereto there existed a duty on the part of the defendants to refrain from conduct that would likely and probably result in great bodily injury and or death to David Green.

9. In contravention of that duty, defendants, in combination and for the purpose of accomplishing by concerted action a lawful purpose by unlawful means, committed the

following overt tortious acts:

    a.    Wrongfully classifying and/or elevating the service of the search warrant to "high risk";

    b.    Battering open the front door to the residence that David Green was in, using a flash-bang device(s) and storming the residence with body armor and assault weapons; and

    c.    Cornering David Green in an upstairs room of the residence where David Green was shot approximately 10 times in the back and killed.

10.    Plaintiff was unable to learn the identities of defendants until May 10, 2006 and this action is timely filed.

## COUNT I
(Survival Action)

1-10.    Paragraphs 1 through 10 are incorporated herein by reference as though fully set forth.

11.    As a direct and proximate result of one or more of the foregoing acts of the defendants, David Green was injured and suffered damages of a personal and pecuniary nature, including pain and suffering prior to his death; damages for which, had he survived, he would have been entitled to maintain an action; such an action has survived him and accrued to the benefit of his heirs at law, to wit, his minor daughters, Shelby Green and Chelsea Green.

12.    Plaintiff brings this action pursuant to 755 ILCS 5/27-6, commonly known as the

Illinois Survival Act.

Wherefore, plaintiff prays judgment against defendants in an amount in excess of $50,000. Plaintiff further prays trial by jury of twelve.

## COUNT II
### (Wrongful Death)

1-10. Paragraphs 1 through 10 are incorporated herein by reference as though fully set forth.

11. As a direct and proximate result of one or more of the foregoing acts of the defendants, David Green suffered fatal injuries; David Green left surviving as his next of kin, to wit, his minor daughters, Shelby Green and Chelsea Green, who have suffered severe grief and pecuniary injuries, including but not limited to, loss of service, companionship, society, love and affection.

Wherefore, plaintiff prays judgment against defendants in an amount in excess of $50,000. Plaintiff further prays trial by jury of twelve.

Commerce Bank N.A., Plaintiff

By: _____s/ James P. Ginzkey_____
James P. Ginzkey
Bar Number: 3124355
Attorney for Plaintiff
221 E. Washington St.
Bloomington, Illinois 61701
Telephone: (309)821-9707
Fax: (309)821-9708
E-mail: jim@jimginzkey.com

## PROOF OF SERVICE

I, James P. Ginzkey, hereby certify that on **May 6, 2008**, I served a copy of the following:

- **Second Amended Complaint**

This document was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Karen L. McNaught
        Illinois Attorney General
        500 S. Second St.
        Springfield, IL 62706

        Commerce Bank N.A., Plaintiff

        By:      s/ James P. Ginzkey
        James P. Ginzkey
        Bar Number: 3124355
        Attorney for Plaintiff
        221 E. Washington St.
        Bloomington, Illinois  61701
        Telephone: (309)821-9707
        Fax: (309)821-9708
        E-mail: jim@jimginzkey.com