E-FILED
Wednesday, 25 June, 2008  03:04:17 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-1103 |
| | ) | |
| MICHAEL WIDGER, BRIAN GRAY, | ) | |
| and CHRISTOPHER CARMICHAEL, | ) | |
| DANNY LEEZER, PAUL GIBSON and | ) | |
| KENNETH KEDZIOR, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR DISMISSAL WITHOUT PREJUDICE**
**PURSUANT TO 28 U.S.C. 1367(c)**
**OR IN THE ALTERNATIVE PURSUANT TO F.R.C.P 41(a)(2)**

NOW COMES plaintiff, COMMERCE BANK, N.A., administrator of the Estate of David Green, deceased, by its undersigned attorney, and for its Memorandum in Support of its Motion for Dismissal Without Prejudice Pursuant to 28 U.S.C. 1367(c) or in the Alternative Pursuant to Federal Rule of Civil Procedure 41(a)(2) states:

Plaintiff's complaint initially alleged, in three separate counts, violation of plaintiff's decedent's civil rights pursuant to 42 U.S.C. §1983. Plaintiff also alleged in separate counts wrongful death and a survival action under Illinois state law. On May 5, 2008, plaintiff was granted leave to file its Second Amended Complaint, naming additional defendants, and stating only state based claims for wrongful death and a survival action. Plaintiff's Second Amended Complaint, as filed May 6, 2008, contains no claims for violation of the decedent's

civil rights or any other federal based claim. In fact, in granting plaintiff leave to file its Second Amended Complaint the Court dismissed with prejudice plaintiff's claims pursuant to 42 U.S.C. §1983. See Text Order of May 5, 2008. As a result, the only issues remaining before the Court deal solely with questions of state law.

**1.    Motion pursuant to 28 U.S.C. §1367(c)**

Plaintiff acknowledges that upon dismissal of its federal claims, the Court was not divested of jurisdiction. 28 U.S.C. §1367(a); *Loufty v. R.R. Donnelly & Sons, Co.* 148 F.R.D. 599 (N.D. Ill., 1993). However "where a federal claim drops out before trial, the district court should not retain the state claims absent extraordinary circumstances." *Wentzka v. Gellman and Blunt Ellis & Loewi*, Inc. 991 F.2d 423, 425 (7th Cir. 1993), see also *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994). This policy was codified by 28 U.S.C. 1367 which states, in part:

> (c)    The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> * * *
>
> (3)    the district court has dismissed all claims over which it has original jurisdiction, . . .
>
> * * *

28 U.S.C. § 1367(c).

While exceptions may exist in which the court chooses to retain jurisdiction absent the presence of any federal claim, "[i]n deciding whether to exercise jurisdiction over state-law

claims district courts 'should consider and weigh the factors of judicial economy, convenience, fairness and comity.'" *Schmitt v. Protestant Mem. Med. Ctr., Inc.*, 2005 U.S. Dist. LEXIS 7449, 25-26 (S.D. Ill. 2005), quoting *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994). As stated in *Schmitt:*

> There are, [], three well-recognized exceptions to this general rule. One arises when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court. The second arises when "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of efforts." The third arises when it is absolutely clear how the pendent claims will be decided. This may occur if a district court in deciding a federal claim decides an issue dispositive of a pendent claim or if the state-law claims are patently frivolous. (internal citations omitted). *Schmitt* at 25-26.

Addressing the exceptions cited in *Schmitt* in reverse, to date this Court has not made any ruling on plaintiff's federal claims which are dispositive of plaintiff's remaining state claims. Those claims now having been dismissed, the court can make no such ruling.

Plaintiff anticipates that defendants will invoke the second exception, that "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of efforts". However, refiling of this matter in state court would create no duplication of efforts. Plaintiff and the original defendants have diligently pursued discovery in this matter and the newly named defendants have already been deposed. Plaintiff's experts have been disclosed and as of the date of this filing, at least one such expert has been deposed. All proceedings and efforts to date may be utilized in any future action filed in state court. The Court may, in fact, include this as a

3

condition of granting plaintiff's motion for dismissal without prejudice.

The final exception (the first as noted in *Schmitt)*, directs that the district court may retain jurisdiction when the statute of limitation has run prohibiting plaintiff's refiling in state court. This, however, is not an obstacle in the case before the court. Plaintiff initially notes that the true parties in interest in this matter are the minor daughters of the decedent, David Green. Illinois statutes provide for the tolling of a cause of action by a minor until two years following such time as the minor reaches majority. (735 ILCS 5/13-211) Such period of repose notwithstanding, Illinois statutes provide for the refiling of an action within one year when the action is voluntarily dismissed by the plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction. 735 ILCS 5/13-217; see also *Duckworth v. Franzen*, 780 F.2d 645 (7th Cir. 1985).

**2.     Motion pursuant to F.R.C.P. 41(a)(2)**

Upon plaintiff's request, the Court may enter an order dismissing an action without prejudice on terms the court considers proper. F.R.C.P. 41(a)(2). Dismissal of a plaintiff's action without prejudice under Rule 41(a)(2) is within the sound discretion of the district court. *Federal Deposit Insurance Corp. v. Knostman*, 966 F. 2d 1133 (7th Cir., 1992) A motion for voluntary dismissal without prejudice should be denied only where defendant will suffer "plain legal prejudice" as a result of the dismissal. *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. Ill. 1986). In *Pace v. Southern Express Co.*, 409 F.2d 331 (7th Cir. 1969) the court delineated factors to be considered in determining whether a

defendant would suffer "plain legal prejudice". Those factors included "[t]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Pace* at 334. As noted in *Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54 (7th Cir. 1980), however, these factors are "not the equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." *Tyco* at 56. In fact, in the case before this court, none of these factors are present. As noted above, the parties have diligently pursued discovery and moving this matter forward; all efforts expended to date in bringing this action to trial may be utilized in any state court proceedings.

F.R.C.P 41(a)(2) states the Court's dismissal may be entered upon such terms that the court considers proper. As plaintiff's motion is made solely for the purpose of proceeding in state court, and not to impose undue hardship or inconvenience on defendants, plaintiff suggests that the court's order be conditioned, if at all, on the requirement that all discovery materials, including depositions, assembled to date in this action may be used in any suit hereafter filed in state court, to the same extent as if they had originally been obtained under the state court actions. (See *Miller v. Trans World Airlines, Inc.* 103 F.R.D. 20 (E.D. Penn., 1984).)

Defendants would suffer no "plain legal prejudice" if plaintiff is granted a voluntary

dismissal without prejudice pursuant to F.R.C.P. 41(a)(2).

Plaintiff's motion for dismissal without prejudice pursuant to 28 U.S.C. 1367(c) should be granted, or in the alternative a motion for voluntary dismissal without prejudice pursuant to F.R.C.P. 41(a)(2) should be granted, to allow plaintiff to re-file its action in state court.

Respectfully submitted,

Commerce Bank N.A., Plaintiff

By:      s/ James P. Ginzkey
James P. Ginzkey
Bar Number: 3124355
Attorney for Plaintiff
221 E. Washington St.
Bloomington, Illinois  61701
Telephone: (309)821-9707
Fax: (309)821-9708
E-mail: jim@jimginzkey.com

I:\CLIENTS\Green, David (Commerce Bank)\MemoSupportVolDismissal.wpd

## PROOF OF SERVICE

I, James P. Ginzkey, hereby certify that on **June 25, 2008,** I served a copy of the following:

- **Memorandum in Support of Plaintiff's Motion for Dismissal Without Prejudice Pursuant to 28 U.S.C. 1367(c) or in the Alternative Pursuant to F.R.C.P. 41(a)(2)**

This document was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Karen L. McNaught | Terence J. Corrigan |
| Illinois Attorney General | Illinois Attorney General |
| 500 S. Second St. | 500 S. Second St. |
| Springfield, IL 62706 | Springfield, IL 62706 |
| kmcnaught@atg.state.il.us | tcorrigan@atg.state.il.us |

Commerce Bank N.A., Plaintiff

By:      s/ James P. Ginzkey
James P. Ginzkey
Bar Number: 3124355
Attorney for Plaintiff
221 E. Washington St.
Bloomington, Illinois  61701
Telephone: (309)821-9707
Fax: (309)821-9708
E-mail: jim@jimginzkey.com