IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMERCE BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 06-CV-1103 |
| | ) |
| MICHAEL WIDGER, BRIAN GRAY, | ) |
| and CHRISTOPHER CARMICHAEL, | ) |
| | ) |
| Defendants. | ) |

**RESPONSE TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS**

COME NOW the defendants, Danny Leezer, Paul Gibson, Brian Gray, Christopher Carmichael, Michael Widger, and Kenneth Kedzior, by and through their counsel, LISA MADIGAN, Attorney General of the State of Illinois, and hereby respond to plaintiff's motion to voluntarily dismiss.

**A.    THE COURT SHOULD DENY PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS OR, IN THE ALTERNATIVE, SUSPEND RULING UNTIL AFTER BRIEFING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

As plaintiff acknowledges, there are three well recognized exceptions to the policy that federal courts should relinquish jurisdiction over pendant claims when federal claims are dismissed before trial:

      1.    When the statute of limitations has run on the pendant claims.

      2.    When substantial jurisdictional resources have already been committed and sending the case to another court will cause a substantial duplication of efforts.

      3.    It is absolutely clear how the claim will be decided.

In the present case, dismissal is not warranted because substantial resources have been expended and it is absolutely clear how the pendant claims will be decided. Furthermore, defendants will be prejudiced if plaintiff is allowed to dismiss this case and

start over in state court. More than three years has passed since the date of the alleged incident. The parties have been litigating this case for over two years. More than 120 documents and pleadings have been filed. Dispositive motions are due in a little more than one month.

Substantial resources by the parties and the court have been invested in this case, which was filed by the plaintiff in this federal court. The parties have taken at least 20 depositions. The depositions have occurred in multiple cities, including Bloomington, Macomb, and the Chicago area, which has required State police personnel and attorneys for the defendants to travel, thus expending valuable tax dollars.

Defendants, Widger, Carmichael, and Gray have had to endure the stress caused by the allegations made against them for the last two years. Michael Widger is no longer with the Tactical Response Team, but rather has been assigned to another position in Springfield. *See* Deposition Transcript of Michael Widger, p. 4. Defendant, Danny Leezer, has been reassigned from the Tactical Response Team to patrol in Macomb. *See* Deposition Transcript of Danny Leezer, p. 8. Other relevant witnesses who were once affiliated with the Tactical Response Team or Illinois State Police or were in the Springfield area are also being disbursed throughout the State, retired, or may be retiring within the coming year, making it more difficult and time consuming to get the witnesses to trial. *See*, *e.g.*, Deposition Transcript of Travis Hindman, p. 116; Deposition Transcript of Rodney Wamsley, p. 58. Further, as time advances, memories fade, all causing prejudice to the defendants.

Moreover, one of the newly named defendants, Ken Kedzior, the Officer in Charge of the execution of the search warrant for the home of David Green, has been diagnosed

with cancer and is continuing his treatment at this time. *See* Affidavit of Ken Kedzior. He has requested a speedy resolution of the charges brought against him by the plaintiff. *Id*. This does not include prolonging this matter by dismissing it in federal court, only to have it be refiled in State court at some unspecified date sometime in the next year. If Ken Kedzior is unavailable for a later trial, it would be patently unfair and prejudicial to him and the other defendants to allow the plaintiff and its counsel to delay the lawsuit by dismissing it in this forum where plaintiff chose to file.

While plaintiff contends that this Court could enter an order barring further discovery in state court in order to lessen prejudice on defendants, plaintiff cites no authority for the proposition that this Court can exercise any control over case management by a state court. Even if the Court could limit discovery in state court, dismissal will inevitably cause extensive delays. Under the Code of Civil Procedure, plaintiff can wait up to one year after dismissal before bringing a state action, state court hearings will need to be scheduled for case management, dispositive motions will need to be scheduled for argument, etc.

In contrast, if the cause were to remain in federal court, the matter is ready for the submission of dispositive motions. In order to reach a speedy resolution of this case by this Court, defendants have elected to forego any attacks on the latest complaint submitted by plaintiff and contention interrogatories directed to the claims therein. Furthermore, there are no complex issues of state law to be decided by the Court and the case is capable of resolution by summary judgment for defendants.

While acknowledging that generally the practice is to decline to exercise jurisdiction

3

over state law claims upon dismissal of the federal claims, the Seventh Circuit has noted that this practice is not inflexible and, at most, creates a presumption. *Brazinski v. Amoco Petroleum Additives Company*, 6 F.3d 1176, 1182 (7th Cir. 1993). There, the court noted that, "if the correct disposition of a pendant claim or action was so clear as a matter of state law that it could be determined without further trial proceedings and without entanglement with any difficult issues of state law, considerations of judicial economy warranted retention and decision rather than relinquishment of the case to state court." *Id.; see also Wright v. Associated Insurance Companies, Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). "[W]hen difficult and unsettled state law issues are not implicated by the pendant claims, it is entirely acceptable under the discretionary principle for a federal court to decide those claims even after dismissing the main claim." *Timm v. Mead Corporation*, 32 F.3d 273, 277 (7th Cir. 1994). In contrast, retention of state law claims is improper when state law on the question is unsettled. *Wentzka v. Gellman*, 991 F.2d 423, 425 (7th Cir. 1993). But, when application of state law is not complex, retention of jurisdiction does not "invade the province of the state judiciary." *Sellars v. City of Gary,* 453 F.3d 848, 852 (7th Cir. 2006).

The *Timm* court stressed the fact that the dismissal of federal claims occurring before trial is only one factor in applying the balance of judicial economy, convenience, fairness and comity to determine whether relinquishment of the state law claims is proper. 32 F.3d at 277. The Court must also consider the nature of the state law claims at issue, the ease of their resolution, and the actual, and avoidable expenditure of judicial revenues. *Id.* In that case, by the time the federal claims were resolved, "the state law claims were

4

ripe for decision, the applicable state law was straightforward, the litigation was over a year old, and discovery, which was at times contentious, was completed." *Id.* The situation in this case mirrors that in *Timms* where the Seventh Circuit found that the district court properly decided the state law claims. *Id.*

Some courts have applied these principles by resolving state law claims which can be easily decided and relinquishing jurisdiction over other state law claims. *William v. Rodriquez*, 509 F.3d 392 (7th Cir. 2007); *Wright v. Associated Insurance Companies, Inc.*, 29 F.3d 1244 (7th Cir. 1994). In order to correctly balance the necessary factors it is necessary for the court to determine how readily it can resolve the state law issues. Defendants believe that the court can easily resolve this case where the uncontested facts will show that defendants Widger, Gray, and Carmichael were part of a group of law enforcement officers executing a search warrant; the door to Green's residence was breached when there was no answer to the knock on the door; Green was located hidden in a crawlspace on the second floor; Green threatened to shoot officers; in response to a command to surrender his weapons, Green surrendered one and retained a handgun; and Green was shot by Widger, Gray, and Carmichael when he emerged from the crawlspace and aimed the gun at a police officer.

Defendants believe that if the Court stays ruling on plaintiff's motion and allows the defendants to file their summary judgment motion, it will be apparent to the Court that plaintiff's claims have no basis in fact or law. There is no need to waste the resources that will be expended by starting over in state court. If, after briefing on the motion for summary

judgment, the Court determines that unsettled or complex issues of state law are at issue, the Court could grant plaintiff's motion at that time.

**B.    IF THE COURT GRANTS PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS, THIS COURT SHOULD CONDITION THE GRANTING OF THE MOTION UPON PAYMENT OF DEFENDANTS COSTS, EXPENSES AND ATTORNEY FEES**

Dismissal under Rule 41(a)(1)(B) "may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion, deems necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice." *LeBang Motors, Ltd. v. Subaru of America, Inc.*, 148 F.3d 680, 685 (7th Cir. 1998). Such conditions can include an award of attorney fees for the excess work that will be entailed by the voluntary dismissal and an award of costs. *Id. Chavez v. Illinois State Police*, 251 F.3d 612, 655-56 (7th Cir. 2001).[1]

In the present case, defendants have incurred costs of over $4,000 due to the numerous depositions taken primarily by plaintiff. Because of the different rules governing costs, defendants are unlikely to recover such costs in state court, while there is a presumption that defendants will be able to recover their costs if they prevail in this court. *Rivera v. City of Chicago*, 469 F.3d 631 (7th Cir. 2006). Furthermore, defendants will inevitably be forced to expend additional attorney hours defending a refiled case. If the case remains in federal court, all that remains to be done is to brief the defendants' motion for summary judgment. While, it is impossible to accurately assess the extra attorney hours that will be expended in state court litigation, an award of $5,000 is a reasonable

---

[1]Plaintiff will have the option of rejecting the conditions and continuing with the federal litigation. *Chavez*, 251 F.3d at 656.

estimate of the minimum extra time the litigation in state court would entail.

Defendants, therefore, ask that, in the event that this Court grants plaintiff's motion, it condition the dismissal upon the payment of $5,000 in attorney fees and payment of defendants' costs.

## CONCLUSION

For the reasons stated in their response, defendants pray that this honorable Court deny plaintiff's motion or stay ruling on the motion until after briefing on defendants' motion for summary judgment. In the alternative, defendants pray this Court condition dismissal upon payment of costs and attorney fees.

Respectfully submitted,

DANNY LEEZER, PAUL GIBSON, BRIAN GRAY, CHRISTOPHER CARMICHAEL, MICHAEL WIDGER and KENNETH KEDZIOR,

Defendants,

LISA MADIGAN, Attorney General
State of Illinois,

Attorney for Defendants.

By: s/Terence J. Corrigan
TERENCE J. CORRIGAN, #6191237
KAREN L. McNAUGHT, #6200462
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone: 217/782-1841
Facsimile: 217/782-8767
E-Mail: tcorrigan@atg.state.il.us

7

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06-CV-1103 |
| | ) | |
| MICHAEL WIDGER, BRIAN GRAY, | ) | |
| and CHRISTOPHER CARMICHAEL, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2008, I electronically filed Response to Plaintiff's Motion to Voluntarily Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> James P. Ginzkey
> 221 E. Washington Street
> Bloomington, Illinois 61701
> Jim@jimginzkey.com

> Respectfully submitted,
>
> s/Terence J. Corrigan
> Assistant Attorney General
> Attorney for Defendants
> 500 South Second Street
> Springfield, IL  62706
> (217)782-1841
> (217) 524-5091 (facsimile)
> tcorrigan@atg.state.il.us

STATE OF ILLINOIS        )           *Commerce Bank v. Widger, et al.*
                         )           USDC-CD IL No. 06-1103
COUNTY OF McDONOUGH      )

## AFFIDAVIT

I, Ken Kedzior, under oath, state that I have personal knowledge of the statements contained in this affidavit, that I am competent to testify, and if called to testify, I would testify to the same.

1. I have been named as a defendant in this lawsuit.

2. I am the supervisor of the West Central Illinois Task Force.

3. The West Central Illinois Task Force was the agency that was responsible for the investigation of David Green, who died during the execution of a search warrant at his home when he refused to be arrested.

4. I was the Officer in Charge of the execution of the search warrant for the home of David Green.

5. In or about October 18, 2007, I was diagnosed with colon cancer.

6. Currently, I am undergoing treatment for this medical condition.

7. I would like a speedy resolution of the case entitled *Commerce Bank v. Widger, et al.*(USDC-CD IL No. 06-1103), and would not like to have this case dismissed in federal court so that it can be brought again in State court.

8. I have read the foregoing paragraphs and they are true and accuracte to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NOT.

Signed under penalty of perjury.          s/Ken Kedzior

                                          _____
                                          Ken Kedzior

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION

COMMERCE BANK, N.A.,

       Plaintiff,

  -vs-                          NO. 06-1103

MICHAEL WIDGER, BRIAN GRAY,
and CHRISTOPHER CARMICHAEL,

       Defendants.

Deposition of TRAVIS HINDMAN, M.D., taken for discovery purposes, at the instance of the Plaintiff, before Robin A. Adams, CSR, RPR, and Notary Public, on the 19th day of April, 2007, at the hour of 1:30 p.m., at 107 East Allen Street, Springfield, Illinois.

CAPITOL REPORTING SERVICE, INC.
2021 TIMBERBROOK DRIVE
SPRINGFIELD, ILLINOIS  62702
217-787-6167



1   Q   Page 14?

2   A   That's it. I don't have that statement with
3   me. Yeah, this is the only communication I can
4   remember having with Mr. Ginzkey other than setting up
5   the time of our meeting.

6   Q   And have you ever spoken with me before
7   today?

8   A   No.

9   Q   Okay.

10  A   And that's too bad.

11  Q   I feel the same. The communication -- the
12  prior communication that you did have with Mr.
13  Ginzkey, that was confined only to written
14  communications?

15  A   The only thing I can -- I don't remember the
16  manner. The only thing I remember was content, and
17  that was reaching -- response to this one question,
18  and the other one was making an appointment that was
19  compatible with everybody's schedule.

20  Q   Okay. Are you leaving your employment?

21  A   I'm going to retire a month from today.

22  Q   Do you have plans to travel, or to leave out
23  of state?

24  A   I certainly hope so. I'm not moving out of

```
                                                                  1

 1           IN THE UNITED STATES DISTRICT COURT

 2          FOR THE CENTRAL DISTRICT OF ILLINOIS

 3                      PEORIA DIVISION

 4

 5   COMMERCE BANK, N.A.,

 6              Plaintiff,

 7        -vs-                          No.   06-1103

 8   MICHAEL WIDGER, BRIAN GRAY,
     and CHRISTOPHER CARMICHAEL,
 9
                Defendants.
10

11

12

13
          Videotaped deposition of DANNY R. LEEZER, taken
14
     at the instance of the Plaintiff, before Dorothy J.
15
     Hart, CSR, RPR, and Notary Public, on the 3rd day
16
     of January, 2008, at the hour of 11:00 a.m., at
17
     3000 Montvale, Springfield, Illinois.
18

19

20

21

22
                   CAPITOL REPORTING SERVICE, INC.
23                      2021 Timberbrook Drive
                      Springfield, Illinois   62702
24                         217-787-6167
```



8

1  Q. And your -- it's a Bachelor of Science in law
2  enforcement, correct?
3  A. Correct.
4  Q. In what year did you obtain the bachelor's
5  degree?
6  A. 1989.
7  Q. And then you obtained the master's in what
8  year?
9  A. 2002.
10 Q. And that also was Western Illinois, correct?
11 A. Correct.
12 Q. During your 14 years with the Illinois State
13 Police, have all 14 years been in the same district?
14 A. No. Three years were in -- with the Tactical
15 Response Team.
16 Q. Would those be the last three years?
17 A. Well, I'm in District 14 now. Back in
18 District 14.
19 Q. All right. What three years were you with
20 TRT?
21 A. From 2004 to 2007.
22 Q. Was it the Central TRT?
23 A. Correct.
24 Q. And you're back in District 14 now?

COPY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

COMMERCE BANK, N.A.,            )
                                )
        Plaintiff,               )
                                )
    -vs-                         ) No. 06-1103
                                )
MICHAEL WIDGER, BRIAN GRAY,      )
and CHRISTOPHER CARMICHAEL,      )
                                )
        Defendants.              )

        Discovery Deposition taken of **RODNEY WAMSLEY**, on the 24th day of August, A.D., 2007, at 221 East Washington Street, Bloomington, Illinois, commencing at approximately 1:15 p.m., before Kitty L. Malcom, a Notary Public and Certified Shorthand Reporter, License No. 084-002106, pursuant to Notice and Federal Rules of Civil Prodecure.

MALCOM REPORTING
10 Hodgehaven Circle
Bloomington, IL 61704
(309) 662-3368

```
 1   BY MR. GINZKEY:
 2       Q.   Have you ever talked to Ed Kallal about
 3   this case?
 4       A.   Ironically there was a very, very short
 5   conversation one time.  May I expound on that?
 6       Q.   Please do.
 7       A.   He happened to come to my retirement
 8   celebration, and he asked me 'did you get my phone
 9   call regarding you to call me, because I'm doing
10   some work on the David Green case.'  And I said I
11   didn't get his call.
12       Q.   Have you since that time had occasion to
13   get together with Ed Kallal and discuss this case?
14       A.   I haven't talked to him since.
15       MR. GINZKEY:  He's out fishing somewhere.
16   Those are the only questions I have.
17
18            EXAMINATION
19   BY MS. McNAUGHT:
20       Q.   Did you get to the scene of the David
21   Green barn as soon as practical?
22       A.   I would say yes.
23       Q.   Did you deem it necessary to meet with the
24   shooters?
```

```
1            IN THE UNITED STATES DISTRICT COURT

2            FOR THE CENTRAL DISTRICT OF ILLINOIS

3                        PEORIA DIVISION

4

5    COMMERCE BANK, N.A.,

6              Plaintiff,

7         -vs-                              No.  06-1103

8    MICHAEL WIDGER, BRIAN GRAY,
     and CHRISTOPHER CARMICHAEL,
9
               Defendants.
10
```

Videotaped deposition of MIKE WIDGER, taken at the instance of the Plaintiff, before Dorothy J. Hart, CSR, RPR, and Notary Public, on the 3rd day of January, 2008, at the hour of 2:17 p.m., at 3000 Montvale, Springfield, Illinois.



CAPITOL REPORTING SERVICE, INC.
2021 Timberbrook Drive
Springfield, Illinois   62702
217-787-6167

```
 1        MS. MCNAUGHT:  I'll object.  You can give him
 2  your address, but I'll object to you giving him your
 3  date of birth and your Social Security number.
 4     A.   My business address is Illinois State Police
 5  District 9, Rural Route 11, Springfield, Illinois.
 6  I'm not sure what the zip code is there.
 7     Q.   Can you tell me what your job title or
 8  description with the Illinois State Police is
 9  currently?
10     A.   I'm a master sergeant with the Illinois State
11  Police.  I'm patrol commander in District 9.
12     Q.   Sergeant, how long have you been with the
13  Illinois State Police?
14     A.   Since September, I believe it was 20th or
15  21st, of 1987.
16     Q.   So over 20 years?
17     A.   Yes, sir.
18     Q.   How long have you -- let me back up.  When
19  did you attain the rank of master sergeant?
20     A.   I believe it was in September of 2002.
21     Q.   Can you tell me what your job titles or
22  descriptions with the Illinois State Police were
23  before attaining the rank of master sergeant?
24     A.   I was a sergeant with the Illinois State
```