## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| COMMERCE BANK, NA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-cv-1103 |
| | ) | |
| CHRISTOPHER CARMICHAEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court is the Motion to Dismiss Without Prejudice filed by Plaintiff, Commerce Bank, NA, on June 25, 2008 [Doc. 120]. The Motion is GRANTED.

### BACKGROUND

This Court's original subject matter jurisdiction was based upon federal question: Plaintiff, as an administrator of the estate of David Green, filed a Title 42 U.S.C. § 1983 claim based on an alleged unreasonable seizure of David Green which led to his shooting death [See Doc. 11, filed on June 7, 2006]. In the Second Amended Complaint, filed on May 6, 2008 [Doc. 106], Plaintiff dismissed its § 1983 claim and included only a survival action and a wrongful death claim, both based on state law. Plaintiff also added new Defendants. Plaintiff now seeks either a dismissal without prejudice pursuant to 28 U.S.C. § 1367(c) or Federal Rule of Civil Procedure 41(a)(2). Defendants object, indicating that this case will be unnecessarily prolonged if Plaintiff is allowed to re-file in state court.

## DISCUSSION

Title 28 U.S.C. § 1367 allows for supplemental jurisdiction over claims that are related to claims over which this Court has original jurisdiction. Thus, this Court exercised supplemental jurisdiction over Plaintiff's state law claims as they were related to Plaintiff's federal claims. The statute further provides, however, that this Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claim if the related federal claims have been dismissed. Id. at § 1367(c)(3). The Seventh Circuit Court of Appeals has held that:

> A district court has the discretion not to exercise supplemental jurisdiction over pendent state law claims when it dismisses the claims over which it has original jurisdiction, 28 U.S.C. § 1367(c)(3), and we review that decision for abuse of discretion. We have held that the district courts should exercise this discretion to relinquish jurisdiction over state law claims that remain after the dismissal of federal claims unless any of the following three circumstances exists: (1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided. Dargis v. Sheahan, 526 F.3d 981, 990 (7th Cir. 2008) (citations omitted).

The presumption is that once federal claims have been dismissed, this Court should dismiss state law claims unless one of the three exceptions applies. Defendants argue that this matter should not be dismissed because significant resources have already been spent on discovery and because it is clear how the claims should be resolved. In the alternative, Defendants argue that a ruling should be stayed pending the filing of summary judgment motions. Defendants also argue that this

2

matter should be retained so that a speedy resolution may be had; thus mitigating the stress and expense Defendants have endured in defending this lawsuit.

Defendants' first argument, that significant resources have already been expended in discovery, is unconvincing. The parties have diligently moved forward with discovery and seem to have completed a lion's share of the depositions. The Court assumes that neither Plaintiff nor Defendants will seek to unnecessarily prolong this litigation by duplicating discovery (in state court) that has already been completed. This Court has not decided any complicated or dispositive issues nor have any rulings on Plaintiff's major claims been made. The Court is mindful that litigation can be stressful and time consuming for all litigants, especially those who are ill or infirm. These considerations, however, do not sway the Court into retaining jurisdiction when there is a presumption that jurisdiction should be relinquished. This Court assumes that Plaintiff also has an interest in resolving this matter in a timely manner.

Defendants next argue that the uncontested evidence would show that the shooting was proper and that Plaintiff's claims can be easily resolved. This Court has not decided any issue of federal law that would make it "absolutely clear" how Plaintiff's state law claims should be resolved. See Wright v. Associated Ins. Companies, Inc., 29 F.3d 1244, 1251-2 (7th Cir. 1994). There is also no argument that Plaintiff's state law claims are patently frivolous. Id. That Defendants may produce facts in their favor, that would presumably be disputed by Plaintiff, does not necessitate retention of this purely state law matter.

Finally, this Court declines to dismiss this matter pursuant to Federal Rule of Civil Procedure 41(a)(2). It is clear that this Court has no subject matter jurisdiction over the remaining claims; and, this Court declines to exercise supplemental jurisdiction. As such, it is unnecessary to rely on Rule 41 for dismissal of this action.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss Without Prejudice filed by Plaintiff [Doc. 120] is GRANTED. This matter is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367.

Entered this 7th day of August, 2008

                                                s/ Joe B. McDade
                                                JOE BILLY MCDADE
                                           United States District Judge